# 25-1505-cr

# United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

JOHN GALANIS, JARED GALANIS, GARY HIRST,
DEREK GALANIS, YMER SHAHINI, GAVIN HAMELS,

*Defendants,*

JASON GALANIS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## **APPENDIX**

DAVID TOUGER
PELUSO & TOUGER LLP
*Attorneys for Defendant-Appellant*
70 Lafayette Street, Suite 2
New York, New York 10013
(212) 608-1234

CP COUNSEL PRESS     (800) 4-APPEAL • (382753)

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Criminal Court Docket Entries ................................. | A-1 |
| Letter from David Touger to the Honorable P. Kevin Castel, dated April 3, 2025 ......................... | A-53 |
| Exhibit A to Letter - Executive Grant of Clemency, dated March 20, 2025 ...................................... | A-54 |
| Letter from David Touger to the Honorable P. Kevin Castel, dated April 3, 2025 and So-Ordered April 8, 2025 ......................................... | A-56 |
| Sealed Stamped Executive Grant of Clemency, dated March 20, 2025, dated March 28, 2025 ................ | A-59 |
| Defendant's Letter Motion, dated May 1, 2025......... | A-61 |
| Government's Letter Motion, dated May 1, 2025 ..... | A-68 |
| So-Ordered Government's Letter Motion, dated May 1, 2025............................................................ | A-69 |
| Government's Letter Motion, dated May 7, 2025 ..... | A-70 |
| So-Ordered Government's Letter Motion, dated May 8, 2025............................................................ | A-71 |
| Government's Memorandum of Law, in Opposition of Motion for Return of Payments, dated May 15, 2025 ............................................. | A-72 |
| Exhibit A to Memorandum of Law - Payment History Reports for Jason Galanis.......... | A-78 |
| Defendant's Letter Motion, dated May 16, 2025....... | A-81 |

So-Ordered Letter from David Touger to the
Honorable P. Kevin Castel, dated May 17, 2025 ..    A-82

Defendant's Letter Motion, dated May 21, 2025.......    A-83

Decision and Order of the Honorable P. Kevin
Castel, dated June 11, 2025, Appealed From ........    A-94

Notice of Appeal, dated June 13, 2025 ......................    A-105

A-1

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00643-PKC-1

Case title: USA v. Galanis et al             Date Filed: 09/21/2015

Date Terminated: 09/29/2020

Assigned to: Judge P. Kevin Castel

**Defendant (1)**

| | | |
|---|---|---|
| **Jason Galanis** <br> *TERMINATED: 09/29/2020* | represented by | **Aaron K. McClellan** <br> Murphy, Pearson, Bradley & Feeney <br> 88 Kearny Street, 10th Floor <br> San Francisco, CA 94108 <br> (415) 788-1900 <br> Fax: (415) 393-8087 <br> Email: amcclellan@mpbf.com <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |
| | | **Lisa Scolari** <br> Law Office of Lisa Scolari <br> 20 Vesey Street Suite 400 <br> New York, NY 10007 <br> 212-227-8899 <br> Fax: 212-964-2926 <br> Email: scolarilaw@gmail.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |
| | | **Thomas P. Mazzucco** <br> Murphy, Pearson, Bradley & Feeney <br> 88 Kearny Street, 10th Floor <br> San Francisco, CA 94108 <br> (415) 788-1900 <br> Fax: (415) 393-8087 <br> Email: tmazzucco@mpbf.com <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |

A-2

**Christopher Paul Madiou**
Christopher Madiou
50 Broad Street
Suite 1609
New York, NY 10004
917-408-6484
Fax: 212-571-9149
Email: chris@madioulaw.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Daniel Nooter**
Daniel S. Nooter, Esq.
1380 Monroe Street, N.W., # 427
Washington, DC 20010
202-215-0512
Email: dannooteresq@gmail.com
*ATTORNEY TO BE NOTICED*

**David Touger**
Peluso & Touger
70 Lafayette Street
New York, NY 10013
212-608-1234
Fax: 212-513-1989
Email: dtouger@aol.com
*ATTORNEY TO BE NOTICED*

**Nicholas C Larson**
Murphy, Pearson, Bradley & Feeney
88 Kearny Street, 10th Floor
San Francisco, CA 94108
(415) 788-1900
Fax: (415) 393-8087
Email: nlarson@mpbf.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Robert Grand**
Morvillo, Abramowitz, Grand, Iason, &
Anello P.C.
565 5th Avenue
New York, NY 10017
(212) 856-9600
Fax: (212) 856-9494
Email: pgrand@maglaw.com
*Designation: Retained*

**<u>Pending Counts</u>**        **<u>Disposition</u>**

A-3

| | |
|---|---|
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD<br>(1s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD)<br>(2s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |
| 15:80B.F DISCLOSURE OF INFORMATION BY COMMISSION (INVESTMENT ADVISER FRAUD)<br>(3s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |
| 18:371.F CONSPIRACY TO COMMIT INVESTMENT ADVISER FRAUD<br>(4s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD<br>(5s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD)<br>(6s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |

A-4

| | |
|---|---|
| 18:371.F CONSPIRACY TO COMMIT INVESTMENT ADVISER FRAUD (7s) | Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD (1) | Underlying indictments counts are dismissed on the motion of the US |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (2) | Underlying indictments counts are dismissed on the motion of the US |
| 18:1349.F ATTEMPT AND CONSPIRACY TO COMMIT WIRE FRAUD (3) | Dismissed. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (4) | Dismissed. |
| 15:80B.F DISCLOSURE OF INFORMATION BY COMMISSION (INVESTMENT ADVISER FRAUD) (5) | Underlying indictments counts are dismissed on the motion of the US |
| 15:80B.F DISCLOSURE OF INFORMATION BY COMMISSION (INVESTMENT ADVISER FRAUD) (6-7) | Dismissed. |
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD (8) | Underlying indictments counts are dismissed on the motion of the US |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (9) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

A-5

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**Luis R Mejia**      represented by    **Jalina J Hudson**
Perkins Coie LLP
30 Rockerfeller Plaza
New York, NY 10112
(212)-261-6856
Fax: (212)-399-8056
Email: jalina.hudson@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**ECC SPE LLC**      represented by    **Dani Lev Schwartz**
Rosenberg & Estis, P.C.
733 3rd Avenue
New York, NY 10017
212-867-6000
Fax: 212-551-8484
Email: dschwartz@rosenbergestis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**Lawrence Share**      represented by    **Alexander Herman Shapiro**
Ford O'Brien Landy LLP
275 Madison Avenue
Ste Fl. 24
New York, NY 10016
212-858-0040
Email: ashapiro@fordobrien.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

A-6

**USA**     represented by    **Andrew Bauer**
Arnold & Porter Kaye Scholer LLP
(NYC)
250 West 55th Street
New York, NY 10019
212-836-8000
Fax: 212-836-8689
Email: Andrew.Bauer@apks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Roger Blais**
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
(212)-637-2521
Fax: (212)-637-2527
Email: brian.blais@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dina McLeod**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-1040
Email: dina.mcleod@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aimee Hector**
U.S. Attorney's Office, SDNY (St
Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2203
Fax: (212) 637-2937
Email: aimee.hector@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Dana R. McCann**
DOJ-USAO
26 Federal Plaza
New York, NY 10278
212-637-2308
Email: Dana.McCann@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Edward B. Diskant**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza

A-7

New York, NY 10007
(212) 637-2294
Fax: (212) 637-2527
Email: ediskant@mwe.com
*ATTORNEY TO BE NOTICED*

**Rebecca Gabrielle Mermelstein**
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2360
Fax: (212) 637-2937
Email: rmermelstein@omm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2015 | 2 | SEALED INDICTMENT as to Sealed Defendant 1 (1) count(s) 1, 2, 3, 4, 5-7, 8, 9, Sealed Defendant 2 (2) count(s) 1, 2, 3, 4, Sealed Defendant 3 (3) count(s) 1, 2, 3, 4, 5-6, 8, 9, Sealed Defendant 4 (4) count(s) 1, 2, 3, 4, Sealed Defendant 5 (5) count(s) 1, 2, 3, 4, Sealed Defendant 6 (6) count(s) 1, 2, 3, 4, Sealed Defendant 7 (7) count(s) 1, 2, 5. (jm) (Entered: 09/24/2015) |
| 09/22/2015 | 1 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/24/2015) |
| 09/24/2015 | 3 | Order to Unseal Indictment as to Sealed Defendant 1, Sealed Defendant 2, Sealed Defendant 3, Sealed Defendant 4, Sealed Defendant 5, Sealed Defendant 6, Sealed Defendant 7. (Signed by Magistrate Judge Ronald L. Ellis on 9/24/15)(jm) (Entered: 09/24/2015) |
| 09/24/2015 | | INDICTMENT UNSEALED as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (jm) (Entered: 09/24/2015) |
| 09/24/2015 | | Case Designated ECF as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (jm) (Entered: 09/24/2015) |
| 09/24/2015 | | Case as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels ASSIGNED to Judge Judge P. Kevin Castel. Judge Judge Unassigned no longer assigned to the case. (jm) (Entered: 09/24/2015) |
| 09/24/2015 | | Attorney update in case as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Attorney Brian Roger Blais,Andrew Bauer,Dina McLeod for USA added. (jm) (Entered: 09/24/2015) |
| 09/24/2015 | | Arrest of Jason Galanis (1). [*** NOTE: Refer to Disposition Sheet for Rule 9 Proceeding held on 9/24/2015. ***] (bw) (Entered: 09/25/2015) |
| 09/24/2015 | 11 | NOTICE OF ATTORNEY APPEARANCE: Paul Robert Grand appearing for Jason (15-Cr-643-01) Galanis. (bw) (Entered: 09/25/2015) |
| 09/24/2015 | | Minute Entry on "Disposition Sheet" for proceedings held before Magistrate Judge Ronald L. Ellis: Initial Appearance as to Jason Galanis (1) held on 9/24/2015. Date of Arrest: 9/24/2015 9 AM. Time of Presentment: 9/24/2015 3:42 |

A-8

SDNY CM/ECF NextGen Version 1.8.3    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | PM. AUSA Andrew Bauer, Brian Blais. Defense Counsel Paul Grand (Retained)-Bail only. Proceeding: Rule 9. BAIL DISPOSITION: Agreed conditions of release; $10M PRB; 4 FRP; secured by Property: $3M in equity (260 W. Bdway, Unit 1, NY, NY); travel restricted to SDNY/EDNY/C.D. California, N.D. California and travel points; surrender travel documents (& no new applications)-Passport surrendered; regular pretrial supervision. Other Conditions: Disclose if serving as officer, director, consultant, advisor, investment banker. Defendant to be released on own signature; remaining conditions to be met by 10-8-2015. ADDITIONAL PROCEEDINGS: Conference before District Judge on 10-7-2015 Noon. Speedy Trial Time excluded under 18 U.S.C. Section 3161(h)(7) until 10-7-2015. (bw) (Entered: 09/25/2015) |
| 09/24/2015 | | ORAL ORDER as to Jason Galanis (1). Time excluded from 9/24/2015 until 10/7/2015. Pretrial Conference set for 10/7/2015 at 12:00 PM before Judge P. Kevin Castel. (By Magistrate Judge Ronald L. Ellis on 9/24/2015) (bw) (Entered: 09/25/2015) |
| 09/24/2015 | 92 | PRB Bond Entered as to Jason Galanis in amount of $ $10,000,000.00. $10 MILLION PRB TO BE CO-SIGNED BY 4 FINANCIALLY RESPONSIBLE PERSONS; SECURED BY PROPERTY; $3 MILLION IN EQUITY, 260 W. BROADWAY, UNIT 1, NY, NY; TRAVEL LIMITED TO SDNY/EDNY; CENTRAL AND NORTHERN DISTRICT OF CALIFORNIA AND TRAVEL POINTS; SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS); PASSPORT SURRENDERED; REGULAR PRETRIAL SUPERVISION; DISCLOSE IF SERVING AS OFICER, DIRECTOR, CONSULTANT, ADVISOR, INVESTMENT BANKER; DEFT TO BE RELEASED ON OWN SIGNATURE; REMAINING CONDITIONS TO BE MET BY 10/8/15. BAIL MODIFIED BY JUDGE CASTEL: DEFENDANT IS GRANTED A TWO WEEK EXTENSION TO MEET BAIL CONDITIONS FROM NOVEMBER 23, 2015 TO DECEMBER 7, 2015. (Attachments: # 1 Part 2)(ft) (Entered: 12/08/2015) |
| 10/02/2015 | 17 | MOTION for Aaron K. McClellan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11463496. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 10/7/2015 at 12:00 PM. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(McClellan, Aaron) (Entered: 10/02/2015) |
| 10/02/2015 | 18 | MOTION for Kevin V. Ryan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11463894. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 10/7/2015 at 12:00 PM. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Ryan, Kevin) (Entered: 10/02/2015) |
| 10/02/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 18 MOTION for Kevin V. Ryan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11463894. Motion and supporting papers to be reviewed by Clerk's Office staff., 17 MOTION for Aaron K. McClellan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11463496. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies.** |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | **(bcu)** (Entered: 10/02/2015) |
| 10/02/2015 | 19 | MOTION for Thomas P. Mazzucco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11465371. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 10/7/2015 at 12:00 PM. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Mazzucco, Thomas) (Entered: 10/02/2015) |
| 10/05/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 19 MOTION for Thomas P. Mazzucco to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11465371. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 10/05/2015) |
| 10/05/2015 | 21 | NOTICE OF ATTORNEY APPEARANCE: Daniel Fierman Wachtell appearing for Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Appearance Type: Retained. *Local counsel to John Galanis* (Wachtell, Daniel) (Entered: 10/05/2015) |
| 10/06/2015 | 25 | ORDER FOR ADMISSION PRO HAC VICE: as to (15-Cr-643-01) Jason Galanis. The motion of Aaron K. McClellan, for admission to practice Pro Hac Vice in the above captioned action is granted. Applicant has declared that he/she is a member in good standing of the bar(s) of the state(s) of California; and that his/her contact information is as follows...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Jason Galanis in the above entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hae Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge P. Kevin Castel on 10/6/2015) (bw) (Entered: 10/06/2015) |
| 10/06/2015 | 27 | ORDER FOR ADMISSION PRO HAC VICE: as to (15-Cr-643-01) Jason Galanis. The motion of Thomas P. Mazzucco, for admission to practice Pro Hac Vice in the above captioned action is granted. Applicant has declared that he/she is a member in good standing of the bar(s) of the state(s) of California; and that his/her contact information is as follows...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Jason Galanis in the above entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hae Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge P. Kevin Castel on 10/6/2015) (bw) (Entered: 10/06/2015) |
| 10/07/2015 | 30 | LETTER by USA as to Jason Galanis, Jared Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated October 7, 2015 re: Enclosing Proposed Bail Modification Orders Document filed by USA. (Attachments: # 1 Exhibit A (Proposed Order as to Jason Galanis), # 2 Exhibit B (Proposed Order as to Jared Galanis), # 3 Exhibit C (Proposed Order as to Derek Galanis))(Blais, Brian) (Entered: 10/07/2015) |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 10/07/2015 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Arraignment as to Jason Galanis (1) Count 1,2,3,4,5-7,8,9 and John Galanis (2) Count 1,2,3,4 and Jared Galanis (3) Count 1,2,3,4,5-6,8,9 and Gary Hirst (4) Count 1,2,3,4 and Derek Galanis (5) Count 1,2,3,4 and Gavin Hamels (7) Count 1,2,5 held on 10/7/2015. Plea entered by Jason Galanis (1) Count 1,2,3,4,5-7,8,9 and John Galanis (2) Count 1,2,3,4 and Jared Galanis (3) Count 1,2,3,4,5-6,8,9 and Gary Hirst (4) Count 1,2,3,4 and Derek Galanis (5) Count 1,2,3,4 and Gavin Hamels (7) Count 1,2,5 Not Guilty. Defendants: Jason Galanis (1), John Galanis (2), Jared Galanis (3), Gary Hirst (4), Derek Galanis (5), Gavin Hamels (7), present with their attorneys, have reviewed the Indictment, waive the public reading and plead not guilty. Curcio Hearing is scheduled for October 27, 2015 at 2:30 p.m. The next conference is scheduled for January 15, 2016 at 12:00 p.m. Final Pretrial Conference is scheduled April 1, 2016 at 11:00 a.m. Trial is set for April 11, 2016 at 10:00 a.m. Government 404(b) evidence, any in limine motions, voir dire, and proposed jury instructions due February 19, 2016; defendant's response, including their proposed instructions, voir dire, and any motions in limine due March 4, 2016; government's reply due March 18, 2016. Time is excluded until the trial date of April 11, 2016 Defendants' bail conditions continue. (Curcio Hearing set for 10/27/2015 at 02:30 PM, Jury Trial set for 4/11/2016 at 10:00 AM, Pretrial Conference set for 4/1/2016 at 11:00 AM, Status Conference set for 1/15/2016 at 12:00 PM before Judge P. Kevin Castel.) (jbo) (Entered: 10/14/2015) |
| 10/08/2015 | 31 | ORDER as to (15-Cr-643-01) Jason Galanis....[See this Order]... WHEREAS, JASON GALANIS, the defendant was released on his own signature and was given until October 8, 2015 to meet the bail conditions; and WHEREAS, JASON GALANIS, the defendant, with the consent of the Government, has requested an additional week to meet the bail conditions; IT IS HEREBY ORDERED that JASON GALANIS, the defendant, shall have until October 15, 2015 to meet all of the bail conditions specified above. (Signed by Judge P. Kevin Castel on 10/7/2015)(bw) (Entered: 10/08/2015) |
| 10/08/2015 | 34 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 10/05/2015 re: Consideration for Reassignment . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 10/08/2015) |
| 10/09/2015 | 35 | MEMO ENDORSEMENT denying 34 LETTER MOTION filed by Jason Galanis (1) as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels, addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 10/05/2015 re: Consideration for Reassignment. For the foregoing reasons, defendant Jason Galanis respectfully requests consideration of the relatedness of these cases for the appropriate assignment of this case. ENDORSEMENT: Application DENIED. See Local Rule for the Division of Business at Preamble and at Rule 13(a)(2)(C). The Court also notes that, although the letter is dated October 5, it was not filed on ECF until October 8, after the Court set a trial date. SO ORDERED. (Signed by Judge P. Kevin Castel on 10/8/2015) (bw) (Entered: 10/09/2015) |
| 10/16/2015 | 39 | LETTER MOTION addressed to Judge P. Kevin Castel from Daniel Wachtell dated 10/16/2015 re: Extension of bail deadline . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, |

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | Ymer Shahini, Gavin Hamels. (Wachtell, Daniel) (Entered: 10/16/2015) |
| 10/16/2015 | 40 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated October 16, 2015 re: Analysis of Curcio Issues (including proposed Curcio script) Document filed by USA. (Blais, Brian) Modified on 10/16/2015 (ka). Modified on 10/16/2015 (kj). (Entered: 10/16/2015) |
| 10/16/2015 | 41 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 10/16/2015 re: Request for 2 week extension to meet bail conditions (with Government's consent) . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 10/16/2015) |
| 10/19/2015 | 42 | LETTER MOTION addressed to Judge P. Kevin Castel from Paul Grand dated 10/19/2015 re: Adjournment of Curcio hearing . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Wachtell, Daniel) (Entered: 10/19/2015) |
| 10/19/2015 | 43 | ENDORSED LETTER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Daniel Wachtell dated 10/16/2015 re: Extension of deadline to meet bail conditions. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 10/16/2015)(ft) (Entered: 10/19/2015) |
| 10/20/2015 | 44 | MEMO ENDORSEMENT granting 42 LETTER MOTION Adjournment of Conference as to Jason Galanis (1), John Galanis (2), Jared Galanis (3), Gary Hirst (4), Derek Galanis (5), Ymer Shahini (6), Gavin Hamels (7). ENDORSEMENT: Hearing adjourned from October 27 to Nov. 3, 2015 at 11:00 a.m. SO ORDERED. (Signed by Judge P. Kevin Castel on 10/19/2015) (ft) (Entered: 10/20/2015) |
| 10/20/2015 | | Set/Reset Deadlines/Hearings as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels: Curcio Hearing set for 11/3/2015 at 11:00 AM before Judge P. Kevin Castel. (ft) (Entered: 10/20/2015) |
| 10/20/2015 | 45 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION for Anthony J. Brass to Appear Pro Hac Vice *With Proposed Order*. Filing fee $ 200.00, receipt number 0208-11530500. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 11/3/2015 at 02:00 PM. (Brass, Anthony) Modified on 10/21/2015 (wb). (Entered: 10/20/2015) |
| 10/21/2015 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels to RE-FILE Document No. 45 FIRST MOTION for Anthony J. Brass to Appear Pro Hac Vice *With Proposed Order*. Filing fee $ 200.00, receipt number 0208-11530500. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of California;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued** |

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | **within the past 30 days - attach Proposed Order.. (wb)** (Entered: 10/21/2015) |
| 10/21/2015 | 47 | MOTION for Anthony J. Brass to Appear Pro Hac Vice *Corrected*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 11/3/2015 at 11:30 AM. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Brass, Anthony) (Entered: 10/21/2015) |
| 10/22/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 47 MOTION for Anthony J. Brass to Appear Pro Hac Vice *Corrected*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 10/22/2015) |
| 10/22/2015 | 48 | TRANSCRIPT of Proceedings as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Gavin Hamels re: Conference held on 10/7/15 before Judge P. Kevin Castel. Court Reporter/Transcriber: Martha Drevis, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2015. Redacted Transcript Deadline set for 11/27/2015. Release of Transcript Restriction set for 1/23/2016. (McGuirk, Kelly) (Entered: 10/22/2015) |
| 10/22/2015 | 49 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Gavin Hamels. Notice is hereby given that an official transcript of a Conference proceeding held on 10/7/15 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/22/2015) |
| 10/23/2015 | 50 | SECOND LETTER MOTION addressed to Judge P. Kevin Castel from Daniel Wachtell dated 10/23/2015 re: Extension of bail deadline . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Wachtell, Daniel) (Entered: 10/23/2015) |
| 10/27/2015 | 53 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. The Curcio Hearing originally scheduled for November 3, 2015 is adjourned to November 9, 2015 at 2:00 p.m. in Courtroom 11D. SO ORDERED. (Curcio Hearing set for 11/9/2015 at 02:00 PM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge P. Kevin Castel.) (Signed by Judge P. Kevin Castel on 10/27/2015)(ft) (Entered: 10/27/2015) |
| 10/30/2015 | 54 | ENDORSED LETTER as to Jason Galanis addressed to Judge P. Kevin Castel from Jillian B. Berman dated 10/29/2015 re: Mr. Hamels' attendance at conference. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 10/30/2015)(ft) (Entered: 10/30/2015) |
| 10/30/2015 | 57 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 10/30/15 re: Request for 10 day extension to meet bail |

SDNY CM/ECF NextGen Version 1.8.3　　　　　　　　https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | conditions (with Government's consent) *to 11/9/2015*. Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 11/9/2015 at 02:00 PM. (Mazzucco, Thomas) (Entered: 10/30/2015) |
| 11/03/2015 | 59 | MEMO ENDORSEMENT granting 57 LETTER MOTION filed by Jason Galanis (1), addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 10/30/2015 re: Request for 10 day extension to meet bail conditions (with Government's consent) to 11/9/2015. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 10/30/2015) (bw) (Entered: 11/03/2015) |
| 11/04/2015 | 60 | ENDORSED LETTER as to Jason Galanis addressed to Judge P. Kevin Castel from Kevin V. Ryan dated 10/30/2015 re: Excused from attending conference. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/4/2015)(ft) (Entered: 11/04/2015) |
| 11/04/2015 | 61 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 11/4/15 re: Request for 2 week extension to meet bail conditions (with Government's consent) *[to 11/23/2015]*. Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Return Date set for 11/9/2015 at 02:00 PM. (Mazzucco, Thomas) (Entered: 11/04/2015) |
| 11/04/2015 | 63 | LETTER by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Paul Grand dated 11/4/2015 re: Response to Government's October 16, 2015 Letter Seeking Disqualification of Counsel Document filed by John Galanis. (Wachtell, Daniel) (Entered: 11/04/2015) |
| 11/05/2015 | 64 | LETTER MOTION addressed to Judge P. Kevin Castel from Daniel Wachtell dated 11/5/2015 re: Request for two-week extension of deadline to meet bail conditions . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Wachtell, Daniel) (Entered: 11/05/2015) |
| 11/05/2015 | 65 | ENDORSED LETTER as to (15-Cr-643-1) Jason Galanis addressed to Judge P. Kevin Castel from Attorney Thomas P. Mazzucco dated November 4, 2015 re: We write, with the Government's consent, to respectfully request a two week extension from November 9, 2015 to November 23, 2015 for Jason Galanis to meet his bail conditions. ENDORSEMENT: Deadline for defendant Jason Galanis to meet bail conditions is extended from November 9, 2015 to November 23, 2015. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/5/2015)(bw) (Entered: 11/05/2015) |
| 11/09/2015 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Curcio Hearing as to Jason Galanis, John Galanis, Jared Galanis, Derek Galanis held on 11/9/2015. CURCIO HEARING: Defendant, Jason Galanis (1), with attys, Thomas P. Mazzucco and Aaron K. McClellan. Defendant, John Galanis (2), with attys, Paul Robert Grand and Daniel F. Wachtell. Defendant, Jared Galanis (3), with atty, James Lassart. Defendant, Derek Galanis (5), with atty, Anthony J. BrassAUSAs Brian Blais and Amy Hector, present. Ruling: Defendants, Jason Galanis and Jared Galanis - waiver of conflict of interest is knowing and intelligent and it is accepted (as to same firm representation). Defendant, Derek |

A-14

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | Galanis waiver of conflict of interest is knowing and intelligent and it is accepted (as to Ms. McEnroe). Curcio Hearing for defendant, John Galanis, will continue on December 8, 2015 at 2:30 p.m. (ajc) Modified on 11/12/2015 (ajc). Modified on 11/12/2015 (ajc). (Entered: 11/12/2015) |
| 11/19/2015 | 68 | TRANSCRIPT of Proceedings as to Jason Galanis re: Hearing held on 11/9/15 before Judge P. Kevin Castel. Court Reporter/Transcriber: Ellen Ford, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/20/2016. (McGuirk, Kelly) (Entered: 11/19/2015) |
| 11/19/2015 | 69 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Hearing proceeding held on 11/9/15 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/19/2015) |
| 11/19/2015 | 70 | DECLARATION of Meghann McEnroe by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. *In Support of Waiver of Conflict.* (Brass, Anthony) (Entered: 11/19/2015) |
| 11/23/2015 | 74 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 11/23/15 re: Request for 2 week extension to meet bail conditions (with Government's consent) to 12/7/15 . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 11/23/2015) |
| 11/23/2015 | 75 | LETTER MOTION addressed to Judge P. Kevin Castel from Kevin V. Ryan dated November 23, 2015 re: Leave to Withdraw As Counel and Request to Seal Declaration ISO Motion to Withdraw As Counsel . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Ryan, Kevin) (Entered: 11/23/2015) |
| 11/24/2015 | 78 | MEMO ENDORSEMENT granting 74 LETTER MOTION as to Jason Galanis (1). ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/23/2015) (ft) (Entered: 11/24/2015) |
| 11/24/2015 | 79 | MEMO ENDORSEMENT granting 75 LETTER MOTION as to Jason Galanis (1). ENDORSEMENT: File redacted version. Deliver unredacted version to Chambers. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/23/2015) (ft) (Entered: 11/24/2015) |
| 11/25/2015 | 80 | DECLARATION of Kevin V. Ryan in Support by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 75 LETTER MOTION addressed to Judge P. Kevin Castel from Kevin V. Ryan dated November 23, 2015 re: Leave to Withdraw As Counel and Request to Seal Declaration ISO Motion to Withdraw As Counsel .. (Ryan, Kevin) (Entered: 11/25/2015) |

6/25/2025, 9:20 AM

A-15

| | | |
|---|---|---|
| 12/02/2015 | 81 | PROTECTIVE ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge P. Kevin Castel on 12/2/2015)(ft) (Entered: 12/02/2015) |
| 12/02/2015 | 88 | ENDORSED LETTER as to Jason Galanis (1), John Galanis (2), Jared Galanis (3), Gary Hirst (4), Derek Galanis (5), Gavin Hamels (7) addressed to Judge P. Kevin Castel from Attorney Kevin V. Ryan dated December 2, 2015 re: I write on behalf of myself as co-counsel to John Galanis regarding the Curcio hearing currently set for December 8, 2015. ENDORSEMENT: The December 8, 2015 hearing relates to the representation of Mr. John Galanis for whom Mr. Ryan is also counsel of record. His presence is of use because he may advise his client on the wisdom of a waiver in the event the Court concludes that the conflict is waivable. Mr. Ryan is welcome to fax his unredacted declaration in support of his motion to withdraw to Chambers. I have not seen it and could not possibly know whether these are good grounds to support it. Mr. Ryan shall also file an affidavit of service of the unredacted motion to withdraw on his client and Mr. Grand. Application to dispense with Mr. Ryan's presence is DENIED. SO ORDERED. (Signed by Judge P. Kevin Castel on 12/2/2015)(bw) (Entered: 12/07/2015) |
| 12/03/2015 | 82 | LETTER by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Paul Grand dated 12/3/2015 re: Curcio Hearing Scheduled for December 9 Document filed by John Galanis. (Wachtell, Daniel) (Entered: 12/03/2015) |
| 12/03/2015 | 84 | LETTER MOTION addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 12/3/15 re: Request for 4 day extension to meet bail conditions (with Government's consent) to 12/11/15 . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 12/03/2015) |
| 12/04/2015 | 85 | LETTER MOTION addressed to Judge P. Kevin Castel from Paul Grand dated 12/4/2015 re: Extension of bail deadline . Document filed by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Wachtell, Daniel) (Entered: 12/04/2015) |
| 12/04/2015 | 86 | MEMO ENDORSEMENT granting 84 LETTER MOTION as to Jason Galanis (1). ENDORSEMENT: Application granted. The defendant, however, is on notice that the grant does not imply that the Court will grant any further extension, whether or not there is an agreement to sell the property. SO ORDERED. (Signed by Judge P. Kevin Castel on 12/4/2015) (ft) (Entered: 12/04/2015) |
| 12/07/2015 | 89 | TRANSCRIPT of Proceedings as to Jason Galanis re: Hearing held on 11/9/15 before Judge P. Kevin Castel. Court Reporter/Transcriber: Ellen Ford, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2015. Redacted Transcript Deadline set for 1/10/2016. Release of Transcript Restriction set for 3/9/2016. (McGuirk, Kelly) (Entered: 12/07/2015) |

SDNY CM/ECF NextGen Version 1.8.3     https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| 12/07/2015 | 90 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Hearing proceeding held on 11/9/15 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/07/2015) |
|---|---|---|
| 12/11/2015 | 96 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2015) |
| 12/11/2015 | 97 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2015) |
| 12/11/2015 | 98 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2015) |
| 12/11/2015 | 99 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2015) |
| 12/14/2015 | 100 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/14/2015) |
| 12/16/2015 | 102 | LETTER MOTION addressed to Judge P. Kevin Castel from James A. Lassart, Esq. dated 12/16/15 re: Issuance of Rule 17 subpoena to AT&T . Document filed by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Lassart, James) (Entered: 12/16/2015) |
| 12/18/2015 | 109 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/18/2015) |
| 12/24/2015 | 110 | LETTER MOTION addressed to Judge P. Kevin Castel from Anthony J. Brass dated 12/23/2015 re: Extension of time to satisfy bail conditions . Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Brass, Anthony) (Entered: 12/24/2015) |
| 12/28/2015 | 111 | LETTER by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Kevin V. Ryan dated Dec. 28, 2015 re: Attendance excuse from January 5, 2016 Curcio Hearing Document filed by John Galanis. (Ryan, Kevin) (Entered: 12/28/2015) |
| 12/28/2015 | 112 | MEMO ENDORSEMENT as to Jason Galanis. ENDORSEMENT: Mr. Ryan freely entered a notice of appearance in this case and remains counsel of record. He should be prepared to advise his client at the Curcio hearing regarding Mr. Grand's actual or potential conflict and trial is set for April 11, 2016 at 10:00 a.m. Mr. Ryan should be prepared to try the case for his client. Application denied. SO ORDERED. (Jury Trial set for 4/11/2016 at 10:00 AM before Judge P. Kevin Castel.) (Signed by Judge P. Kevin Castel on 12/28/2015)(ft) (Entered: 12/28/2015) |
| 12/30/2015 | 115 | LETTER by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Kevin V. Ryan dated Dec. 30, 2015 re: January 5, 2016 Curcio Hearing Postponement to January 29, 2016 Document filed by John Galanis. (Ryan, Kevin) (Entered: 12/30/2015) |
| 12/31/2015 | 117 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Nicholas C. Larson to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11789212. **Motion and supporting papers to be reviewed by Clerk's** |

| | | |
|---|---|---|
| | | **Office staff.** Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Supplement California Certificate of Good Standing, # 2 Supplement Washington Certificate of Good Standing)(Larson, Nicholas) Modified on 1/4/2016 (sdi). (Entered: 12/31/2015) |
| 01/04/2016 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice as to Jason Galanis to RE-FILE Document No. 117 MOTION for Nicholas C. Larson to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11789212. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Proposed Order;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (sdi)** (Entered: 01/04/2016) |
| 01/04/2016 | 118 | AMENDED MOTION for Nicholas C. Larson to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Text of Proposed Order Order for Admission Pro Hac Vice, # 2 Supplement Washington Certificate of Good Standing, # 3 Supplement California Certificate of Good Standing)(Larson, Nicholas) (Entered: 01/04/2016) |
| 01/04/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 118 AMENDED MOTION for Nicholas C. Larson to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/04/2016) |
| 01/05/2016 | 120 | ORDER FOR ADMISSION PRO HAC VICEgranting 118 Motion for Nicholas C. Larson to Appear Pro Hac Vice as to Jason Galanis (1), John Galanis (2), Jared Galanis (3), Gary Hirst (4), Derek Galanis (5), Ymer Shahini (6), Gavin Hamels. The motion of Nicholas C. Larson for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge P. Kevin Castel on 1/5/2016) (jw) (Entered: 01/05/2016) |
| 01/05/2016 | | Attorney update in case as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Attorney Nicholas C Larson for John Galanis,Nicholas C Larson for Jared Galanis,Nicholas C Larson for Gary Hirst,Nicholas C Larson for Derek Galanis,Nicholas C Larson for Ymer Shahini,Nicholas C Larson for Gavin Hamels added. (jw) (Entered: 01/05/2016) |
| 01/05/2016 | 121 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** AMENDED MOTION for Nicholas C. Larson to Appear Pro Hac Vice *For Deft JASON GALANIS ONLY.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis. (Attachments: # 1 Text of Proposed Order Order for Admission Pro Hac Vice, # 2 Supplement Washington Certificate of Good Standing, # 3 Supplement California Certificate of Good Standing)(Larson, Nicholas) Modified on 1/5/2016 (sdi). (Entered: 01/05/2016) |
| 01/05/2016 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels to RE-FILE Document** |

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | **No. 121 AMENDED MOTION for Nicholas C. Larson to Appear Pro Hac Vice** *For Deft JASON GALANIS ONLY.* **Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Duplicate filing;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (sdi)** (Entered: 01/05/2016) |
| 01/05/2016 | 122 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Nicholas C. Larson to Appear Pro Hac Vice - *CORRECTED.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis. (Attachments: # 1 Text of Proposed Order Corrected Order for Admission to Appear Pro Hac Vice, # 2 Supplement Certificate of Good Standing for State of Washington, # 3 Supplement Certificate of Good Standing for State of California) (Larson, Nicholas) Modified on 1/5/2016 (sdi). (Entered: 01/05/2016) |
| 01/05/2016 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels to RE-FILE Document No. 122 MOTION for Nicholas C. Larson to Appear Pro Hac Vice -** *CORRECTED.* **Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Duplicate filing;. (sdi)** (Entered: 01/05/2016) |
| 01/05/2016 | 123 | NOTICE OF ATTORNEY APPEARANCE Rebecca Gabrielle Mermelstein appearing for USA. (Mermelstein, Rebecca) (Entered: 01/05/2016) |
| 01/07/2016 | 124 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/07/2016) |
| 01/07/2016 | 125 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/07/2016) |
| 01/07/2016 | 126 | LETTER MOTION addressed to Judge P. Kevin Castel from Noam Biale dated 1/7/16 re: Request to Excuse Gary Hirst from Attendance at Status Conference . Document filed by Gary Hirst as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Biale, Noam) (Entered: 01/07/2016) |
| 01/11/2016 | 128 | NOTICE OF ATTORNEY APPEARANCE Aimee Hector appearing for USA. (Hector, Aimee) (Entered: 01/11/2016) |
| 01/12/2016 | 129 | LETTER by John Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Paul Grand dated 1/12/2016 re: Disqualification Order Document filed by John Galanis. (Wachtell, Daniel) (Entered: 01/12/2016) |
| 01/15/2016 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Status Conference as to Jason Galanis, John Galanis, Jared Galanis, Derek Galanis, Gavin Hamels held on 1/15/2016. -All defendants present with attorneys, except Gavin Hamels is excused, his attorneys are present. Motion to dismiss as to Jason Galanis file by January 29, 2016; govt response filed on February 10, 2016; def. reply file February 17, 2016. Motion to continue trial to be filed by January 22, 2016; response and any opposition to the exclusion of time under the Speedy Trial Act by January 29, 2016; defs reply February 1, 2016. Any other motions by any defendant may be filed by February 15, 2016; govt response by March 4, 2016, defs reply by March 11, 2016. -John Galanis appearing pro se completed financial |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | affidavit and David Touger is appointed CJA attorney for Mr. John Galanis is no longer appearing pro se. Kevin Ryan is relieved as counsel of record and standby counsel for John Galanis. Defendants bail conditions continue. (ajc) (Entered: 01/19/2016) |
| 01/15/2016 | | As to Jason Galanis: Motions to dismiss due by 1/29/2016. Defense reply due by 2/17/2016. Government response due by 2/10/2016. (Signed by Judge P. Kevin Castel on 1/15/16)(ajc) (Entered: 01/19/2016) |
| 01/15/2016 | | As to Jason Galanis, John Galanis, Jared Galanis, Derek Galanis, Gavin Hamels Motions to continue trial to be filed by 1/22/2016. Defendants reply due by 2/1/2016. Response and any opposition to the exclusion of time under Speedy Trial Act by 1/29/2016. (Signed by Judge P. Kevin Castel on 1/15/16)(ajc) (Entered: 01/19/2016) |
| 01/15/2016 | | As to Jason Galanis, John Galanis, Jared Galanis, Derek Galanis, Gavin Hamels Any other motions by any defendant may be filed by 2/15/2016. Defendant replies due by 3/11/2016. Government responses due by 3/4/2016. (Signed by Judge P. Kevin Castel on 1/15/16)(ajc) (Entered: 01/19/2016) |
| 01/20/2016 | 134 | TRANSCRIPT of Proceedings as to Jason Galanis re: Initial Appearance held on 9/24/15 before Magistrate Judge Ronald L. Ellis. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/16/2016. Redacted Transcript Deadline set for 2/25/2016. Release of Transcript Restriction set for 4/22/2016. (do) (Entered: 01/20/2016) |
| 01/20/2016 | 135 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Initial Appearance proceeding held on 9/24/15 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (do) (Entered: 01/20/2016) |
| 01/22/2016 | 139 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION to Continue *Jury Trial*. Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Brass, Anthony) Modified on 1/25/2016 (ka). (Entered: 01/22/2016) |
| 01/22/2016 | 140 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Continue *April 11, 2016 Trial Date*. Document filed by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Affidavit Declaration of James A. Lassart in Support of Motion to Continue April 11, 2016 Trial Date)(Lassart, James) Modified on 1/25/2016 (ka). (Entered: 01/22/2016) |
| 01/22/2016 | 141 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE of Joinder to Motion to Continue April 11, 2016 Trial Date (Dkt No. 140) Filed by Defendant Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 140 MOTION to Continue *April 11, 2016 Trial Date*.. (Mazzucco, Thomas) Modified |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | on 1/25/2016 (ka). (Entered: 01/22/2016) |
| 01/22/2016 | 142 | LETTER MOTION addressed to Judge P. Kevin Castel from Jillian B. Berman dated January 22, 2016 re: Request for Continuance . Document filed by Gavin Hamels as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Berman, Jillian) (Entered: 01/22/2016) |
| 01/25/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels: Notice to Attorney James Antone Lassart to RE-FILE Document 140 MOTION to Continue April 11, 2016 Trial Date. ERROR(S): Filing Error of Attachments. Supporting Declaration must be filed individually. Event code located under Replies, Opposition and Supporting Documents.***NOTE: Separate docket entry for each. (ka) (Entered: 01/25/2016) |
| 01/25/2016 | | NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels: Notice to Attorney Thomas P. Mazzucco to RE-FILE Document 141 Notice (Other). Use the event type Joinder found under the event list Motions.***NOTE: Link Joinder to re-filed, which was filed in error, doc,#140 (ka) (Entered: 01/25/2016) |
| 01/25/2016 | 143 | MOTION to Continue Jury Trial. Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Brass, Anthony) (Entered: 01/25/2016) |
| 01/25/2016 | 145 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/25/2016) |
| 01/25/2016 | 146 | MOTION to Continue April 11, 2016 Trial Date. Document filed by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Lassart, James) (Entered: 01/25/2016) |
| 01/25/2016 | 147 | DECLARATION of James A. Lassart, Esq. in Support by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 146 MOTION to Continue April 11, 2016 Trial Date.. (Lassart, James) (Entered: 01/25/2016) |
| 01/25/2016 | 148 | MOTION for Joinder with 146 MOTION to Continue April 11, 2016 Trial Date. . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 01/25/2016) |
| 01/27/2016 | 153 | TRANSCRIPT of Proceedings as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: Conference held on 1/15/16 before Judge P. Kevin Castel. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2016. Redacted Transcript Deadline set for 3/3/2016. Release of Transcript Restriction set for 4/29/2016. (Siwik, Christine) (Entered: 01/27/2016) |
| 01/27/2016 | 154 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | Notice is hereby given that an official transcript of a Conference proceeding held on 1/15/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Siwik, Christine) (Entered: 01/27/2016) |
| 01/29/2016 | 155 | RESPONSE to Motion by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Gavin Hamels re: 143 MOTION to Continue *Jury Trial*., 151 FIRST MOTION to Continue *Trial Date*., 142 LETTER MOTION addressed to Judge P. Kevin Castel from Jillian B. Berman dated January 22, 2016 re: Request for Continuance ., 148 MOTION for Joinder with 146 MOTION to Continue *April 11, 2016 Trial Date*. ., 146 MOTION to Continue *April 11, 2016 Trial Date*.. (Blais, Brian) (Entered: 01/29/2016) |
| 02/02/2016 | 156 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. The trial is scheduled for April 11, 2016 at 10:00 a.m. and that date remains. Defendants have moved for a continuance and the Court has the matter under advisement. One consideration in deciding whether to move the trial date is whether a date can be conveniently set that would ensure the right of the public to a speedy trial, as well as the right of the defendants to a speedy trial. By February 5, 2016, each party should advise the Court in writing whether the party (1) is available to try the case starting on September 12, 2016 at 10:00 am (and ifa party is not, providing details of the reason for the lack of availability, including name of case, court and docket number); and (2) consents to the exclusion of time until September 12, 2016 under the Speedy Trial Act for the reasons stated in the motions for a continuance. SO ORDERED. (Signed by Judge P. Kevin Castel on 2/2/2016)(ft) (Entered: 02/02/2016) |
| 02/02/2016 | 157 | LETTER by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from James A. Lassart, Esq. dated 2/2/16 re: Availability for 9/12/16 Trial Document filed by Jared Galanis. (Lassart, James) (Entered: 02/02/2016) |
| 02/02/2016 | 158 | LETTER by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Thomas P. Mazzucco, Esq. dated 2/2/16 re: Availability for 9/12/16 Trial Document filed by Jason Galanis. (Mazzucco, Thomas) (Entered: 02/02/2016) |
| 02/02/2016 | 159 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated February 2, 2016 re: Response to the Court's February 2, 2016 Order Regarding Availability for Trial Document filed by USA. (Blais, Brian) (Entered: 02/02/2016) |
| 02/03/2016 | 161 | LETTER by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Anthony J. Brass dated February 3, 2016 re: Availability for Trial Document filed by Derek Galanis. (Brass, Anthony) (Entered: 02/03/2016) |
| 02/04/2016 | 163 | LETTER by Gavin Hamels as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Jillian B. Berman dated February 4, 2016 re: Trial Availability |

A-22

| | | Document filed by Gavin Hamels. (Berman, Jillian) (Entered: 02/04/2016) |
|---|---|---|
| 02/05/2016 | 164 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels ( Replies due by 3/28/2016., Responses due by 3/21/2016, Pretrial Conference set for 9/1/2016 at 11:00 AM before Judge P. Kevin Castel.)Upon the application of defendants, with no objection from the government, the trial scheduled to commence on April 11, 2016 at 10:00 a.m. is adjourned to September 12, 2016 at 10:00 a.m. in Courtroom 11D. I find that the ends of justice will be served by granting a continuance and that taking such action outweighs the best interest of the public and the defendants in a speedy trial. My reasons for this finding are that the grant of the continuance is needed to allow defense counsel to adequately prepare for trial in this case in which the volume of document production is substantial. Accordingly, the time between today and September 12, 2016 is excluded. (Signed by Judge P. Kevin Castel on 2/5/16)(jw) (Entered: 02/05/2016) |
| 02/24/2016 | 166 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/24/2016) |
| 03/02/2016 | 167 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. If the government is not able to comply with its discovery obligations, then the law does not permit it to proceed with the prosecution. The government shall submit to this Court, no later than April 8, 2016, the date by which it expects to complete its Rule 16 discovery, and the production of any presently known Brady and Giglio material. SO ORDERED. (Signed by Judge P. Kevin Castel on 3/2/2016)(ft) (Entered: 03/02/2016) |
| 03/10/2016 | 168 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. All motions by defendants, except in limine motions, shall be filed by March 25, 2016. The government's response shall be filed by April 15, 2016. Defendants' replies, if any, shall be filed by April 22, 2016. The schedule for the parties' in limine motions, together with voir dire request and proposed jury instructions, remains in effect. (Dkt. No. 164.) The Final Pretrial Conference remains scheduled for September 1, 2016 at 11:00 a.m. SO ORDERED. (Motions due by 3/25/2016, Replies due by 4/22/2016, Responses due by 4/15/2016, Pretrial Conference set for 9/1/2016 at 11:00 AM before Judge P. Kevin Castel.) (Signed by Judge P. Kevin Castel on 3/9/2016)(ft) (Entered: 03/10/2016) |
| 03/17/2016 | 170 | SEALED DOCUMENT placed in vault. (mps) (Entered: 03/17/2016) |
| 04/08/2016 | 171 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated April 8, 2016 re: Updating the Court as to the Status of Discovery as per the Court's March 2, 2016 Order Document filed by USA. (Blais, Brian) (Entered: 04/08/2016) |
| 05/04/2016 | 174 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/04/2016) |
| 05/04/2016 | 175 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/04/2016) |
| 05/12/2016 | 178 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated May 12, 2016 re: Advising the Court of the Arrest of Certain Defendants Document filed by USA. (Attachments: # 1 Exhibit A, part 1 (Complaint -16 Mag. 2978), # 2 Exhibit A, part 2)(Blais, Brian) |

| | | |
|---|---|---|
| | | (Entered: 05/12/2016) |
| 05/12/2016 | 179 | ENDORSED LETTER as to Jason Galanis (1), John Galanis (2) addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated May 12, 2016 re: The Government writes to advise the Court that three of the defendants charged in the indictment in the above-captioned matter (the "Indictment") - Jason Galanis, John Galanis and Gary Hirst - were arrested yesterday pursuant to a complaint filed in this district that was unsealed yesterday (the "Complaint"). The Complaint, which bears the docket number 16-Mag-2978, is attached hereto as Exhibit A. ENDORSEMENT: There will be a bail hearing as to Jason Galanis and John Galanis on May 17, 2016 at 3 p.m. SO ORDERED: (Signed by Judge P. Kevin Castel on 5/12/2016)(bw) (Entered: 05/12/2016) |
| 05/13/2016 | 181 | ENDORSED LETTER as to Jason Galanis addressed to Judge P. Kevin Castel from Thomas P. Mazzucco dated 5/13/2016 re: Adjournment of Hearing. ENDORSEMENT: Application for adjournment denied. The hearing for May 17 at 3pm for Jason Galanis stands. (Signed by Judge P. Kevin Castel on 5/13/2016) (ft) (Entered: 05/13/2016) |
| 05/17/2016 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Bond Hearing as to Jason Galanis held on 5/17/2016. Defendant, Jason Galanis is present with attorneys Marion Bachrach, Andy Oh, Thomas Mazzucco and Aaaron McClellan. AUSAs Brian Blais, Rebecca Mermelstein, Aimee Hector, present. Shannon Bieniek FBI, present. Tiffany Francis and Rena Bolin pretrial services, present. Bail is revoked and Jason Galanis is remanded into custody. (jbo) (Entered: 05/17/2016) |
| 05/18/2016 | 182 | DETENTION ORDER PENDING TRIAL: as to (15-Cr-643-01) Jason Galanis. (Signed by Judge P. Kevin Castel on 5/17/2016)(bw) (Entered: 05/18/2016) |
| 05/31/2016 | 183 | NOTICE OF APPEAL (Interlocutory) by Jason Galanis from 182 Order of Detention. Filing fee $ 505.00, receipt number 465401154052. (nd) (Entered: 06/01/2016) |
| 06/01/2016 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Jason Galanis to US Court of Appeals re: 183 Notice of Appeal - Interlocutory. (nd) (Entered: 06/01/2016) |
| 06/01/2016 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Jason Galanis re: 183 Notice of Appeal - Interlocutory were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/01/2016) |
| 06/01/2016 | 184 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. On May 17, 2016, this Court held a bail revocation hearing for defendant Jason Galanis pursuant to 18 U.S.C. § 3148(b). The Court concluded that the revocation of bail was appropriate and defendant was remanded to the custody of the United States Marshal for the Southern District of New York for detention pending trial. Defendant now requests that this Court stay its order of detention pending appeal. For the following reasons, defendant's request for a stay is denied....[See this Order]... CONCLUSION: For the foregoing reasons, defendant's application for a stay is DENIED. In addition, defendant's application to file its letter motion under seal is GRANTED in part. Defendant shall file a redacted version of the letter on the docket by June 3, 2016. |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | SO ORDERED. (Signed by Judge P. Kevin Castel on 6/1/2016)(bw) (Entered: 06/01/2016) |
| 06/01/2016 | | Set/Reset Deadlines/Hearings as to Jason Galanis (1): Brief due by 6/3/2016. [*** NOTE: Refer to Order, doc.#184. ***] (bw) (Entered: 06/01/2016) |
| 06/01/2016 | 185 | TRANSCRIPT of Proceedings as to Jason Galanis re: Conference held on 5/17/16 before Judge P. Kevin Castel. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/27/2016. Redacted Transcript Deadline set for 7/8/2016. Release of Transcript Restriction set for 9/2/2016. (McGuirk, Kelly) (Entered: 06/01/2016) |
| 06/01/2016 | 186 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Conference proceeding held on 5/17/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/01/2016) |
| 06/03/2016 | 187 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/03/2016) |
| 06/03/2016 | 188 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** REDACTION byJason Galanis as toJason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels (Attachments: # 1 Exhibit A [5.18.16 Order], # 2 Exhibit B [5.17.16 Transcript])(Mazzucco, Thomas) Modified on 6/6/2016 (ka). (Entered: 06/03/2016) |
| 06/03/2016 | 189 | PROPOSED EXAMINATION OF JURORS by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis. (Blais, Brian) (Entered: 06/03/2016) |
| 06/03/2016 | 190 | Request To Charge by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis. (Blais, Brian) (Entered: 06/03/2016) |
| 06/03/2016 | 191 | MOTION in Limine . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis. (Attachments: # 1 Exhibit A (filed under seal), # 2 Exhibit B (filed under seal))(Blais, Brian) (Entered: 06/03/2016) |
| 06/06/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels: Notice to Attorney Thomas P. Mazzucco to RE-FILE Document 188 Redacted Document. Use the event type Letter found under the event list Other Documents. (ka)** (Entered: 06/06/2016) |
| 06/06/2016 | 192 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/06/2016) |
| 06/06/2016 | 193 | LETTER by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Marion Bachrach, Esq. dated 5/27/16 re: Stay of Detention Order Pending Appeal Document filed by Jason Galanis. (Attachments: # 1 Exhibit A [5.18.16 Order], # 2 Exhibit B [5.17.16 Transcript])(Mazzucco, Thomas) |

6/25/2025, 9:20 AM

| | | |
|---|---|---|
| | | (Entered: 06/06/2016) |
| 06/15/2016 | 194 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 195 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 196 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 197 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 198 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 199 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/15/2016 | 200 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/15/2016) |
| 06/17/2016 | 202 | Proposed Jury Instructions by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Lassart, James) (Entered: 06/17/2016) |
| 06/17/2016 | 203 | PROPOSED EXAMINATION OF JURORS by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Exhibit A - Proposed Juror Questionnaire)(Lassart, James) (Entered: 06/17/2016) |
| 06/17/2016 | 204 | MOTION for Joinder with 203 Proposed Examination of Jurors, 202 Proposed Jury Instructions . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 06/17/2016) |
| 06/20/2016 | 208 | LETTER MOTION addressed to Judge P. Kevin Castel from Michael Tremonte dated June 20, 2016 re: respectfully requesting reconsideration of the Court's June 20, 2016 Order . Document filed by Gary Hirst as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Biale, Noam) (Entered: 06/20/2016) |
| 06/30/2016 | 212 | REPLY MEMORANDUM OF LAW in Support by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 191 MOTION in Limine . . (Hector, Aimee) (Entered: 06/30/2016) |
| 07/05/2016 | 213 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSAs Rebecca Mermelstein, Brian Blais and Aimee Hector dated 7/5/2016 re: Deadline for Government Opp. to Hirst Motion . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 07/05/2016) |
| 07/21/2016 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Change of Plea Hearing as to Jason Galanis held on 7/21/2016. Plea entered by Jason Galanis (1) Guilty as to Count 1,2,5,8. Defendant appears with attorney Thomas Mazzucco. A.U.S.A. Aimee Hector present for the Government. Court Reporter present. Defendant withdraws plea of not guilty and enters a plea of Guilty to Count One, Two, Five and Eight. Magistrate Judge Netburn recommends that Judge Castel accept the plea. PSI Ordered. Control Date 12/9/2016. Detained. (jbo) (Entered: 07/22/2016) |
| 07/21/2016 | | Order of Referral to Probation for Presentence Investigation and Report as to Jason Galanis. (Signed by Magistrate Judge Sarah Netburn on 7/21/16)(jbo) |

A-26

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

|  |  |  |
|---|---|---|
|  |  | (Entered: 07/22/2016) |
| 07/22/2016 |  | Change of Not Guilty Plea to Guilty Plea as to Jason Galanis (1) Count 1,2,5,8. (jbo) (Entered: 07/22/2016) |
| 07/26/2016 | 215 | ORDER as to Jason Galanis. IT IS HEREBY ORDERED that the defendant's guilty plea is accepted. (Signed by Judge P. Kevin Castel on 7/25/2016)(ft) (Entered: 07/26/2016) |
| 08/02/2016 | 219 | Proposed Jury Instructions by Jared Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Lassart, James) (Entered: 08/02/2016) |
| 08/09/2016 | 220 | TRANSCRIPT of Proceedings as to Jason Galanis re: Plea held on 7/21/16 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/2/2016. Redacted Transcript Deadline set for 9/12/2016. Release of Transcript Restriction set for 11/10/2016. (McGuirk, Kelly) (Entered: 08/09/2016) |
| 08/09/2016 | 221 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Plea proceeding held on 7/21/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 08/09/2016) |
| 08/10/2016 | 222 | USCA MANDATE ON INTERLOCUTORY APPEAL (certified copy) as to Jason Galanis re: 183 Notice of Appeal - Interlocutory. USCA Case Number 16-1761-cr. Ordered, Adjudged and Decreed that the order revoking bail of the District Court is AFFIRMED. Catherine O'Hagan Wolfe, Clerk USCA. Issued As Mandate: 08/10/2016. (nd) (Entered: 08/10/2016) |
| 08/15/2016 | 226 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSAs Brian Blais, Aimee Hector and Rebecca Mermelstein dated August 15, 2016 re: Requesting Entry of Attached Forfeiture Order Document filed by USA. (Attachments: # 1 Exhibit A (Executed Consent Preliminary Order of Forfeiture)) (Blais, Brian) (Entered: 08/15/2016) |
| 08/15/2016 | 227 | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTIES/MONEY JUDGMENT as to Jason Galanis. IT IS HEREBY STIPULATED AND AGREED, by and between the UnitedStates of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys Aimee Hector, Rebecca G. Mermelstein and Brian R. Blais, of counsel, and the Defendant, and his counsel, Thomas Mazzucco, Esq., that as a result of (he offense charged in Counts One, Two, Five and Eight of the Indictment, to which the Defendant pied guilty, a money judgment in the amount of $37,591,681.10 in United States currency (the "Money Judgment") shall be entered against the Defendant. This Defendant shall be jointly and severally liable for the Money Judgment with co-defendantscharged in the Indictment. As a result of the offense charged in Counts One, Two, Five and Eight of the Indictment, to |

      

SDNY CM/ECF NextGen Version 1.8.3     https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| Date | No. | Entry |
|---|---|---|
| | | which the Defendant pied guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordancewith the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific Properties shall be applied towards the Money Judgment in partial satisfaction of the Money Judgment. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Signed by Judge P. Kevin Castel on 8/15/2016)(jw) (Entered: 08/15/2016) |
| 08/16/2016 | 228 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/16/2016) |
| 08/23/2016 | 234 | LETTER by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Aimee Hector dated 8/16/2016 re: Absence of a fully executed Consent to Proceed Before A United States Magistrate Judge On A Felony Plea Allocution Document filed by Jason Galanis. (ft) (Entered: 08/23/2016) |
| 08/24/2016 | 235 | SEALED DOCUMENT placed in vault. (mps) (Entered: 08/24/2016) |
| 08/24/2016 | 236 | SEALED DOCUMENT placed in vault. (mps) (Entered: 08/24/2016) |
| 09/12/2016 | 257 | LETTER by Gary Hirst as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Justine A. Harris dated September 12, 2016 re: respectfully requesting permission to use demonstrative slides during opening Document filed by Gary Hirst. (Harris, Justine) (Entered: 09/12/2016) |
| 09/16/2016 | 267 | MOTION to Quash *Non-Party Subpoena*. Document filed by Luis R Mejia as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Hudson, Jalina) (Entered: 09/16/2016) |
| 09/16/2016 | 268 | DECLARATION of Luis R. Mejia in Support by Luis R Mejia as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 267 MOTION to Quash *Non-Party Subpoena*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Hudson, Jalina) (Entered: 09/16/2016) |
| 09/16/2016 | 269 | MEMORANDUM in Support by Luis R Mejia as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re 267 MOTION to Quash *Non-Party Subpoena*.. (Hudson, Jalina) (Entered: 09/16/2016) |
| 09/19/2016 | 278 | ORDER terminating as moot 267 MOTION to Quash Non-Party Subpoena. Document filed by Luis R. Mejia as to Jason Galanis (1), John Galanis (2), Jared Galanis (3), Gary Hirst (4), Derek Galanis (5), Ymer Shahini (6), Gavin Hamels (7). ENDORSEMENT: Subpoena has been withdrawn by defendant in open Court on September 19, 2016. The motion is terminated as moot. SO ORDERED: (Signed by Judge P. Kevin Castel on 9/19/2016) (bw) (Entered: 09/19/2016) |

A-28

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 09/19/2016 | 279 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSA Aimee Hector dated 9-19-2016 re: Government intent to call witness at trial . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Affidavit)(Mermelstein, Rebecca) (Entered: 09/19/2016) |
| 09/20/2016 | 282 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 9/20/2016 re: motion to preclude . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 09/20/2016) |
| 09/20/2016 | 283 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein re: Government Opposition to Certain Defense Exhibits Document filed by USA. (Mermelstein, Rebecca) (Entered: 09/20/2016) |
| 09/23/2016 | 290 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/23/2016) |
| 09/23/2016 | 291 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 9/23/2016 re: Motion to Preclude Improper Arguments in Summation . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 09/23/2016) |
| 09/28/2016 | 292 | TRANSCRIPT of Proceedings as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: Conference held on 9/1/16 before Judge P. Kevin Castel. Court Reporter/Transcriber: Jerry Harrison, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/24/2016. Redacted Transcript Deadline set for 11/3/2016. Release of Transcript Restriction set for 12/30/2016. (Siwik, Christine) (Entered: 09/28/2016) |
| 09/28/2016 | 293 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Notice is hereby given that an official transcript of a Conference proceeding held on 9/1/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Siwik, Christine) (Entered: 09/28/2016) |
| 10/13/2016 | 299 | ENDORSED LETTER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Dani Schwartz dated 10/7/2016 re: To request that ECC be added so that we can file its petition....ENDORSEMENT: The government is directed to respond by October 20, 2016 (Government Responses due by 10/20/2016) (Signed by Judge P. Kevin Castel on 10/12/2016)(jw) (Entered: 10/13/2016) |
| 10/17/2016 | 301 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector and Rebecca Mermelstein dated October 17, 2016 re: Responding to the October 7, 2016 Letter of Non-Party ECC Document filed by USA. (Attachments: # 1 Exhibit A (Stipulation and Proposed |

|  |  |  |
|---|---|---|
|  |  | Order between the Government and ECC), # 2 Exhibit B (Stipulation and Proposed Order between the Government and 260 West Broadway Condominium), # 3 Exhibit C (Stipulation and Proposed Order between the Government and Monet Berger))(Blais, Brian) (Entered: 10/17/2016) |
| 10/21/2016 | 330 | STIPULATION AND ORDER as to Jason Galanis. IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Pree! Bharara, United States Attorney, Assistant United States Attorney Edwa.rd Diskant, of counsel, and the Condominium, by its counsel, Jay Ginsberg, Esq., and by its President, Lee Fensterstock, that: 1. The Condominium shall have until November 30, 2016 to file claims pursuant to Title 21 USC §853(n)(3) or Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims for any or all of the Subject Property. 2. This Stipulation and Order may be executed In counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax and such signatures shall be deemed as valid originals. (Signed by Judge P. Kevin Castel on 10/21/2016)(ft) (Entered: 10/21/2016) |
| 10/21/2016 | 331 | STIPULATION AND ORDER as to Jason Galanis. IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Edward Diskant, of counsel, and Emerald, by its counsel, Dani Schwartz, Esq., that: 1. Emerald shall have until November 30, 2016 to file claims pursuant to 21 U.S.C. § 853(11) and Federal Rule of Criminal Procedure 32.2 (c) for any or all of the Subject Property. 2. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fox and such signatures shall be deemed as valid originals. (Signed by Judge P. Kevin Castel on 10/21/2016)(ft) (Entered: 10/21/2016) |
| 10/21/2016 | 332 | STIPULATION AND ORDER as to Jason Galanis. IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistmt United States Attorney Edward Diskant, of counsel, and Monet Berger, by her counsel Duncan P. Levin, Esq., that: 1. Monet Berger shall have until November 30, 2016 to file claims pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims for any or all of the Subject Property. 2. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax: and such signatures shall be deemed as valid originals. (Signed by Judge P. Kevin Castel on 10/21/2016)(ft) (Entered: 10/21/2016) |
| 11/03/2016 | 338 | ORDER as to (15-Cr-643-01) Jason Galanis. Jason Galanis is ordered to provide the Office of Probation with the requested financial information within seven (7) days. Failure to do so may result in an adverse inference. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/3/2016)(bw) (Entered: 11/03/2016) |
| 11/15/2016 | 341 | ENDORSED LETTER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Attorney Dani Schwartz dated November 14, 2016 re: This law firm |

| | | |
|---|---|---|
| | | represents non-party ECC SPE LLC ("ECC"). I write to respectfully follow up on my earlier request that ECC be added as an interested party to this action. Pursuant to this Court's August 15, 2016 Consent Order of Forfeiture, the defendant forfeited to the United States his interest in the real property known as and located at 260 West Broadway, Unit 1/2C, New York, New York (the "Mortgaged Property"). As the Court is aware from my prior correspondence, ECC is the lender on a $7,000,000.00 first mortgage encumbering the Mortgaged Property. ECC has prepared a petition in conformity with 21 U.S.C. § 853(n) and applicable law in order to establish and protect its interest in the Mortgaged Property, and to ensure ECC receives appropriate proceeds from any sale of the Mortgaged Property. However, ECC cannot electronically file its petition without first being added to the case. Accordingly, we renew our request that ECC be added so that we can file its petition. ENDORSEMENT: Application granted. SO ORDERED: (Signed by Judge P. Kevin Castel on 11/14/2016)(bw) (Entered: 11/15/2016) |
| 11/16/2016 | 342 | NOTICE of Appearance as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels (Schwartz, Dani) (Entered: 11/16/2016) |
| 11/16/2016 | 343 | FIRST PETITION IN RESPONSE TO FORFEITURE ORDER by ECC SPE LLC as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels . (Attachments: # 1 Exhibit Description of Premises, # 2 Exhibit Note, # 3 Exhibit Loan Agreement, # 4 Exhibit Mortgage, # 5 Exhibit UCC1, # 6 Exhibit Assignment of Mortgage, # 7 Exhibit UCC Assignment)(Schwartz, Dani) (Entered: 11/16/2016) |
| 11/16/2016 | 344 | DECLARATION of ECC SPE LLC in Support by ECC SPE LLC as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 343 Petition in Response to Forfeiture Order,. (Schwartz, Dani) (Entered: 11/16/2016) |
| 11/17/2016 | 345 | LETTER by USA as to Jason Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector and Rebecca Mermelstein dated November 17, 2016 re: Requesting an Adjournment of the Sentencings of Jason Galanis and Derek Galanis Document filed by USA. (Blais, Brian) (Entered: 11/17/2016) |
| 11/17/2016 | 346 | MEMO ENDORSEMENT as to (15-Cr-643-) Jason Galanis (1), Derek Galanis (5) on re: 345 LETTER by USA as to Jason Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector and Rebecca Mermelstein, dated November 17, 2016 re: Requesting an Adjournment of the Sentencings of Jason Galanis and Derek Galanis. ENDORSEMENT: Sentencing of Jason Galanis adjourned from December 9 to Feb. 15, 2017 at 11:00 a.m. Sentencing of Derek Galanis adjourned from December 15 to Feb. 16, 2017 at 2:00 p.m. SO ORDERED: (Signed by Judge P. Kevin Castel on 11/17/2016)(bw) (Entered: 11/28/2016) |
| 11/17/2016 | | Set/Reset Deadlines/Hearings as to Jason Galanis (1): Sentencing set for 2/15/2017 at 11:00 AM before Judge P. Kevin Castel. (bw) (Entered: 11/28/2016) |
| 11/30/2016 | 350 | SECOND STIPULATION AND ORDER as to Jason Galanis. Monet Berger shall have until December 30, 2016 to file claims pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims fur any or all of |

| | | |
|---|---|---|
| | | the Subject Property. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax and such signatures shall be deemed as valid originals. (Signed by Judge P. Kevin Castel on 11/30/2016)(ft) (Entered: 11/30/2016) |
| 11/30/2016 | 351 | SECOND STIPULATION AND ORDER as to Jason Galanis. The Condominium shall have until December 30, 2016 to file claims pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims for any or all of the Subject Property. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax and such signatures shall be deemed as valid originals. (Signed by Judge P. Kevin Castel on 11/30/2016)(ft) (Entered: 11/30/2016) |
| 12/08/2016 | 352 | STIPULATION AND ORDER as to (15-Cr-643-01) Jason Galanis....[See this Stipulation And Order]... NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Preet Bharara, United States Attorney, Assistance United States Attorneys, Edward Diskant, of counsel, ECC, by its counsel, Dani Schwartz, Esq, the Condominium, by its counsel, Jay Ginsberg, Esq., and by its President, Lee Fensterstock, and Duncan P. Levin, Esq., counsel for Monet Berger, that: 1. The Government is hereby authorized to seize and sell the New York Property in a commercially feasible manner. 2. At such time as the New York Property is sold pursuant to this Stipulation and Order, the Government will coordinate payment first to ECC from the net proceeds of the sale of the New York Property, of the outstanding mortgage and interest due on the New York Property as of the date of entry of this Stipulation and Order (the "Mortgage Due"). The net proceeds of the sale shall include all amounts received from the sale of the New York Property after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, associated with the sale of the New York Property and any and all expenses incurred by the United States Marshals Service (the "USMS") or its designees in connection with the custody, maintenance and sale of the New York Property. Should the Government seek to sell the New York Property for an amount that provides ECC with less than the Mortgage Due, prior to executing any contract of sale, ECC shall be advised of same and provided the opportunity to bid on the Mortgaged Property....[See this Stipulation And Order]... 20. Berger represents that, aside from herself and the defendant, she is not aware of any other individuals who have an ownership interest in the California Property and agrees to hold harmless the USMS, the DOJ, the FBI, and the SDNY from any and all third-party claims of ownership of the California Property. 21. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order. 22. Each party agrees to bear its costs and attorneys' fees. 23. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order. 24. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals. SO ORDERED: (Signed by Judge P. Kevin Castel on 12/7/2016)(bw) |

A-32

| | | (Entered: 12/08/2016) |
|---|---|---|
| 12/19/2016 | 353 | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/19/2016) |
| 01/05/2017 | 356 | SERVICE BY PUBLICATION as to Jason Galanis. A Notice of Forfeiture was published in the official government internet site, www.forfeiture.gov on November 9, 2016, for thirty (30) consecutive days, through December 8, 2016. Document filed by USA as to Jason Galanis. (Diskant, Edward) (Entered: 01/05/2017) |
| 01/30/2017 | 365 | LETTER MOTION addressed to Judge P. Kevin Castel from Assistant United States Attorney Edward B. Diskant dated January 30, 2017 re: Entry of proposed Final Order of Forfeiture . Document filed by USA as to Jason Galanis. (Attachments: # 1 Text of Proposed Order)(Diskant, Edward) (Entered: 01/30/2017) |
| 01/30/2017 | | ***DELETED DOCUMENT. Deleted document number 367. LETTER by USA (Mermelstein, Rebecca) via ECF, as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. The document was incorrectly filed in this case. [*** NOTE: Document deleted as per Judge Castel's Chambers instructions via E-mail on 1/30/2017. ***] (bw) (Entered: 01/30/2017) |
| 01/31/2017 | 367 | FINAL ORDER OF FORFEITURE as to Jason Galanis. NOW, THEREFORE, IT IS ORDERED, ADmDGED AND DECREED THAT All right, title and interest in the California Property Proceeds and the New York Property (together, the "Forfeited Properties") is hereby forfeited and vested in the United States of America, and shall be disposed of according to law. 2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Properties. 3. The USMS (or its designee) shall take possession of the Forfeited Propertiesand dispose of the same according to law, in accordance with Title 21, United States Code, Section853(h).4. The Clerk of the Court shall forward four certified copies of this Final Orderof Forfeiture to Assistant United States Attorney Sarah K. Eddy, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007. (Signed by Judge P. Kevin Castel on 1/30/2017)(jw) (Entered: 01/31/2017) |
| 02/01/2017 | 369 | SENTENCING SUBMISSION by Jason Galanis. (Attachments: # 1 Exhibit A - Character Letters)(Mazzucco, Thomas) (Entered: 02/01/2017) |
| 02/02/2017 | 370 | SENTENCING SUBMISSION by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Brass, Anthony) (Entered: 02/02/2017) |
| 02/08/2017 | 376 | SENTENCING SUBMISSION by USA as to Jason Galanis. (Attachments: # 1 Exhibit A (Tagliaferri Email), # 2 Exhibit B (Plea Agreement), # 3 Exhibit C (Hamels Email))(Blais, Brian) (Entered: 02/08/2017) |
| 02/14/2017 | 380 | LETTER by USA as to Jason Galanis, John Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector, and Rebecca Mermelstein dated February 14, 2017 re: Advising the Court on the Status of Restitution in Advance of Sentencing Document filed by USA. (Blais, Brian) (Entered: 02/14/2017) |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 02/15/2017 | | Minute Entry for proceedings held before Judge P. Kevin Castel:Sentencing held on 2/15/2017 for Jason Galanis (1) Count 1,2,5,8. Defendant, Jason Galanis is present with attorneys Thomas Mazzucco and Aaaron McClellan. AUSAs Brian Blais, Rebecca Mermelstein, Aimee Hector, present. Shannon Bieniek FBI, present. Defendant is sentenced to 135 months imprisonment, 3 years supervised release, the fine is waived, forfeiture, see Final Order of Forfeiture Order filed 1/31/2017, restitution to be entered in 90 days, and a special assessment of $400. Jason Galanis is remanded into custody. (jw) (Entered: 02/16/2017) |
| 02/15/2017 | | DISMISSAL OF COUNTS on Government Motion as to Jason Galanis (1) Count 3,4,6-7,9. (bw) (Entered: 02/16/2017) |
| 02/15/2017 | 381 | JUDGMENT In A Criminal Case. Date of Imposition of Judgment: 2/15/2017. Defendant Jason Galanis (1) pleaded guilty to Count(s) 1, 2, 5 and 8. Count(s) any open counts are dismissed on the motion of the United States. IMPRISONMENT: One hundred thirty-five (135) months on Count Two and sixty (60) months on Counts One, Five and Eight, to run concurrent. -The court makes the following recommendations to the Bureau of Prisons: The defendant be imprisoned as close as feasible to Los Angeles to facilitate family visitation. -The defendant is remanded to the custody of the United States Marshal. SUPERVISED RELEASE: Three (3) years. Standard Conditions of Supervision (see page 5 of Judgment). Special Conditions of Supervision (see page 6 of Judgment). ASSESSMENT: $400.00, due immediately. -The determination of restitution is deferred until 5/16/2017. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination. JOINT AND SEVERAL: 15 CR 643:Jason Galanis (1), John Galanis (2), Gary Hirst (4), Derek Galanis (5), Total Amount $37,591,681.10; Joint and Several Amount $19,038,650.53. -The defendant shall forfeit the defendant's interest in the following property to the United States: as ordered on Final Order of Forfeiture dated 1/31/2017. (Signed by Judge P. Kevin Castel on 2/15/2017)(bw); (Main Document 381 replaced on 2/17/2017 -Added Joint and Several Forfeiture) (bw). (Entered: 02/16/2017) |
| 03/02/2017 | 385 | NOTICE OF APPEAL by Jason Galanis from 381 Judgment. Filing fee $ 505.00, receipt number 465401175722. (nd) (Entered: 03/02/2017) |
| 03/02/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Jason Galanis to US Court of Appeals re: 385 Notice of Appeal - Final Judgment. (nd) (Entered: 03/02/2017) |
| 03/02/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Jason Galanis re: 385 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/02/2017) |
| 03/09/2017 | 387 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector, and Rebecca Mermelstein dated March 9, 2017 re: Requesting One Week Adjournment of Dates for Restitution Submissions . Document filed by USA as to Jason Galanis, John Galanis, Derek Galanis. (Blais, Brian) (Entered: 03/09/2017) |
| 03/10/2017 | 388 | MEMO ENDORSEMENT granting 387 LETTER MOTION filed by USA as to Jason Galanis (1), John Galanis (2), Derek Galanis (5), addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Aimee Hector, and Rebecca Mermelstein dated March 9, 2017 re: Requesting One Week Adjournment of Dates for Restitution Submissions. Specifically, the Government requests that the |

A-34

| | | |
|---|---|---|
| | | Government be allowed to submit an initial filing on restitution matters on or before March 22, 2017 (the previous deadline was March 15, 2017); that the defendants have until April 7, 2017 to respond to the Government's submission (the previous deadline was March 31, 2017); and that the Government have until April 14, 2017 to file any reply (the previous deadline was April 7, 2017). ENDORSEMENT: Application granted. It would be helpful if your submissions note, when the 90 day deadline expires. SO ORDERED: (Signed by Judge P. Kevin Castel on 3/9/2017) (bw) (Entered: 03/10/2017) |
| 03/10/2017 | | Set/Reset Deadlines/Hearings as to Jason Galanis (1), John Galanis (2), Derek Galanis (5): Brief (by Government) due by 3/22/2017. Responses (by Defendants) to Brief due by 4/7/2017. Reply (by Government) to Response to Brief due by 4/14/2017. [*** NOTE: Refer to Memo Endorsement, Doc.# 388 . ***] (bw) (Entered: 03/10/2017) |
| 03/15/2017 | 390 | TRANSCRIPT of Proceedings as to Jason Galanis re: Sentence held on 2/15/17 before Judge P. Kevin Castel. Court Reporter/Transcriber: Martha Martin, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/5/2017. Redacted Transcript Deadline set for 4/17/2017. Release of Transcript Restriction set for 6/13/2017. (McGuirk, Kelly) (Entered: 03/15/2017) |
| 03/15/2017 | 391 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Sentence proceeding held on 2/15/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/15/2017) |
| 03/22/2017 | 397 | SENTENCING SUBMISSION by USA as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis. (Attachments: # 1 Exhibit A (Proposed Jason Galanis Restitution Order), # 2 Exhibit B (Proposed John Galanis Restitution Order), # 3 Exhibit C (Proposed Derek Galanis Restitution Order), # 4 Exhibit D (Proposed Gary Hirst Restitution Order))(Blais, Brian) (Entered: 03/22/2017) |
| 04/07/2017 | 401 | SENTENCING SUBMISSION by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mazzucco, Thomas) (Entered: 04/07/2017) |
| 04/13/2017 | 402 | LETTER by USA as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Rebecca Mermelstein and Aimee Hector dated April 13, 2017 re: Enclosing a submission from putative victim Wimbledon regarding restitution Document filed by USA. (Attachments: # 1 Exhibit Wimbledon Restitution Submission, Part 1, # 2 Exhibit Wimbledon Restitution Submission, Part 2)(Blais, Brian) (Entered: 04/13/2017) |
| 04/14/2017 | 403 | SENTENCING SUBMISSION by USA as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis. (Attachments: # 1 Exhibit A (Relevant Trial Exhibits), # 2 Exhibit B (Declaration of Christopher Ferrante))(Blais, Brian) (Entered: 04/14/2017) |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 04/14/2017 | 404 | MEMO ENDORSEMENT as to Jason Galanis (1), John Galanis (2), Gary Hirst (4), Derek Galanis (5) on re: 402 LETTER by USA addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Rebecca Mermelstein and Aimee Hector, dated April 13, 2017 re: Enclosing a submission from putative victim Wimbledon regarding restitution. The Government respectfully requests that it -- and any defendant wishing to file a response to Wimbledon's submission -- have until April 24, 2017 to provide a written response. ENDORSEMENT: OK. Application Granted. SO ORDERED: (Signed by Judge P. Kevin Castel on 4/13/2017)(bw) (Entered: 04/14/2017) |
| 04/17/2017 | 405 | LETTER by USA as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Rebecca Mermelstein and Aimee Hector dated April 17, 2017 re: Attaching a submission from Stillwater relating to restitution issues Document filed by USA. (Attachments: # 1 Exhibit A (Stillwater submission regarding restitution))(Blais, Brian) (Entered: 04/17/2017) |
| 04/24/2017 | 406 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SENTENCING SUBMISSION by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) Modified on 4/25/2017 (ka). (Entered: 04/24/2017) |
| 04/25/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels: Notice to Attorney Rebecca Gabrielle Mermelstein to RE-FILE Document 406 Sentencing Submission. Use the event type Memorandum of Law(non-motion) found under the event list Other Documents. (ka)** (Entered: 04/25/2017) |
| 04/28/2017 | 407 | REPLY MEMORANDUM OF LAW in Opposition by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels . (Mermelstein, Rebecca) (Entered: 04/28/2017) |
| 05/03/2017 | 408 | LETTER by USA as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Rebecca Mermelstein and Aimee Hector dated May 3, 2017 re: Enclosing a Reply Submission from Putative Victim Stillwater Regarding Restitution Document filed by USA. (Attachments: # 1 Exhibit A (Stillwater Reply Submission Regarding Restitution))(Blais, Brian) (Entered: 05/03/2017) |
| 05/16/2017 | 411 | ORDER OF RESTITUTION as to Jason Galanis. it is hereby ORDERED that amount of Restitution. JASON GALANIS, the Defendant, shall pay restitution in the total amount of $37,032,337.43 to the victims of the offenses charged in Counts One, Two, Five and Eight. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court. Joint and Several Liability. Defendant's liability for restitution shall be joint and several with that of any other defendant ordered to make restitution for the offenses in this matter and related matters, including, but not limited to, John Galanis, Derek Galanis, Gavin Hamels, and Gary Hirst, who were charged and convicted in this matter, and James Tagliaferri, who was convicted in a separate matter, United States v. James Tagliaferri, 13 Cr. 115 (RA). Defendant's liability for restitution shall continue |

| | | |
|---|---|---|
| | | unabated until either the Defendant has paid the full amount (Signed by Judge P. Kevin Castel on 5/16/17)(jw) (Entered: 05/16/2017) |
| 05/16/2017 | 413 | MEMORANDUM AND ORDER ORDER as to Jason Galanis, John Galanis, Derek Galanis. This is the Courts finding on the restitution allegations of defendants Jason Galanis, John Galanis, and Derek Galanis arising from a criminal securities fraud scheme for which each has entered a guilty plea. At the core of the scheme, Jason Galanis and others caused Gerova Financial Group, Ltd. (Gerova) to issue shares to Ymer Shahini, a foreign national, and then arranged for the sale of those shares within the United States. At each defendants sentencing the Court deferred the determination of restitution. The government urges that the Court order restitution to clients of James Tagliaferri, a corrupt investment advisor and a participant in the scheme, in whose names fraudulently issued shares of Gerova were purchased, and who consequently suffered losses after the company collapsed. The Court will enter the Orders of Restitution proposed by the government. For the reasons stated, Stillwater and Wimbledons requests for restitution are DENIED. (Signed by Judge P. Kevin Castel on 5/16/17)(jw) (Entered: 05/17/2017) |
| 05/19/2017 | 414 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/19/2017) |
| 05/19/2017 | 415 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/19/2017) |
| 05/19/2017 | 416 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/19/2017) |
| 05/22/2017 | 417 | LETTER by USA as to Jason Galanis, John Galanis, Derek Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais, Rebecca Mermelstein and Aimee Hector dated May 22, 2017 re: Requesting that the Court Enter Amended Judgments Document filed by USA. (Blais, Brian) (Entered: 05/22/2017) |
| 05/26/2017 | 418 | AMENDED NOTICE OF APPEAL by Jason Galanis re 381 Judgment, 413 Order. (tp) (Entered: 05/26/2017) |
| 05/26/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Jason Galanis to US Court of Appeals re: 418 Amended Notice of Appeal - Final Judgment. (tp) (Entered: 05/26/2017) |
| 05/26/2017 | | First Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files as to Jason Galanis re: 418 Amended Notice of Appeal - Final Judgment USCA Case Number 17-0629, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/26/2017) |
| 06/06/2017 | 419 | LETTER MOTION addressed to Judge P. Kevin Castel from Jillian Berman dated June 6, 2017 re: Request to Modify Travel Restrictions *for Gavin Hamels*. Document filed by Gavin Hamels as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Berman, Jillian) (Entered: 06/06/2017) |
| 06/06/2017 | 420 | AMENDED JUDGMENT In A Criminal Case. Date of Imposition of Judgment: 6/5/2017. Date of Original Judgment: 2/15/2017. Reason for Amendment: Modification of Restitution Order (18 U.S.C. Section 3664). Defendant Jason Galanis (1) pleaded guilty to Count(s) 1, 2, 5 and 8. Count(s) any open counts are dismissed on the motion of the United States. IMPRISONMENT: One hundred thirty-five (135) months on Count Two and sixty (60) months on Counts One, Five and Eight, to run concurrent. The court makes the following |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | recommendations to the Bureau of Prisons: The defendant be imprisoned as close as feasible to Los Angeles to facilitate family visitation. -The defendant is remanded to the custody of the United States Marshal. SUPERVISED RELEASE: Three (3) years. Standard Conditions of Supervision (see page 5 of Judgment). Special Conditions of Supervision (see page 6 of Judgment). ASSESSMENT: 4400.00, due immediately. RESTITUTION: $37,032,337.43. Additional Terms For Criminal Monetary Penalties (see page 8 of Judgment). Joint and Several: 15 CR 643: Jason Galanis (1), John Galanis, (2) Gary Hirst (4), Derek Galanis (5), Total Amount $37,591,681.10; Joint and Several Amount $19,038,650.53. The defendant shall forfeit the defendant's interest in the following prope1ty to the United States: as ordered on Final Order of Forfeiture dated 1/31/2017. (Signed by Judge P. Kevin Castel on 6/6/2017)(bw) (Entered: 06/07/2017) |
| 06/08/2017 | 423 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 6/8/2017 re: Joint Request to Adjourn Sentencing . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 06/08/2017) |
| 07/10/2017 | 426 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSAs Rebecca Mermelstein and Brian Blais dated 7/10/2017 re: adjournment of sentencing . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 07/10/2017) |
| 07/28/2017 | 431 | SENTENCING SUBMISSION by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 07/28/2017) |
| 09/07/2017 | 444 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/07/2017) |
| 09/11/2017 | 446 | ENDORSED LETTER as to Jason Galanis, John Galanis, Gary Hirst, Derek Galanis addressed to Judge P. Kevin Castel from Attorney Jonathan H. Halpern dated September 8, 2017 re: We respectfully submit this letter on behalf of our client Stillwater Liquidating LLC ("Stillwater LLC"), a court-appointed fiduciary for designated Stillwater Funds ("Stillwater"), to request clarification of the Court's order of restitution for defendant Gary Hirst ("Hirst Order") [Dkt, No. 443] with respect to StUlwater LLC's claim for restitution. ENDORSEMENT: The Court's Memorandum and Order of May 16, 2017 applies with equal force to Mr. Hirst's restitution obligation. SO ORDERED: (Signed by Judge P. Kevin Castel on 9/8/2017)(bw) (Entered: 09/11/2017) |
| 10/03/2017 | 447 | SENTENCING SUBMISSION by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 10/03/2017) |
| 10/05/2017 | 448 | MOTION to Vacate conviction, pursuant to Federal Rule of Criminal Procedure 33(b)(1), on the basis of newly-discovered evidence. Document filed by (15-Cr-643-01) Jason Galanis. Dated: September 24th, 2017. (bw) Modified on 10/18/2021 (lnl). (Entered: 10/10/2017) |
| 10/05/2017 | 449 | DECLARATION of Jason Galanis in Support re: 448 RULE 33(b)(1) MOTION to Vacate Conviction. Document filed by (15-Cr-643-01) Jason Galanis. Dated: September 24, 2017. (bw) (Entered: 10/10/2017) |

SDNY CM/ECF NextGen Version 1.8.3　　　　　　　　https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 06/11/2018 | 463 | MANDATE of USCA (Certified Copy) as to In re Stillwater Liquidating LLC, USCA Case Number 17-1714; 17-2961. It is hereby ORDERED that these two proceedings are CONSOLIDATED for the purposes of this order. Petitioner has filed two petitions for writs of mandamus under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, requesting that the district court be directed to treat it as a victim under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Upon due consideration, it is hereby ORDERED that the petitions are DENIED. The district court did not abuse its discretion in determining that the Petitioner was not a victim of the offenses for which Jason Galanis and Gary Hirst were convicted within the meaning of the CVRA and MVRA. 18 U.S.C. § 3663A(a)(2); In re Local # 46 Metallic Lathers Union & Reinforcing Iron Workers, 568 F.3d 81, 85 (2d Cir. 2009).. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 06/11/2018. (nd) (Entered: 06/11/2018) |
| 10/10/2018 | 464 | SEALED DOCUMENT placed in vault. (mhe) (Entered: 10/10/2018) |
| 01/10/2019 | 473 | ORDER of USCA (certified copy) re: 418 Amended Notice of Appeal - Final Judgment, 385 Notice of Appeal - Final Judgment. USCA Case Number 17-629-cr(L). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that case no. 17-629-cr is REMANDED to the district court and case no. 17-2713-cr will be HELD pending further proceedings. Catherine O'Hagan Wolfe, Clerk USCA. Certified: 01/10/2019. (nd) (Entered: 01/10/2019) |
| 01/10/2019 | | Transmission of USCA Order to the District Judge re: 473 USCA Order,. (nd) (Entered: 01/10/2019) |
| 01/23/2019 | 474 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R.Blais and Rebecca Mermelstein dated January 23, 2019 re: Setting Forth the Government's Position Regarding the Fact-Finding Ordered by the Court of Appeals Document filed by USA. (Attachments: # 1 Exhibit A (Proposed Order))(Blais, Brian) (Entered: 01/23/2019) |
| 01/29/2019 | 475 | ORDER re: Attorney-Client Privilege Waiver (Informed Consent) as to (15-Cr-643-01) Jason Galanis. WHEREAS, Jason Galanis has moved for relief from his conviction pursuant to Federal Rule of Criminal Procedure 33 on the ground of ineffective assistance of counsel; and WHEREAS, the United States Court of Appeals for the Second Circuit has remanded Galanis's ineffectiveness challenge to this Court for further fact-finding; and WHEREAS, the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former counsel Thomas Mazzucco, Esq. ("Counsel of Record"), will be needed in order to allow the Government to respond to the motion; and WHEREAS, the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel of Record is needed in order to allow the Government to respond to the motion and for the Court to engage in the fact-finding ordered by the Court of Appeals; and WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and WHEREAS, the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel of Record from disclosing confidential information relating to a prior client even in the absence of a privilege, see, e.g., ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective |

A-39

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | Assistance of Counsel Claim, IT IS HEREBY ORDERED that the Government shall serve upon Galanis a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. Galanis shall execute and return to this court within 30 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 30 days from the date of this Order, the court will deny the Rule 33 motion and make any necessary accompanying findings of fact, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further ORDERED that, within 30 days of the Court's receipt of the executed "Attorney-Client Privilege Waiver (Informed Consent)" form from Galanis, Counsel of Record shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and it is further ORDERED that the Government shall respond to Galanis's Rule 33 motion within 30 days after the receipt of an affidavit from Counsel of Record. (Signed by Judge P. Kevin Castel on 1/29/2019)(bw) (Entered: 01/29/2019) |
| 01/29/2019 | 476 | NOTICE OF ATTORNEY APPEARANCE: Christopher Paul Madiou appearing for Jason Galanis. Appearance Type: CJA Appointment. (Madiou, Christopher) (Entered: 01/29/2019) |
| 01/29/2019 | 477 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 1/29/19 re: Appointment of counsel. . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 01/29/2019) |
| 01/29/2019 | 478 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 1/29/19 re: The Court's order of 1/29/19 . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 01/29/2019) |
| 01/31/2019 | 479 | MEMO ENDORSEMENT as to (15-Cr-643-01) Jason Galanis on re: 477 LETTER MOTION filed by Jason Galanis addressed to Judge P. Kevin Castel from Attorney Christopher Madiou dated 1/29/19 re: Appointment of counsel. I write to provide the Court with additional details regarding Jason Galanis's CJA representation, as well as to provide this Court with a copy of the CJA-24 financial affidavit Mr. Galanis has already filed in the Second Circuit in this matter. ENDORSEMENT: Mr. Madiou is appointed pursuant to the CJA to represent Mr. Jason Galanis in this matter. Application otherwise DENIED. SO ORDERED: (Signed by Judge P. Kevin Castel on 1/30/2019)(bw) (Entered: 01/31/2019) |
| 01/31/2019 | 480 | MEMO ENDORSEMENT denying without prejudice 478 LETTER MOTION filed by Jason Galanis (1), addressed to Judge P. Kevin Castel from Attorney Christopher Madiou dated 1/29/19 re: The Court's order of 1/29/19. ENDORSEMENT: Application DENIED without prejudice. SO ORDERED: (Signed by Judge P. Kevin Castel on 1/30/2019) (bw) (Entered: 01/31/2019) |

      

| 02/22/2019 | 481 | MANDATE of USCA (Certified Copy) as to Jason Galanis re: 418 Amended Notice of Appeal - Final Judgment, 385 Notice of Appeal - Final Judgment. USCA Case Number 17-629-cr(L). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that case no. 17-629-cr is REMANDED to the district court for further proceedings consistent with this order and case no. 17-2713-cr will be HELD pending further proceedings.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 02/22/2019. (nd) (Entered: 02/22/2019) |
|---|---|---|
| 02/22/2019 | | Transmission of USCA Mandate to the District Judge re: 481 USCA Mandate. (nd) (Entered: 02/22/2019) |
| 02/22/2019 | 482 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais and Rebecca Mermelstein dated February 22, 2019 re: Advising the Court of the Government's Receipt of an Executed Attorney-Client Privilege Waiver from Jason Galanis Document filed by USA. (Attachments: # 1 Exhibit A (Attorney-Client Privilege Waiver))(Blais, Brian) (Entered: 02/22/2019) |
| 02/22/2019 | | ***Case Reopened as to Jason Galanis.. (tp) (Entered: 02/27/2019) |
| 04/01/2019 | 483 | ORDER as to Jason Galanis. The Court is in receipt of an affidavit of Thomas P. Mazzucco that was transmitted ex parte with a request for sealing. A copy was transmitted by Mr. Mazzuccos lawyer to the government. The Court directs the Clerk to transmit a copy of the affidavit to defendant Galaniss lawyer Christopher Madiou and seal the affidavit. (Signed by Judge P. Kevin Castel on 4/1/19)(jw) (Entered: 04/01/2019) |
| 04/03/2019 | 484 | SEALED DOCUMENT placed in vault. (rz) (Entered: 04/03/2019) |
| 05/01/2019 | 485 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from Brian Blais dated 5/1/2019 re: consent to habeas hearing Document filed by USA. (Mermelstein, Rebecca) (Entered: 05/01/2019) |
| 05/02/2019 | 486 | MEMO ENDORSEMENT as to Jason Galanis on re: 485 Letter filed by USA as to Jason Galanis( Evidentiary Hearing set for 9/26/2019 at 11:30 AM before Judge P. Kevin Castel)...ENDORSEMENT...Evidentiary Hearing is scheduled for September 26, 2019 at 11:30am. SO ORDERED (Signed by Judge P. Kevin Castel on 5/2/2019)(jw) (Entered: 05/02/2019) |
| 08/23/2019 | 487 | MOTION for Daniel S. Nooter to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-17482929. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jason Galanis. (Attachments: # 1 Affidavit Affidavit in Support of PHV Motion, # 2 Certificate of Good Standing, # 3 Proposed Order)(Nooter, Daniel) Modified on 8/23/2019 (bcu). Modified on 8/23/2019 (bcu). (Entered: 08/23/2019) |
| 08/23/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 487 MOTION for Daniel S. Nooter to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-17482929. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 08/23/2019) |

SDNY CM/ECF NextGen Version 1.8.3        https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| 09/04/2019 | 492 | ORDER FOR ADMISSION PRO HAC VICEgranting 487 Motion for Daniel S. Nooter to Appear Pro Hac Vice as to Jason Galanis (1). (Signed by Judge P. Kevin Castel on 9/4/2019) (lnl) (Entered: 09/04/2019) |
|---|---|---|
| 09/04/2019 | 493 | AMENDED MOTION for Martin Antonio Sabelli to Appear Pro Hac Vice *(CORRECTED)*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ymer Shahini as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Affidavit Affidavit of Counsel, # 2 Exhibit Supreme Court of California Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Sabelli, Martin) (Entered: 09/04/2019) |
| 09/05/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 493 AMENDED MOTION for Martin Antonio Sabelli to Appear Pro Hac Vice *(CORRECTED)*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 09/05/2019) |
| 09/06/2019 | 494 | ORDER FOR ADMISSION PRO HAC VICE: as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. The Motion of Martin Sabelli to practice Pro Hac Vice in the above captioned action is granted. The Applicant has declared that he is a member in good standing in the bar of the State of California and that his contact information is as follows:...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Ymer Shahini in the above captioned action: IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge P. Kevin Castel on 9/6/2019)(bw) (Entered: 09/06/2019) |
| 09/26/2019 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Evidentiary Hearing as to (15-Cr-643-01) Jason Galanis held on 9/26/2019. Defendant, Jason Galanis is present with attorneys Christopher Madiou and Daniel Nooter. AUSAs Brian Roger Blais and Negar Tekeei, present. Shannon Bieniek FBI, present. Jake Pechet paralegal. Government consents to relief requested by defendant and will revive the joint plea offer. Joint letter will be submitted by October 4, 2019 outlining a proposed procedural path. Court Reporter: Khris Sellin. Court Deputy: Florence Nacanther. (bw) (Entered: 09/26/2019) |
| 09/26/2019 | | ORAL ORDER as to Jason Galanis (1). Brief (Joint Letter) due by 10/4/2019. (bw) (Entered: 09/26/2019) |
| 10/01/2019 | 498 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Hearing proceeding held on 9/26/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/01/2019) |
| 10/04/2019 | 499 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais and Negar Tekeei dated October 4, 2019 re: Outlining Proposed Procedural Next Steps Document filed by USA. (Attachments: # 1 |

A-42

| | | Exhibit A (Proposed Order))(Blais, Brian) (Entered: 10/04/2019) |
|---|---|---|
| 10/07/2019 | 502 | MEMO ENDORSEMENT as to Jason Galanis on re: 499 Letter filed by USA as to Jason Galanis( Pretrial Conference set for 12/2/2019 at 02:00 PM before Judge P. Kevin Castel.) It is hereby ORDERED that the Motion is GRANTED and the judgment of conviction against the defendant in the above-captioned matter is VACATED. It is further ORDERED that this matter is scheduled for a Final Pretrial Conference on December 2, 2019 at 2:00pm. It is FURTHER ORDERED that, upon consent of the parties, the time between the date of this Order and December 2, 2019 is excluded under the Speedy Trial Act. (Signed by Judge P. Kevin Castel on 10/4/2019)(jw) (Entered: 10/07/2019) |
| 10/16/2019 | 503 | TRANSCRIPT of Proceedings as to Jason Galanis re: Hearing held on 9/26/19 before Judge P. Kevin Castel. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/6/2019. Redacted Transcript Deadline set for 11/18/2019. Release of Transcript Restriction set for 1/14/2020. (McGuirk, Kelly) (Entered: 10/16/2019) |
| 10/16/2019 | 504 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Hearing proceeding held on 9/26/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/16/2019) |
| 11/26/2019 | 509 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSAs Brian R. Blais and Negar Tekeei dated November 26, 2019 re: Requesting an Adjournment of the December 2, 2019 Status Conference . Document filed by USA as to Jason Galanis. (Blais, Brian) (Entered: 11/26/2019) |
| 11/26/2019 | 510 | ORDER as to Jason Galanis (1): Upon the application of counsel for the government, the conference previously scheduled for December 2, 2019 is adjourned until January 9, 2020 at 2 p.m. in Courtroom I ID. I find that the ends of justice will be served by granting a continuance and that taking such action outweighs the best interest of the public and the defendants in a speedy trial. My reasons for this finding are that the grant of the continuance is needed to facilitate a resolution of the case by a plea in the above two cases. Accordingly, the time between today and January 9, 2020 is excluded under the Speedy Trial Act. SO ORDERED. (Signed by Judge P. Kevin Castel on 11/26/2019) (lnl) (Entered: 11/26/2019) |
| 11/26/2019 | | Set/Reset Hearings as to Jason Galanis: Status Conference set for 1/9/2020 at 02:00 PM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge P. Kevin Castel. (lnl) (Entered: 11/26/2019) |
| 01/06/2020 | 513 | LETTER by USA as to Jason Galanis addressed to Judge P. Kevin Castel from AUSA Brian R. Blais dated January 6, 2020 re: Requesting an Adjournment of the January 9 Status Conference Document filed by USA. (Blais, Brian) (Entered: 01/06/2020) |

A-43

| | | |
|---|---|---|
| 01/06/2020 | 514 | ENDORSED LETTER as to Jason Galanis addressed to Judge P. Kevin Castel from Brian R. Blais and Negar Tekeei re: To request an approximately three week adjournment of the status conference presently scheduled for January 9, 2020 in the above captioned matter....ENDORSEMENT: Upon the application of the government, consented to by defense counsel, the conference previously scheduled for January 9, 2020 is adjourned to January 31, 2020 at 12:00 p.m. in Courtroom 11D. I find that the ends of Justice will be served by granting a continuance and that taking such action outweighs the best interest of the public and the defendant in a speedy trial. The reasons for this finding are that the grant of the continuance is needed to allow the parties further time to negotiate and finalize a potential pretrial disposition of this matter. Accordingly, the time between today and January 31, 2020 is excluded ( Status Conference set for 1/31/2020 at 12:00 PM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge P. Kevin Castel.) Time excluded from 1/6/2020 until 1/31/2020. (Signed by Judge P. Kevin Castel on 1/6/2020)(jw) (Entered: 01/06/2020) |
| 01/15/2020 | 517 | ORDER as to (15-Cr-643-01) Jason Galanis. The time of status conference scheduled for January 31, 2020 is moved to 11:30 a.m. in Courtroom 11D. SO ORDERED. (Signed by Judge P. Kevin Castel on 1/15/2020); Also docketed in 16-Cr-371(PKC). (bw) (Entered: 01/15/2020) |
| 01/31/2020 | 518 | (S2) SUPERSEDING INFORMATION (Felony) filed as to Jason Galanis (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s. (jm) (Entered: 01/31/2020) |
| 01/31/2020 | 519 | WAIVER OF INDICTMENT by Jason Galanis. (jm) (Entered: 01/31/2020) |
| 01/31/2020 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Arraignment as to Jason Galanis (1) Count 1s,2s,3s,4s,5s,6s,7s held on 1/31/2020. Defendant, Jason Galanis is present with attorneys Christopher Madiou. AUSAs Brian Roger Blais, present. Nicholas Kroll FBI, present. Defendant waives indictment, waives the public reading and pleads guilty 7-Count S2 Information. Defendant admits forfeiture allegations in paragraphs 16 and 17 of the S2 Information. Sentencing is scheduled for May 12, 2020 at 11:00 a.m. (lnl) (Entered: 01/31/2020) |
| 01/31/2020 | | Minute Entry for proceedings held before Judge P. Kevin Castel: **Plea entered by Jason Galanis (1) Guilty as to Count 1s,2s,3s,4s,5s,6s,7s.** (lnl) (Entered: 01/31/2020) |
| 01/31/2020 | | Set/Reset Hearings as to Jason Galanis: Sentencing set for 5/12/2020 at 11:00 AM before Judge P. Kevin Castel. (lnl) (Entered: 01/31/2020) |
| 01/31/2020 | 520 | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTIES/MONEY JUDGMENT as to Jason Galanis. IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney BRIAN R. BLAIS, of counsel, and the Defendant, and his counsel, CHRISTOPHER MADIOU, Esq., that As a result of the offenses charged in Counts One through Seven of the Information, to which the Defendant pled guilty, a money judgment in the amount of $80,869,117.100 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Counts One through Seven of the Information that the defendant personally obtained shall be entered against the Defendant. As a result of the offenses charged in Counts One through Seven of the Information, to which |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. All payments on the outstanding Money Judgment shall be made by postalmoney order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number (Signed by Judge P. Kevin Castel on 1/31/20)(jw) (Entered: 01/31/2020) |
| 03/02/2020 | 522 | TRANSCRIPT of Proceedings as to Jason Galanis re: Plea held on 1/31/2020 before Judge P. Kevin Castel. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2020. Redacted Transcript Deadline set for 4/2/2020. Release of Transcript Restriction set for 6/1/2020. (McGuirk, Kelly) (Entered: 03/02/2020) |
| 03/02/2020 | 523 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis. Notice is hereby given that an official transcript of a Plea proceeding held on 1/31/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/02/2020) |
| 03/26/2020 | 526 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 3/26/2020 re: Adjournment of sentencing . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 03/26/2020) |
| 03/26/2020 | 527 | MEMO ENDORSEMENT as to Jason Galanis (1) on 526 LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 3/26/2020 re: Adjournment of sentencing. ENDORSEMENT:Sentencing Adjourned from : May 12, 2020; To: July 24 at 2:15. (Signed by Judge P. Kevin Castel on 3/26/2020) (ap) (Entered: 03/27/2020) |
| 03/26/2020 | | Set/Reset Hearings as to Jason Galanis: Sentencing set for 7/24/2020 at 02:15 PM before Judge P. Kevin Castel. (ap) (Entered: 03/27/2020) |
| 03/26/2020 | | **\*\*\*DELETED DOCUMENT. Deleted document number 528. MEMO ENDORSEMENT, as to Jason Galanis (1). The document was incorrectly filed in this case. (bw)** (Entered: 03/27/2020) |
| 03/27/2020 | 528 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 3/27/2020 re: Adjournment of final PSR disclosure date . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 03/27/2020) |
| 03/27/2020 | 529 | MEMO ENDORSEMENT granting 528 LETTER MOTION filed by Jason Galanis (1), addressed to Judge P. Kevin Castel from Christopher Madiou dated 3/27/2020 re: Adjournment of final PSR disclosure date. I write at the request of Probation to respectfully request that the PSR final disclosure date be adjourned until June 12, 2020. ENDORSEMENT: Application GRANTED. SO ORDERED. |

SDNY CM/ECF NextGen Version 1.8.3          https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | (Signed by Judge P. Kevin Castel on 3/27/2020) (bw) (Entered: 03/27/2020) |
| 05/01/2020 | 535 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 5/1/2020 re: 3582(c) opposition Document filed by USA. (Mermelstein, Rebecca) (Entered: 05/01/2020) |
| 05/06/2020 | 536 | LETTER MOTION addressed to Judge P. Kevin Castel from John Burke dated 5/6/2020 re: Compassionate Release . Document filed by Derek Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Burke, John) (Entered: 05/06/2020) |
| 05/15/2020 | 543 | LETTER MOTION addressed to Judge P. Kevin Castel from AUSAs Rebecca Mermelstein, Brian Blais and Negar Tekeei dated 5/15/2020 re: Opposition to John Galanis's Motion for Compassionate Release . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 05/15/2020) |
| 06/09/2020 | 546 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 6/9/2020 re: Adjournment of sentencing . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 06/09/2020) |
| 06/09/2020 | 547 | MEMO ENDORSEMENT as to Jason Galanis on 546 LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 6/9/2020 re: Adjournment of sentencing. ENDORSEMENT: Sentencing adjourned from July 24, 2020 to September 23, 2020 at 12 P.M. SO ORDERED. (Sentencing set for 9/23/2020 at 12:00 PM before Judge P. Kevin Castel) (Signed by Judge P. Kevin Castel on 6/9/2020) (lnl) (Entered: 06/09/2020) |
| 09/09/2020 | 552 | SENTENCING SUBMISSION by Jason Galanis. (Madiou, Christopher) (Entered: 09/09/2020) |
| 09/09/2020 | 553 | LETTER MOTION addressed to Judge P. Kevin Castel from Christopher Madiou dated 9/9/2020 re: consent request for remote sentencing proceedings pursuant to the CARES Act . Document filed by Jason Galanis. (Madiou, Christopher) (Entered: 09/09/2020) |
| 09/09/2020 | 554 | MEMO ENDORSEMENT granting 553 LETTER MOTION filed by Jason Galanis (1), addressed to Judge P. Kevin Castel from Attorney Christopher Madiou dated 9/9/2020 re: consent request for remote sentencing proceedings pursuant to the CARES Act. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 9/9/2020) (bw) (Entered: 09/10/2020) |
| 09/16/2020 | 555 | ORDER as to Jason Galanis: The September 24, 2020 sentencing proceeding will be conducted as a video/teleconference using the CourtCall platform. The proceeding will commence at 9 a.m. As requested, defense counsel will be given an opportunity to speak with his client by telephone for fifteen minutes before the proceeding begins (i.e., at 8:45 a.m.). Defense counsel should make sure to answer at the telephone number counsel previously provided to Chambers. To optimize the quality of the video feed, only the Court, defendant, defense counsel, and counsel for the Government will appear by video for each proceeding. Due to the limited capacity of the CourtCall system, only one counsel per party may participate. Co-counsel, members of the press, and the public may access the audio feed of the conference with the following information: Call-In: (855) |

SDNY CM/ECF NextGen Version 1.8.3 https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | 268-7844, Access Code: 32091812#, PIN: 9921299#. (Sentencing set for 9/24/2020 at 09:00 AM before Judge P. Kevin Castel) (Signed by Judge P. Kevin Castel on 9/16/2020) (See ORDER set forth) (ap) (Entered: 09/16/2020) |
| 09/16/2020 | 556 | Sentencing Letter by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge Castel from AUSAs Rebecca Mermelstein and Brian Blais dated 9/16/2020 re: Government's Sentencing Submission for Jason Galanis and Proposed Restitution Order. (Attachments: # 1 Text of Proposed Order)(Mermelstein, Rebecca) (Entered: 09/16/2020) |
| 09/21/2020 | 557 | SENTENCING SUBMISSION by Jason Galanis. (Madiou, Christopher) (Entered: 09/21/2020) |
| 09/24/2020 | | Minute Entry for proceedings held before Judge P. Kevin Castel: Sentencing held on 9/24/2020 for Jason Galanis (1) Count 1s,2s,3s,4s,5s,6s,7s. Video/Telephonic Sentencing S2 Information. Defendant, Jason Galanis is present with attorneys Christopher Madiou. AUSA Brian Blais, present. Court Reporter: Kristen Carannante. Law Clerk: Jeff Eldridge. Defendant pled guilty to the Seven-Count, S2 Information and is sentenced to 189 months imprisonment, 3 years supervised release, the fine is waived, restitution in the amount of $80,817,513.43, forfeiture in the amount of $80,869,177.10, and a $700 special assessment. Court recommends 500-hour RDAP program; and that defendant continue his term of imprisonment at FCI Terminal Island, San Pedro, CA. Defendant is remanded into custody. (bw) (Entered: 09/25/2020) |
| 09/29/2020 | | DISMISSAL OF COUNTS on Government Motion as to Jason Galanis (1) Count 1,2,3,4,5,6-7,8,9. (jw) (Entered: 09/30/2020) |
| 09/29/2020 | 558 | JUDGMENT IN A CRIMINAL CASE as to Jason Galanis (1), Count(s) 1, 2, 5, 8, 3, 4, 6-7, 9 are dismissed on the motion of the US. Pleaded guilty to Count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, Imprisonment for a total term of 189 Months. 60 Months on counts 1,3,4,5, and 7; 189 months on counts 2 and 6, all counts to be served concurrently. Defendant should receive credit for all time served in both original dockets: 15 cr 643 and 16 cr 371. Supervised release for a term of Three Years. The court makes the following recommendations to the Bureau of Prisons: (1) defendant receive 500 hours of RDAP, and (2) defendant be returned and continue his term of imprisonment at FCI Terminal Island. Special Assessment of $700 which is due immediately. Restitution of $80,817,513.43. You shall commence monthly installment payments equal to 15 percent of your gross income payable on the first of each month upon release from prison. The factors in 3664(1)(2) were taken into account. Restitution in the amount of $43,785,176 of the amount previously mentioned is joint and several with the following defendants in the following cases: Devon Archer, Bevan Cooney, Hugh Dunkerley, John Galanis, Gary Hurst, and Michelle Morton in 16 Cr. 371. Restitution in the amount of $19,018,439.31 is joint and several and Derek Galanis, John Galanis, and Gary Hurst in15 Cr. 643. Restitution in the amount of $18,013,898.12 is not joint and several with other defendants or with others not named here, and it is imposed on Mr. Galanis himself. (Signed by Judge P. Kevin Castel on 9/29/20)(jw) (Entered: 09/30/2020) |
| 10/16/2020 | 559 | TRANSCRIPT of Proceedings as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: Conference held on 9/24/20 before Judge P. Kevin Castel. Court Reporter/Transcriber: Kristen |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/6/2020. Redacted Transcript Deadline set for 11/16/2020. Release of Transcript Restriction set for 1/14/2021. (McGuirk, Kelly) (Entered: 10/16/2020) |
| 10/16/2020 | 560 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. Notice is hereby given that an official transcript of a Conference proceeding held on 9/24/20 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/16/2020) |
| 11/04/2020 | 561 | ORDER OF RESTITUTION as to Jason Galanis. (Signed by Judge P. Kevin Castel on 9/29/2020)(See ORDER as set forth) (lnl) (Entered: 11/04/2020) |
| 11/10/2020 | 562 | SEALED DOCUMENT placed in vault. (jus) (Entered: 11/10/2020) |
| 11/19/2020 | 563 | SERVICE BY PUBLICATION as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. A Notice of Criminal Forfeiture was published in the www.forfeiture.gov on February 27, 2020 through March 27, 2020. Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Mermelstein, Rebecca) (Entered: 11/19/2020) |
| 11/19/2020 | 564 | LETTER MOTION addressed to Judge P. Kevin Castel from Rebecca Mermelstein dated November 19, 2020 re: Final Order of Forfeiture . Document filed by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Attachments: # 1 Text of Proposed Order)(Mermelstein, Rebecca) (Entered: 11/19/2020) |
| 11/19/2020 | 565 | DECLARATION of Rebecca Mermelstein in Support by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels re: 564 LETTER MOTION addressed to Judge P. Kevin Castel from Rebecca Mermelstein dated November 19, 2020 re: Final Order of Forfeiture .. (Mermelstein, Rebecca) (Entered: 11/19/2020) |
| 11/20/2020 | 566 | FINAL ORDER OF FORFEITURE as to Jason Galanis. (Signed by Judge P. Kevin Castel on 11/20/2020) (See ORDER set forth. Forward four certified copies to AUSA Alexander Wilson via interoffice mail) (ap) Modified on 11/20/2020 (ap). (Entered: 11/20/2020) |
| 07/01/2021 | 568 | LETTER by Lawrence Share as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Adam C. Ford dated July 1, 2021 re: Restitution Document filed by Lawrence Share. (Shapiro, Alexander) (Entered: 07/01/2021) |
| 07/01/2021 | 569 | MEMO ENDORSEMENT as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels on re: 568 LETTER by Lawrence Share addressed to Judge P. Kevin Castel from Attorney Adam C. Ford dated July 1, 2021 re: Restitution. ENDORSEMENT: The government shall respond by July 16, 2021. SO ORDERED. (Signed by Judge P. Kevin Castel on |

A-48

| | | |
|---|---|---|
| | | 7/1/2021)(bw) (Entered: 07/02/2021) |
| 07/16/2021 | 571 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 7/16/2021 re: Share restitution letter Document filed by USA. (Mermelstein, Rebecca) (Entered: 07/16/2021) |
| 07/23/2021 | 572 | LETTER by Lawrence Share as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from Adam C. Ford dated July 23, 2021 re: Response to Govt. Document filed by Lawrence Share. (Ford, Adam) (Entered: 07/23/2021) |
| 08/02/2021 | 573 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 8/2/2021 re: Opp to Hirst Supp. 2255 Document filed by USA. (Mermelstein, Rebecca) (Entered: 08/02/2021) |
| 08/12/2021 | 575 | ORDER as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamel: The application of Mr. Share is DENIED. The USAO shall inform Mr. Share of the outcome of the application to the DOJ regarding the "restoration" process. (Signed by Judge P. Kevin Castel on 8/12/2021) (See ORDER set forth) (ap) (Entered: 08/12/2021) |
| 01/24/2022 | 577 | LETTER by USA as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels addressed to Judge P. Kevin Castel from AUSA Rebecca Mermelstein dated 1/24/2022 re: amended restitution order Document filed by USA. (Attachments: # 1 Text of Proposed Order) (Mermelstein, Rebecca) (Entered: 01/24/2022) |
| 01/25/2022 | 578 | ORDER OF RESTITUTION as to Jason Galanis. It is hereby ORDERED that Amount of Restitution. JASON GALANIS, the Defendant, shall pay restitution in the total amount of $80,459,773.43 to the victims of the offenses charged in Counts One through Seven of the above-specified Information. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court. (Signed by Judge P. Kevin Castel on 1/25/22)(jw) (Entered: 01/25/2022) |
| 01/26/2022 | 579 | SEALED DOCUMENT placed in vault. (jus) (Entered: 01/26/2022) |
| 02/23/2024 | 581 | LETTER MOTION addressed to Judge P. Kevin Castel from Lisa Scolari dated February 23, 2024 re: assign counsel and supplemental PSR . Document filed by Jason Galanis as to Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, Ymer Shahini, Gavin Hamels. (Scolari, Lisa) (Entered: 02/23/2024) |
| 02/23/2024 | 582 | MEMO ENDORSEMENT as to Jason Galanis (1) denying 581 LETTER MOTION addressed to Judge P. Kevin Castel from Lisa Scolari dated February 23, 2024 re: assign counsel and supplemental PSR. ENDORSEMENT: Application denied without prejudice if an application is made. SO ORDERED. (Signed by Judge P. Kevin Castel on 2/23/2024) (lnl) (Entered: 02/23/2024) |
| 07/26/2024 | 585 | NOTICE OF ATTORNEY APPEARANCE: David Touger appearing for Jason Galanis. Appearance Type: Retained. (Touger, David) (Entered: 07/26/2024) |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| 08/08/2024 | 586 | FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated July 26, 2024 re: Sentence Modification *redacted*. Document filed by Jason Galanis. (Attachments: # 1 Exhibit Article, # 2 Exhibit Letter of Support)(Touger, David) (Entered: 08/08/2024) |
|---|---|---|
| 08/20/2024 | 588 | LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated August 20, 2024 re: Compassionate Release *supplemental filing*. Document filed by Jason Galanis. (Touger, David) (Entered: 08/20/2024) |
| 09/30/2024 | 589 | THIRD LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated September 30, 2024 re: 586 FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated July 26, 2024 re: Sentence Modification *redacted*. re: Sentence reduction . Document filed by Jason Galanis. (Touger, David) (Entered: 09/30/2024) |
| 10/02/2024 | 590 | ORDER as to Jason Galanis: Jason Galanis has moved for a sentence reduction for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and, separately, for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. (ECF 586-589.) The government is directed to file a response to the motions by December 6, 2024. (Responses due by 12/6/2024) (Signed by Judge P. Kevin Castel on 10/2/2024) (ap) (Entered: 10/02/2024) |
| 11/25/2024 | 592 | LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated November 25, 2024 re: Adjournment of Briefing Schedule . Document filed by USA as to Jason Galanis. (McCann, Dana) (Entered: 11/25/2024) |
| 11/26/2024 | 593 | MEMO ENDORSEMENT 592 LETTER MOTION as to Jason Galanis (1)....ENDORSEMENT...Proposed schedule is adopted. SO ORDERED (Signed by Judge P. Kevin Castel on 11/26/24) (jw) (Entered: 11/26/2024) |
| 11/26/2024 |  | Set/Reset Deadlines/Hearings as to Jason Galanis: Defense Replies due by 2/3/2025. Government Responses due by 1/20/2025. (jw) (Entered: 11/26/2024) |
| 01/07/2025 | 594 | LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated January 7, 2025 re: Request for Limited Unsealing Order . Document filed by USA as to Jason Galanis. (McCann, Dana) (Entered: 01/07/2025) |
| 01/07/2025 | 595 | ENDORSED LETTER as to (15-Cr-643-1) Jason Galanis addressed to Judge P. Kevin Castel from AUSA Dana R. McCann dated January 7, 2025 re: The Government writes to respectfully request that the Court enter a limited unsealing order allowing the Government to view and obtain copies of the unredacted filings associated with the defendant's sentencings in this case, including the parties' sentencing submissions, which were filed under seal. United States v. Galanis, 15 Cr. 643, Dkt. Nos. 376, 552, 556, 586; United States v. Galanis, 16 Cr. 371, Dkt. No. 215.... ENDORSEMENT: Application GRANTED. SO ORDERED. (Signed by Judge P. Kevin Castel on 1/7/2025) (bw) (Entered: 01/07/2025) |
| 01/20/2025 | 596 | LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated January 20, 2025 re: Request for One-Day Adjournment of Filing Deadline Pursuant to Rule 45 . Document filed by USA as to Jason Galanis. (McCann, Dana) (Entered: 01/20/2025) |

SDNY CM/ECF NextGen Version 1.8.3                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| 01/21/2025 | | RESTORATION OF FORFEITED FUNDS RECEIVED. Restoration payment remitted by Jason Galanis from U.S. Marshals Service, in the amount of $2,170,196.34, received by the Clerk's Office on 1/21/2025 to be applied to Restitution. (ehn) (Entered: 01/21/2025) |
| 01/21/2025 | 597 | MEMO ENDORSEMENT as to Jason Galanis (1) granting 596 LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated January 20, 2025 re: Request for One-Day Adjournment of Filing Deadline Pursuant to Rule 45. ENDORSEMENT: Application Granted. (Signed by Judge P. Kevin Castel on 1/21/2025) (ap) (Entered: 01/21/2025) |
| 01/21/2025 | | Set/Reset Deadlines as to Jason Galanis: Responses due by 1/21/2025. (ap) (Entered: 01/21/2025) |
| 01/21/2025 | 598 | MEMORANDUM in Opposition by USA as to Jason Galanis re 589 THIRD LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated September 30, 2024 re: 586 FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated July 26, 2024 re: Sentence Modification *redacted*, *586 FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated July 26, 2024 re: Sentence Modification redacted., 588 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated August 20, 2024 re: Compassionate Release supplemental filing..* (Attachments: # *1* Exhibit A - BOP Medical Records)(McCann, Dana) (Entered: 01/21/2025) |
| 01/27/2025 | 599 | FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated January 27, 2025 re: Extend response date . Document filed by Jason Galanis. (Touger, David) (Entered: 01/27/2025) |
| 01/30/2025 | 600 | MEMO ENDORSEMENT as to Jason Galanis granting 599 FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated January 27, 2025 re: Extend response date. ENDORSEMENT: Application GRANTED. SO ORDERED. (Responses due by 3/1/2025) (Signed by Judge P. Kevin Castel on 1/29/2025) (lnl) (Entered: 01/30/2025) |
| 02/28/2025 | 601 | LETTER RESPONSE in Support of Motion by Jason Galanis addressed to Judge P. Kevin Castel from David Touger dated February 28, 2025 re: 588 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated August 20, 2024 re: Compassionate Release *supplemental filing..* (Touger, David) (Entered: 02/28/2025) |
| 03/28/2025 | 604 | Executive Grant of Clemency by USA as to Jason Galanis. The President of the United States Granted an immediate commutation of the entire sentence to time served with no further fines, restitution, probation or other conditions. (jm) (Entered: 04/09/2025) |
| 04/03/2025 | 602 | LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion *compassionate relief motion.* Document filed by Jason Galanis. (Attachments: # 1 Exhibit Commutation) (Touger, David) (Entered: 04/03/2025) |
| 04/08/2025 | 603 | MEMO ENDORSEMENT as to (15-Cr-643-1) Jason Galanis on re: 602 LETTER MOTION filed by Jason Galanis addressed to Judge P. Kevin Castel from Attorney David Touger dated April 3, 2025 re: Request to withdraw motion compassionate relief motion.... I write respectfully on behalf of Defendant Jason Galanis to withdraw the previously filed motion for compassionate release under |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | 18 U.S.C. § 3582(c)(1)(A) as the issue is now moot.... ENDORSEMENT: Application GRANTED to the extent that the defendant's motion for compassionate release is deemed withdrawn as moot. The government shall respond by April 16 as to its construction of the phrase "no further fines, restitution...." (emphasis added.) SO ORDERED. ( Responses due by 4/16/2025. ) (Signed by Judge P. Kevin Castel on 4/8/2025) (bw) (Entered: 04/08/2025) |
| 05/01/2025 | 605 | LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 1, 2025 re: 602 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion *compassionate relief motion.*, 603 Memo Endorsement, Set Deadlines/Hearings,,,,,, re: Motion for Return of Funds . Document filed by Jason Galanis. (Touger, David) (Entered: 05/01/2025) |
| 05/01/2025 | 606 | LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated May 1, 2025 re: Extension of Time . Document filed by USA as to Jason Galanis. (McCann, Dana) (Entered: 05/01/2025) |
| 05/01/2025 | 607 | MEMO ENDORSEMENT 606 LETTER MOTION as to Jason Galanis (1)...ENDORSEMENT...Application Granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 5/1/25) (jw) (Entered: 05/01/2025) |
| 05/01/2025 | | Set/Reset Deadlines/Hearings as to Jason Galanis: Government Responses due by 5/8/2025. (jw) (Entered: 05/01/2025) |
| 05/07/2025 | 608 | LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated May 7, 2025 re: Adjournment Request . Document filed by USA as to Jason Galanis. (McCann, Dana) (Entered: 05/07/2025) |
| 05/08/2025 | 609 | MEMO ENDORSEMENT as to Jason Galanis (1) granting 608 LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated May 7, 2025 re: Adjournment Request. ENDORSEMENT: Application Granted. (Signed by Judge P. Kevin Castel on 5/8/2025) (ap) (Entered: 05/08/2025) |
| 05/08/2025 | | Set/Reset Deadlines as to Jason Galanis: Responses due by 5/15/2025. (ap) (Entered: 05/08/2025) |
| 05/15/2025 | 610 | MEMORANDUM in Opposition by USA as to Jason Galanis re 605 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 1, 2025 re: 602 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion *compassionate relief, 602 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion compassionate relief motion.. (Attachments: # 1 Exhibit A - Galanis Payment History Reports)(McCann, Dana) (Entered: 05/15/2025)* |
| 05/16/2025 | 611 | FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 16, 2025 re: 605 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 1, 2025 re: 602 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion *compassionate relief, 609 Order on Letter Motion, 607 Order on Letter Motion, 608 LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated May 7, 2025 re: Adjournment Request ., 606 LETTER MOTION addressed to Judge P. Kevin Castel from Dana R. McCann dated May 1, 2025 re: Extension of Time . re: Request for time to Respond to May* |

SDNY CM/ECF NextGen Version 1.8.3

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?199949488888198-L_1_0-1

| | | |
|---|---|---|
| | | *21, 2025. Document filed by Jason Galanis. (Touger, David) (Entered: 05/16/2025)* |
| 05/17/2025 | 612 | MEMO ENDORSEMENT as to Jason Galanis (1) granting 611 FIRST LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 16, 2025. ENDORSEMENT: Application granted. Defendant's reply due May 21, 2025. (Signed by Judge P. Kevin Castel on 5/17/2025) (ap) (Entered: 05/19/2025) |
| 05/17/2025 | | Set/Reset Deadlines as to Jason Galanis: Replies due by 5/21/2025. (ap) (Entered: 05/19/2025) |
| 05/21/2025 | 613 | LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 21, 2025 re: 610 Memorandum in Opposition to Motion,, 605 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated May 1, 2025 re: 602 LETTER MOTION addressed to Judge P. Kevin Castel from David Touger dated April 3, 2025 re: Request to withdraw motion *compassionate relief, 603 Memo Endorsement, Set Deadlines/Hearings,,,,,, re: Return of Funds . Document filed by Jason Galanis. (Touger, David) (Entered: 05/21/2025)* |
| 06/11/2025 | 614 | OPINION AND ORDER as to Jason Galanis. Jason Galanis's motion for an Order ceasing any and all restitution payments in this case and the return of funds held by the Clerk of Court is DENIED. The Clerk is directed to terminate the related letter motions. (ECF 605, 613.) (Signed by Judge P. Kevin Castel on 6/11/2025) (See ORDER set forth) (ap) (Entered: 06/11/2025) |
| 06/13/2025 | 615 | NOTICE OF APPEAL by Jason Galanis from 614 Opinion & Order. Filing fee $ 605.00, receipt number 40677. (nd) (Entered: 06/13/2025) |
| 06/13/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Jason Galanis to US Court of Appeals re: 615 Notice of Appeal. (nd) (Entered: 06/13/2025) |
| 06/13/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Jason Galanis re: 615 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/13/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/25/2025 09:12:39 | | |
| **PACER Login:** cpnycpara16 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:15-cr-00643-PKC |
| **Billable Pages:** 30 | **Cost:** | 3.00 |

6/25/2025, 9:20 AM

# *PELUSO & TOUGER, LLP*
## *70 LAFAYETTE STREET*
## *NEW YORK, NEW YORK 10013*
### *PelusoandTouger.com*

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

By ECF

April 3, 2025

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Jason Galanis, 15 Cr. 643 (PKC)

Dear Judge Castel:

I write respectfully on behalf of Defendant Jason Galanis to withdraw the previously filed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as the issue is now moot.

This withdrawal is prompted by the Executive Grant of Clemency issued on March 20, 2025, by the President of the United States. That commutation granted Mr. Galanis an immediate release from custody and expressly provided that there shall be "AN IMMEDIATE COMMUTATION OF HIS ENTIRE SENTENCE TO TIME SERVED WITH NO FURTHER FINES, RESTITUTION, PROBATION, OR OTHER CONDITIONS." A copy of the commutation is enclosed as Exhibit A.

The President's commutation issued pursuant to his plenary authority under Article II, Section 2 of the U.S. Constitution, carries the full force of law and operates to immediately extinguish the remaining components of a criminal sentence, including restitution and fines. Thus, most respectfully Mr. Galanis would request that the Court issue an Order in accordance with the afore-mentioned commutation ceasing any and all restitution payments by the Clerk of the Court and returning any funds held by the Clerk of the Court for this purpose on behalf of Mr. Galanis to Mr. Galanis.

Thank you for your attention to this matter.

Respectfully submitted,

David Touger

Enclosure: Exhibit A (Presidential Commutation Order)

A-54

# Executive Grant of Clemency

# Donald J. Trump

## *President of the United States of America*

To all to Whom These Presents Shall Come, Greeting:

Be it known, that This Day, I, Donald J. Trump, President of the United States, Pursuant to My Powers Under Article II, Section 2, Clause 1, of the Constitution, Have Granted Unto the Individual Named Below

An Immediate Commutation of His Entire Sentence To Time Served With No Further Fines, Restitution, Probation, Or Other Conditions

For those offenses against the United States individually enumerated and set before me for my consideration:

United States v. Galanis et al., 1:15-cr-643

Jason Galanis

I Hereby Designate, direct, and empower the Attorney General, as my representative, to sign the grant of clemency to the person named herein. The Attorney General shall declare that her action is the act of the President, being performed at my direction.

I Hereby Designate, direct, and empower the Acting Director of the Federal Bureau of Prisons, as my representative, to immediately release the person named herein. The Acting Director of the Federal

A-55

Bureau of Prisons shall declare that his action is the act of the

President, being performed at my direction.

IN TESTIMONY WHEREOF, I have hereunto signed my name and

caused the seal of the Department of Justice to be affixed.

*Done at the City of Washington in the District of Columbia this 2 0ᵗʰ day of March in the year of our Lord Two Thousand Twenty-five and of the Independence of the United States the Two Hundred and Forty-ninth.*

DONALD J. TRUMP
PRESIDENT

A-56

## PELUSO & TOUGER, LLP

### 70 LAFAYETTE STREET

### NEW YORK, NEW YORK 10013

### PelusoandTouger.com

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

By ECF

April 3, 2025

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Jason Galanis, 15 Cr. 643 (PKC)

Dear Judge Castel:

I write respectfully on behalf of Defendant Jason Galanis to withdraw the previously filed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as the issue is now moot.

This withdrawal is prompted by the Executive Grant of Clemency issued on March 20, 2025, by the President of the United States. That commutation granted Mr. Galanis an immediate release from custody and expressly provided that there shall be "AN IMMEDIATE COMMUTATION OF HIS ENTIRE SENTENCE TO TIME SERVED WITH NO FURTHER FINES, RESTITUTION, PROBATION, OR OTHER CONDITIONS." A copy of the commutation is enclosed as Exhibit A.

The President's commutation issued pursuant to his plenary authority under Article II, Section 2 of the U.S. Constitution, carries the full force of law and operates to immediately extinguish the remaining components of a criminal sentence, including restitution and fines. Thus, most respectfully Mr. Galanis would request that the Court issue an Order in accordance with the afore-mentioned commutation ceasing any and all restitution payments by the Clerk of the Court and returning any funds held by the Clerk of the Court for this purpose on behalf of Mr. Galanis to Mr. Galanis.

Thank you for your attention to this matter.

Respectfully submitted,

David Touger

Enclosure: Exhibit A (Presidential Commutation Order)

*[Handwritten annotation:]* Application GRANTED to the defendant's extent that the defendant's motion for compassionate release is deemed withdrawn as moot. The government shall respond by April 16 as to its construction of the phrase "no further fines, restitution..." (emphasis added.)

SO ORDERED.
USDJ.
4-8-25

# Executive Grant of Clemency

# Donald J. Trump

## *President of the United States of America*

To all to Whom These Presents Shall Come, Greeting:

Be it known, that This Day, I, Donald J. Trump, President of the United States, Pursuant to My Powers Under Article II, Section 2, Clause 1, of the Constitution, Have Granted Unto the Individual Named Below

An Immediate Commutation of His Entire Sentence To Time Served With No Further Fines, Restitution, Probation, Or

Other Conditions

For those offenses against the United States individually enumerated and set before me for my consideration:

United States v. Galanis et al., 1:15-cr-643

Jason Galanis

I Hereby Designate, direct, and empower the Attorney General, as my representative, to sign the grant of clemency to the person named herein. The Attorney General shall declare that her action is the act of the President, being performed at my direction.

I Hereby Designate, direct, and empower the Acting Director of the Federal Bureau of Prisons, as my representative, to immediately release the person named herein. The Acting Director of the Federal

A-58

Bureau of Prisons shall declare that his action is the act of the

President, being performed at my direction.

IN TESTIMONY WHEREOF, I have hereunto signed my name and

caused the seal of the Department of Justice to be affixed.

*Done at the City of Washington in the District of Columbia this 20*ᵗʰ *day of March in the year of our Lord Two Thousand Twenty-five and of the Independence of the United States the Two Hundred and Forty-ninth.*

DONALD J. TRUMP
PRESIDENT

A-59

## Executive Grant of Clemency

# Donald J. Trump

## *President of the United States of America*

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

BE IT KNOWN, THAT THIS DAY, I, DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, PURSUANT TO MY POWERS UNDER ARTICLE II, SECTION 2, CLAUSE 1, OF THE CONSTITUTION, HAVE GRANTED UNTO THE INDIVIDUAL NAMED BELOW

AN IMMEDIATE COMMUTATION OF HIS ENTIRE SENTENCE TO TIME SERVED WITH NO FURTHER FINES, RESTITUTION, PROBATION, OR OTHER CONDITIONS

For those offenses against the United States individually enumerated and set before me for my consideration:

United States v. Galanis et al., 1:15-cr-643

United States v. Galanis, S1 16 CR 371-01 (RA)

JASON GALANIS

I HEREBY DESIGNATE, direct, and empower the Attorney General, as my representative, to sign the grant of clemency to the person named herein. The Attorney General shall declare that her action is the act of the President, being performed at my direction.

I HEREBY DESIGNATE, direct, and empower the Acting Director of the Federal Bureau of Prisons, as my representative, to immediately release the person named herein. The Acting Director of the Federal

Bureau of Prisons shall declare that his action is the act of the

President, being performed at my direction.

IN TESTIMONY WHEREOF, I have hereunto signed my name and

caused the seal of the Department of Justice to be affixed.



*Done at the City of Washington in the District of Columbia this 28th day of March in the year of our Lord Two Thousand Twenty-five and of the Independence of the United States the Two Hundred and Forty-ninth.*

DONALD J. TRUMP
PRESIDENT

## *PELUSO & TOUGER, LLP*
### *70 LAFAYETTE STREET*
### *NEW YORK, NEW YORK 10013*
### *PelusoandTouger.com*

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

May 1, 2025
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Jason Galanis, 15 Cr. 643 (PKC)

Your Honor:

It has been 2 weeks since the Court directed deadline for the Government to respond to Mr. Galanis' motion for repayment of funds currently held by the Clerk of the Southern District of New York that were surrendered by Mr. Galanis pursuant to a plea agreement expressly linking forfeiture to the satisfaction of restitution—an obligation that has been extinguished by the March 20, 2025, Presidential Commutation. Accordingly, and for the additional reasons set forth below, Mr. Galanis respectfully requests that the Court now grant the requested relief and order the return of the funds to undersigned counsel's IOLA account.

**PRELIMINARY STATEMENT**

The funds in question remain in federal custody following a Presidential Commutation that expressly extinguished all remaining restitution and related financial obligations. As detailed below, the continued retention of these funds is unsupported by statute, inconsistent with the terms of the plea agreement, and in direct conflict with the legal framework set forth by the government for forfeiture and restoration in its July 16, 2021 letter to this Court (ECF No. 571).

This motion does not request that the Court modify the forfeiture order. Rather, it seeks the relief authorized by Rule 41(g): return of property unlawfully retained after the sole basis for that retention—restitution—has been extinguished by a valid act of executive clemency.

**I. JURISDICTION AND LEGAL STANDARD**

Federal courts retain equitable jurisdiction under Rule 41(g) to review post-conviction motions for return of property. See *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994); *Soviero v. United States*, 967 F.2d 791, 792–93 (2d Cir. 1992). A motion may proceed where the government's

1

continued possession of property lacks a valid statutory, penal, or equitable basis. See *United States v. Dusenbery*, 534 U.S. 161, 167–68 (2002); *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). Furthermore, as clearly stated in *Chambers*, "the burden shifts to the government when the criminal proceedings have terminated.  At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. *Id.; see also Edwards,* 903 F.2d at 274 (after termination of criminal proceedings, the government must show "that it had a legitimate reason not to return the property to the person from whom it was seized"). The government may meet this burden by demonstrating "a cognizable claim of ownership or right to possession" adverse to that of the movant.  *Chambers* at 377.  Here, the government cannot meet this burden and has not even attempted to do so, as the obligation has been extinguished by the clear language of the March 20, 2025 Presidential Commutation.

Since the government does not retain a legitimate interest in the subject property it must be returned. See *Cardona-Sandoval v. United States*, 518 F.3d 13, 16 (1st Cir. 2008).

## II. FACTUAL BACKGROUND

On January 31, 2020, Mr. Galanis entered a guilty plea pursuant to a written agreement with the United States Attorney's Office for the Southern District of New York. On that same day, the Court entered a consent preliminary forfeiture order. A final restitution order followed on November 4, 2020, and a final forfeiture order was entered on November 20, 2020. (ECF No. 561).

As set forth in Paragraphs 8 through 12 of the plea agreement, Mr. Galanis consented to the forfeiture of specific assets—principally, proceeds from the sale of California property held through a trust structure—as a means of satisfying the financial obligations of his judgment. The forfeiture was not presented or understood as a separate criminal penalty; it was explicitly tied to the restitution obligation under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A.

The property in question was indisputably owned by a family trust through its single asset LLC created in 2011 solely for the benefit of Mr. Galanis—years before the conduct charged in the Wakpamni bond matter. The LLC held direct legal title; the trust held sole beneficial ownership. The United States District Court for the Southern District of New York subsequently entered a stipulation and order resolving all potential third-party claims to the California property proceeds, confirming the finality of the forfeiture and barring any renewed claims. Such a stipulation, once entered voluntarily and approved by the Court, is binding and enforceable absent fraud or mutual mistake. See *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *In re Refco Inc.*, 505 F.3d 109, 116 (2d Cir. 2007).

The government, by its own admission, did not initiate the administrative restoration process with the DOJ's Money Laundering and Asset Recovery Section ("MLARS") until February 2021—months after both restitution and forfeiture had been finalized. (ECF No. 571 at 3). No evidence has been presented that MLARS ever approved the request. Subsequently, on March 20, 2025, the President of the United States granted Mr. Galanis a commutation stating that he "shall owe **no further fines, restitution, or other financial obligations related to his conviction**." The funds

2

at issue remain in federal custody, undisbursed and unapplied and thus, should be returned as requested.

The docket reflects that the U.S. Marshals Service transferred the forfeited funds on January 21, 2025— a day after Inauguration Day—more than eight years after the funds were initially surrendered pursuant to a Court-approved stipulation and order entered on December 8, 2016, which resolved all third-party claims to the California property proceeds. The transfer, recorded in a docket entry dated January 21, 2025, characterized the assets as "forfeited funds," and appears to reflect the first documented movement of the proceeds in the intervening years. On February 28, 2025, Mr. Galanis filed a reply in further support of his pending motion for compassionate release—originally filed on July 26, 2024—responding to the government's opposition. On April 3, 2025, undersigned counsel submitted a letter motion requesting the return of the forfeited funds and, in the same submission, asked that the Court deem the pending compassionate release motion moot in light of the March 20, 2025 Presidential Commutation. On April 8, 2025, the Court issued an order directing the government to submit its construction of the phrase "no further fines, restitution…" as used in the clemency warrant. Two weeks have passed since the Court directed deadline and the government has not responded.

## III. THE GOVERNMENT'S FRAMEWORK REQUIRES RETURN OF THE FUNDS

The government's own submissions to this Court—specifically its July 16, 2021 letter (ECF No. 571)—set forth a clear and binding legal framework governing the treatment of forfeited assets. Under that framework, the continued retention of the funds at issue is unlawful following the commutation of Mr. Galanis's sentence and the extinguishment of all his restitution obligations.

First, the government acknowledges that forfeiture and restitution are distinct legal remedies that serve different purposes. As stated in its letter and supported by case law, restitution is designed to compensate victims, while forfeiture operates as a punitive measure by which the government seizes assets derived from criminal conduct. See *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014); *United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012). Thus, the existence or non-existence of a restitution order has no bearing on the enforceability of a final order of forfeiture—unless the government seeks to apply those funds toward restitution through the authorized administrative process.

Second, the government expressly states that neither courts nor defendants have authority to direct the application of forfeited funds to restitution. See ECF No. 571 at 3 (citing *United States v. Bodouva*, 853 F.3d 76, 78–79 (2d Cir. 2017)). That power rests solely with the Department of Justice, and more specifically, with the Chief of the Money Laundering and Asset Recovery Section ("MLARS"), acting under delegated authority from the Attorney General. See *United States v. Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011); *Lavin v. United States*, 299 F.3d 123, 127–28 (2d Cir. 2002); 21 U.S.C. § 853(i)(1); 28 C.F.R. § 9.1(b)(2).

Third, and critically, the government acknowledges that the process of restoration—through which forfeited funds may be applied to restitution—is entirely discretionary and requires the continued legal enforceability of the restitution order. In other words, once restitution is no longer operative,

3

A-64

the basis for restoration is extinguished as well. See *United States v. Cohan*, 988 F. Supp. 2d 323, 329 (E.D.N.Y. 2013).

Here, the government did not submit a restoration request to MLARS until February 2021. As of July 2021, the request remained pending. No evidence exists that MLARS ever approved that request. Subsequently, the President of the United States granted Mr. Galanis executive clemency, expressly providing that he "shall owe no further fines, restitution, or other financial obligations related to his conviction." With the restitution order extinguished and the restoration process incomplete, there is no longer any statutory or administrative basis for the government to hold these funds. It must be remembered that the funds in question were received solely for the purpose of restitution, which was never effectuated by the government.

Respectfully, the government cannot assert a legal entitlement to retain assets under a process it admits is time-bound, discretionary, and now unavailable. The forfeited funds at issue are no longer tethered to any valid penal or remedial purpose. Under the government's own framework, their continued retention is improper and must be corrected through the relief afforded by Rule 41(g).

Moreover, DOJ policy, as articulated in Chapter 14 of the Asset Forfeiture Policy Manual, makes clear that the application of forfeited funds to restitution is not automatic and must follow a formal administrative process. Specifically, "[r]estoration requires both a federal court order of restitution and an order or declaration of forfeiture. Because restoration decisions must be approved by the Chief of MLARS (as delegated by the Attorney General), the USAO a court may not unilaterally direct forfeited assets to be applied to restitution or decrease restitution orders by the value of forfeited assets." (DOJ Asset Forfeiture Policy Manual, Ch. 14, p. 252, 2016 ed.). This structure confirms that unless MLARS affirmatively approves restoration while the restitution order remains legally enforceable, no mechanism exists to use forfeited funds for restitution. In this case, no such approval was secured prior to the March 20, 2025, Presidential Commutation. DOJ's own policy framework therefore reinforces the constitutional infirmity of continued retention: once restitution has been extinguished, forfeited funds held for that purpose must be returned, or else their continued custody violates both administrative procedure and due process.

## IV. THE FINALITY OF FORFEITURE CANNOT OVERRIDE CLEMENCY

The Court may be considering that because the funds were judicially forfeited, the finality of the forfeiture order insulates its retention. This would be a miscalculation. While title to forfeited property may pass to the United States, its **continued retention** must serve a lawful and active penal or remedial purpose. See *United States v. Trotter*, 912 F.2d 964, 966 (8th Cir. 1990) (forfeiture is punitive, not remedial); *United States v. Cohan*, 988 F. Supp. 2d 323, 329 (E.D.N.Y. 2013) (courts lack equitable power over forfeited assets). Again, it must remembered that these funds according to the plea agreement were collected for restitution specifically not merely for forfeiture.

Here, the punishment has been **commuted**. Forfeiture as a penalty cannot survive once the sentence and its monetary consequences have been vacated by executive clemency. Retaining

forfeited funds under these circumstances **converts a penal tool into a revenue windfall**, violating both due process and the Fifth Amendment.

In the alternative, even assuming that the Chief of the Money Laundering and Asset Recovery Section ("MLARS") did approve the restoration of seized or forfeited assets for victim restitution prior to the issuance of the commutation, that administrative approval does not override the President's subsequent Executive Grant of Clemency. The Supreme Court has long recognized that the President's clemency power under Article II, Section 2 of the Constitution is broad and not subject to curtailment by other branches or by internal Department of Justice procedures. See *Schick v. Reed*, 419 U.S. 256, 266–67 (1974); *Biddle v. Perovich*, 274 U.S. 480, 486 (1927).

Here, the Executive Grant of Clemency states that Mr. Galanis's sentence is commuted to time served "with no further fines, restitution, probation, or other conditions." Because restitution is undeniably part of the sentence under federal law, see *Paroline v. United States*, 572 U.S. 434, 443–44 (2014), the explicit inclusion of "no further … restitution" precludes any lingering obligation or payment. Even if MLARS had fully authorized restitution disbursements from seized funds prior to the commutation, it could only be effective if the funds were actually disbursed to the victims before the Presidential clemency took effect. A partial or incomplete administrative step cannot persist once the superior constitutional authority of a Presidential Commutation has negated all restitution obligations.

Furthermore, federal courts have consistently enforced the exact language of a commutation order. Compare *United States v. Esformes*, 60 F.4th 621 (11th Cir. 2023) (where the grant of clemency explicitly reserved restitution, courts deemed it still enforceable) with situations in which commutations state no further restitution, thereby extinguishing the obligation entirely. The Government's internal processes cannot nullify the clearly stated terms of the Executive Grant of Clemency.

## V. CONTINUED RETENTION VIOLATES DUE PROCESS AND THE TAKINGS CLAUSE

The Supreme Court has held that the government may not retain seized funds once the legal basis for their confiscation has been eliminated. In *Nelson v. Colorado*, 581 U.S. 128 (2017), the Court made clear that due process prohibits the continued detention of property absent a valid conviction or enforceable judgment. Writing for the majority, Justice Ginsburg stated:

*"Colorado may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions."* Id. at 136.

That principle applies with full force here. The restitution order has been extinguished by a Presidential Commutation, and no administrative restoration was completed. The indefinite retention of the funds—without disbursement, judicial directive, or pending legal obligation—violates procedural due process. It also constitutes a taking without just compensation in violation of the Fifth Amendment. See *Horne v. Department of Agriculture*, 576 U.S. 350, 361 (2015) ("A physical appropriation of property… is a per se taking.").

5

A-66

## VI. LEGAL CONSEQUENCES OF THE PRESIDENTIAL COMMUTATION AND ITS EXPRESS FINANCIAL TERMS

The language of the Presidential Commutation is explicit and unqualified. It provides that Mr. Galanis "shall owe no further fines, restitution, or other financial obligations." This provision is not merely precatory—it is legally dispositive. Courts and commentators alike distinguish between clemency orders that are silent as to financial penalties and those that expressly extinguish them. See *Biddle v. Perovich*, 274 U.S. 480, 486 (1927). **Where a commutation is silent, courts may presume only the custodial sentence is remitted.** But where, as here, the President has plainly included financial obligations in the clemency grant, that language **must be given full effect.**

This is not a situation where ambiguity in the clemency terms allows the government to retain possession. The Executive Branch chose to speak clearly. The inclusion of restitution and fines within the clemency instrument constitutes a deliberate and binding exercise of constitutional authority. As the Supreme Court held in *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833), a pardon or commutation "exempts the individual from the punishment the law inflicts." That exemption, when phrased in such categorical terms, must be honored.

The Court's April 8, 2025, directive specifically called for the government's interpretation of the phrase "no further fines, restitution, or other financial obligations." The use of the word "further" is legally significant and warrants focused analysis as directed by this court. In clemency jurisprudence, "further" is not surplusage; it acts as a temporal and functional delimiter, distinguishing between obligations that have already been executed—such as amounts paid to victims, judgments fully satisfied, or fines collected—and those that remain pending, unexecuted, or in custodial limbo. The term serves to clarify the scope of the commutation by extinguishing all remaining obligations not yet fulfilled at the time of its issuance. See *Biddle v. Perovich*, 274 U.S. 480, 486 (1927) (clemency extinguishes the "part of the sentence yet to be served").

In this case, the funds at issue were not disbursed to victims, not credited against any live restitution balance, and not applied through the DOJ's restoration process. It remains in the possession of the United States government, undirected and unallocated. That makes it, by definition, a "further" obligation—unexecuted at the time of the commutation, and thus within the express reach of the President's grant of clemency. The Court's question was appropriately framed around this term, and the absence of any government response only reinforces the conclusion that these funds fall squarely within the class of extinguished obligations. In this posture, continued retention of the funds is not merely unauthorized—it is contrary to the plain language of the President's order and the settled principles governing the effect of clemency.

The March 20, 2025 Presidential Commutation not only granted clemency to Mr. Galanis, but also expressly directed that the Attorney General "cause the foregoing to be carried into full force and effect." That language is not ceremonial—it reflects a constitutionally grounded duty to ensure that the clemency grant is implemented in practice, including its express extinguishment of "any further fines, restitution, or other financial obligations." This motion does not question the Attorney General's actions in any way, rather the continued retention of forfeited funds in the custody of the Southern District of New York suggests that implementation at the operational level

remains incomplete. While MLARS never approved restoration, and restitution has been extinguished, the funds remain undisbursed, their purpose unfulfilled.

At this juncture, it is the Court that is best positioned to ensure the President's order is fully respected. In *Schick v. Reed*, 419 U.S. 256, 266 (1974), the Supreme Court recognized that the President's clemency power includes authority to determine "the manner in which the sentence shall be carried into execution." The Attorney General's direction to "cause" clemency to take effect necessarily includes eliminating enforcement efforts by the SDNY that clemency has rendered moot. In this context, a Rule 41(g) order directing the return of funds no longer supported by restitution would not conflict with DOJ policy—it would facilitate the final execution of a constitutionally binding act of clemency and the SDNY should be so directed.

## VII. IN CONCLUSION

As a matter of constitutional law and settled precedent, this commutation terminated all penal consequences associated with the conviction. No sentencing obligations remain. No forfeiture proceedings are pending. And the Department of Justice has not only not made any filing to assert a continuing claim to the funds, they have ignored a Court Order to do so. Furthermore, the restitution order that once underpinned the Government's interest in the forfeited funds is now legally void. The law requires that the burden in such cases shifts to the Government to demonstrate a legitimate basis for continued possession. It obviously has not done so. In equitable civil proceedings such as Rule 41(g) motions, Fed. R. Civ. P. 8(b)(6) deems any un-denied allegation "admitted." The allegation here is that the Executive Grant of Clemency eliminates "all further … restitution." By declining to deny that point, the Department of Justice has admitted—and therefore adopted—Defendant's construction of the Presidential Commutation.

With both elements of Rule 41 met, (1) conclusion of criminal proceedings (which is indisputable herein due to the Presidential Commutation), and (2) the lack of government interest in the property at issue (now indisputable due to the law and lack of a government response herein and unequivocable language of the Presidential Commutation), Rule 41(g) relief is not merely available—it is compelled by the equities and the law.

## VIII. RELIEF REQUESTED

For the reasons stated above, and in view of the extinguished restitution obligation and the government's non-response to the Court's April 8 directive, Mr. Galanis respectfully requests that the Court issue an order directing the immediate return of the $2.17 million in forfeited funds to undersigned counsel's IOLA account (Touger Trust Account).

Respectfully submitted,

David Touger



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 1, 2025

**BY CM/ECF AND EMAIL**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
New York, New York 10007

      **Re:**    *United States v. Jason Galanis*, **15 Cr. 643 (PKC)**

Dear Judge Castel:

      The Government respectfully requests an extension of time to respond to the defendant's motion for repayment of restitution funds, which was filed in the above-captioned case on April 3, 2025. (Dkt. 602).

      On April 3, 2025, the Court set a deadline of April 16, 2025, for the Government to respond to the defendant's request. (Dkt. 603). In error, the undersigned counsel for the Government inadvertently did not timely respond. Accordingly, the Government requests this additional time in order to consider the Government's position on the request and draft its response. The Government respectfully requests leave to file its response one week from today, on May 8, 2025.

                      Respectfully submitted,

                      JAY CLAYTON
                      United States Attorney

         By:   /s/ *Dana R. McCann*
              Dana R. McCann
              Assistant United States Attorney
              Southern District of New York
              (212) 637-2308

cc: Counsel for Defendant Jason Galanis (by ECF)

A-69



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 1, 2025

**BY CM/ECF AND EMAIL**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
New York, New York 10007

     **Re:**    ***United States v. Jason Galanis*, 15 Cr. 643 (PKC)**

Dear Judge Castel:

     The Government respectfully requests an extension of time to respond to the defendant's motion for repayment of restitution funds, which was filed in the above-captioned case on April 3, 2025. (Dkt. 602).

     On April 3, 2025, the Court set a deadline of April 16, 2025, for the Government to respond to the defendant's request. (Dkt. 603). In error, the undersigned counsel for the Government inadvertently did not timely respond. Accordingly, the Government requests this additional time in order to consider the Government's position on the request and draft its response. The Government respectfully requests leave to file its response one week from today, on May 8, 2025.

Application Granted.
SO ORDERED.
Dated:  5/1/2025

P. Kevin Castel
United States District Judge

     Respectfully submitted,

     JAY CLAYTON
     United States Attorney

     By:   /s/ *Dana R. McCann*
        Dana R. McCann
        Assistant United States Attorney
        Southern District of New York
        (212) 637-2308

cc: Counsel for Defendant Jason Galanis (by ECF)

A-70



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 7, 2025

**BY CM/ECF AND EMAIL**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
New York, New York 10007

    **Re:**    *United States v. Jason Galanis*, **15 Cr. 643 (PKC)**

Dear Judge Castel:

    The Government respectfully requests a one-week adjournment of the May 8, 2025 deadline to respond to the defendant's motion for repayment of restitution funds, which was filed in the above-captioned case on April 3, 2025 and supplemented on May 1, 2025. (Dkt. 602, 605). Since May 1, 2025, the Government has been working diligently to develop its position on the defense's request, and the Government requests this brief adjournment to permit it to complete some additional factual and legal investigation needed to finalize its position. Accordingly, the Government respectfully requests leave to file its response on May 15, 2025. The defense takes no position on this request.

                    Respectfully submitted,

                    JAY CLAYTON
                    United States Attorney

        By:   /s/ *Dana R. McCann*        
             Dana R. McCann
             Assistant United States Attorney
             Southern District of New York
             (212) 637-2308

cc: Counsel for Defendant Jason Galanis (by ECF and email)

A-71

Case 1:15-cr-00643-PKC   Document 609   Filed 05/08/25   Page 1 of 1
Case 1:15-cr-00643-PKC   Document 608   Filed 05/07/25   Page 1 of 1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 7, 2025

**BY CM/ECF AND EMAIL**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
New York, New York 10007

     **Re:**   *United States v. Jason Galanis*, 15 Cr. 643 (PKC)

Dear Judge Castel:

    The Government respectfully requests a one-week adjournment of the May 8, 2025 deadline to respond to the defendant's motion for repayment of restitution funds, which was filed in the above-captioned case on April 3, 2025 and supplemented on May 1, 2025. (Dkt. 602, 605). Since May 1, 2025, the Government has been working diligently to develop its position on the defense's request, and the Government requests this brief adjournment to permit it to complete some additional factual and legal investigation needed to finalize its position. Accordingly, the Government respectfully requests leave to file its response on May 15, 2025. The defense takes no position on this request.

                                Respectfully submitted,

                                JAY CLAYTON
Application Granted.                United States Attorney

So Ordered:                    By:  */s/ Dana R. McCann*
        Hon. P. Kevin Castel, U.S.D.J.    Dana R. McCann
            5 - 8 - 25           Assistant United States Attorney
                                Southern District of New York
                                (212) 637-2308

cc: Counsel for Defendant Jason Galanis (by ECF and email)

A-72



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal*
*Building  26 Federal Plaza,*
*37th Floor*
*New York, New York 10278*

May 15, 2025

**BY ECF AND EMAIL**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   *United States v. Jason Galanis*, 15 Cr. 643 (PKC)

Dear Judge Castel:

The Government respectfully writes in opposition to defendant Jason Galanis's motion for the return of payments made pursuant to the Court's orders of forfeiture and restitution, which was filed on April 8, 2025 (Dkt. 602) and supplemented on May 1, 2025 (Dkt. 605 (the "Motion" or "Mot.")).[1]  For the reasons set forth below, the Motion should be denied.  First, by its own terms the March 28, 2025 executive grant of clemency is a commutation of the defendant's sentence that relieves Galanis from "further fines [or] restitution," but does not extend to any fines or restitution already paid by Galanis (the "Commutation Order," Dkt. 604). Second, the Commutation Order does not and could not restore funds or property that have vested in other parties as a result of Galanis's conviction.  In particular, the funds that were seized and forfeited to the United States pursuant to the final order of forfeiture in this case, which represent virtually all of the money recovered from Galanis, have vested in the United States and Galanis cannot recover those funds.  Accordingly, Galanis's motion should be denied.

## I.     Background

This case arises from Jason Galanis's participation in two fraud schemes—the Gerova Scheme and the Wakpamni Scheme—through which Galanis and his co-defendants engaged in market manipulation and securities fraud.  In the Gerova Scheme, Galanis devised and executed a plan to manipulate the price of and acquire shares of a publicly traded company to profit from

---

[1] Unless otherwise specified, "Dkt." refers to the docket entry in *United States v. Galanis*, 15 Cr. 643 (PKC).

its sale. In the Wakpamni Scheme, Galanis victimized a Native American Tribe by causing it to issue bonds under the false promise of money needed for development projects and the ability to repay investors in the bonds through secure annuity investments. Galanis also defrauded victims who invested in pension funds held for the benefit of, among others, transit workers, longshoremen, housing authority workers, and city employees by investing their money in the illiquid Wakpamni bonds. As a result of the Gerova and Wakpamni Schemes, to which Galanis pleaded guilty, Galanis and Galanis-controlled entities and accounts received millions of dollars of illicit proceeds while victims of his offenses suffered financial devastation.[2]

On January 31, 2020, Galanis pleaded guilty pursuant to a plea agreement to conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, conspiracy to commit investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17, and conspiracy to commit investment adviser fraud, in violation of 18 U.S.C. § 371. Pursuant to the plea agreement, Galanis agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461, property derived from proceeds traceable to the commission of the offenses as well as certain specific property. In addition, Galanis agreed to pay restitution in an amount ordered by the Court.

On September 24, 2020, the Court sentenced Galanis to 189 months' imprisonment and three years of supervised release. In addition, as a result of Galanis's conviction, the Court waived the fine and ordered restitution, forfeiture, and a special assessment. *See* Judgment (Dkt. 558). Specifically, the Court ordered restitution in an amount that was later amended. On January 25, 2022, the Court entered an amended final order of restitution directing Galanis to pay restitution in the total amount of $80,459,773.43 with specific amounts owed to enumerated victims. (Dkt. 578 ("Restitution Order")). Records from the Department of Justice's Consolidated Debt Collection System show that while he was incarcerated, Galanis made periodic payments through the Bureau of Prisons, typically in the amount of approximately $50. *See* Exhibit A, Galanis Payment History Reports ("Ex. A"). In total, Galanis paid approximately $2,524.84 prior to his March 28, 2025 release (the "Payments"). (*See* Ex. A at 1-2).

On November 20, 2020, the Court entered a final order of forfeiture which imposed a money judgment in the amount of $80,869,117.10 as well as the forfeiture of all right, title, and interest in the following specific property: (i) $2,170,000 representing the sale proceeds of 1920 Bel Air Road, Los Angeles, California 90077, and (ii) $11,000,000 representing the sale proceeds of 260 West Broadway, Unit 1, New York, New York 10013. (Dkt. 566 ("Forfeiture Order")). The Forfeiture Order provides that, "[a]ll right, title, and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law." (Forfeiture Order at 2). Because of a lien on the West Broadway Property and other

---

[2] Galanis was initially convicted in two separate cases—*United States v. Galanis*, 15 Cr. 643 (PKC), which covered the Gerova Scheme, and *United States v. Galanis*, 16 Cr. 371 (RA), which covered the Wakpamni Scheme. Galanis appealed his convictions in the Gerova and Wakpamni cases on ineffective assistance of counsel grounds. On October 4, 2019, the Court vacated Galanis's convictions following a decision issued by the Second Circuit and upon the Government's consent to a vacatur of Galanis's Gerova and Wakpamni convictions for the purpose of pursuing a joint plea offer. (Dkt. 502). On January 31, 2020, Galanis pleaded guilty to a seven-count superseding information that encompassed the conduct related to the Gerova and Wakpamni Schemes.

expenses, the net forfeiture proceeds that the United States obtained pursuant to the Forfeiture Order amounted to approximately $2,170,196.34 (the "Forfeiture Proceeds").[3]

On or about December 23, 2024, the Department of Justice's Money Laundering and Asset Recovery Section ("MLARS") granted the Government's request for restoration in this case. On January 21, 2025, in accordance with the restoration process, the United States Marshals Service (the "USMS") transferred the Forfeiture Proceeds totaling approximately $2,170,196.34 to the Clerk of Court for the Southern District of New York for the purpose of applying the funds toward the Galanis's restitution obligation.

On March 28, 2025, the President of the United States issued the Commutation Order, granting an immediate commutation of Galanis's sentence "to time served with no further fines, restitution, probation or other conditions." Galanis now seeks the return of any and all funds held by the Clerk of Court.

## II. The Court Should Deny Galanis's Motion for the Return of Payments

Galanis's motion for the return of payments should be denied because the Commutation Order applies to future financial obligations—not past payments—and, therefore, Galanis has no lawful claim to any funds held by the Clerk of Court. In addition, because virtually all of the money that has been paid to the Clerk of Court was a payment made by the United States of Forfeiture Proceeds that had vested in the United States, Galanis could not recover those funds in any event.

### A. The Plain Language of the Commutation Order Does Not Entitle Galanis to the Return of the Outstanding Funds

Galanis argues that the Commutation Order "extinguishes" restitution and requires the return of any funds held by the Clerk of the Court. (Mot. at 5). That interpretation is contrary to the plain language of the Commutation Order. While Galanis may no longer be required to make further restitution payments, the Commutation Order does not include any language concerning any payments that Galanis already made or property that was already seized from Galanis.

A commutation does not change the fact of conviction. *See Andrews v. Warden*, 958 F.3d 1072, 1077 (11th Cir. 2020) ("To cut short a sentence by an act of clemency is an exercise of executive power which abridges the *enforcement* of the judgment, but does not alter it *qua* judgment.") (quoting *United States v. Benz*, 282 U.S. 304, 311 (1931)). Thus, Galanis's suggestion that the Commutation Order means that he is no longer guilty of any crime is meritless. (Mot. at 5). Further, the text of the Commutation Order governs the Court's review. *See, e.g.*, *Warden*, 958 F.3d at 1078 (concluding that the text of the commutation order governs its review; *United States v. Wilson*, No. 23 Cr. 427 (DLF), 2025 WL 1009047, at *3 (D.D.C. Mar. 13, 2025) ("Because the text of the pardon governs a court's review, courts use ordinary tools of statutory interpretation to determine the meaning of a pardon.") (internal quotation marks omitted). Courts, therefore, "may not alter a President's commutation," or disregard the conditions the President

---

[3] Initial payments received from Galanis and reflected in the DOJ's Consolidated Debt Collection System payment history reports were applied toward his special assessment then restitution, in accordance with 18 U.S.C. § 3612(c). (*See* Ex. A at 2).

3

places on a commutation. *Dennis v. Terris*, 927 F.3d 955, 959 (6th Cir. 2019) (quoting *Schick v. Reed*, 419 U.S. 256, 264 (1974)).

Here, the Commutation Order is clear; it commutes "*further* fines [and] restitution," not restitution that Galanis has already paid. (Commutation Order at 1 (emphasis added)). Galanis relies on the Commutation Order as the sole authority to support his argument that he has a lawful claim to the Payments and Forfeiture Proceeds and, therefore, is entitled to their return. (Mot. at 3, 6-7). However, the plain text of the Commutation Order controls. *See Wilson*, 2025 WL 1009047, at *4 ("When the language of a document with the force of law is plain, "the sole function of the courts is to enforce it according to its terms.") (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). The plain and unambiguous language of the Commutation Order applies to future financial obligations—not past payments. The directive is an explicit limitation on future restitution, not a reversal of restitution already paid, and its limiting language should be given effect. Galanis's attempt to manufacture an ambiguity where none exists should be rejected. *See United States v. Batchelder*, 442 U.S. 114, 121-22 (1979); *see also Wilson*, 2025 WL 1009047, at *4 (applying the plain meaning principle to pardons). In fact, any return of Galanis's past payments contravenes the forward-looking condition that the Commutation Order imposes.

### B. Galanis Cannot Recover Funds That Have Vested in the United States or in Victims

Even if the Commutation Order could be construed as applying to past payments (which it cannot), the law interpreting the scope of the pardon power makes clear that an executive grant of clemency cannot restore property or interests that have already vested in another party. Here, almost all the money that was recovered from Galanis came through the Forfeiture Proceeds, which vested in the United States by virtue of the Forfeiture Order, and thus cannot be restored to Galanis.

The Constitution gives the President "Power to grant Reprieves and Pardons for Offences against the United States." U.S. Const. art. II § 2. This power includes the power to grant pardons and the adjacent authority to commute sentences. *See Schick v. Reed*, 419 U.S. 256, 265-66 (1974). While a pardon "generally negate[s] the effects of [an] underlying conviction," a 'commutation' leaves the conviction in place and lessens the sentence in some way." *Rosemond v. Hudgins*, 92 F.4th 518, 525 n.5 (4th Cir. 2024) (citing *Schick*, 419 U.S. at 266). Therefore, a commutation does not create an "executive sentence." *Andrews*, 958 F.3d at 1077 (quoting *Dennis v. Terris*, 927 F.3d 955, 959 (6th Cir. 2019)). Rather, a "commutation changes only how the sentence is carried out by switching out a greater punishment for a lesser one." *Dennis*, 927 F.3d at 958. Further, the "ability to recoup property lost pursuant to a criminal conviction is a limited one" because "[p]ardons do not affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024), *aff'd,* No. 2024-2260, 2025 WL 1077679 (Fed. Cir. Apr. 10, 2025) (quoting *Knote v. United States*, 95 U.S. 149, 154 (1877)) (internal quotation marks omitted).

Whether a claimant may recover property lost due to an offense "depends on whether the property rights have vested in another party." *Boultbee*, 2024 WL 3220261, at *3. "A property interest is considered vested once the property has 'passed out of the jurisdiction of the officer or tribunal' to another party, including the U.S. Treasury." *Id.* (quoting *Knote*, 95 U.S. at 154). Indeed, because the Appropriations Clause of the Constitution mandates that "no Money may be drawn from the Treasury but in Consequence of Appropriations made by Law," U.S. Const. Art.

4

I, § 9, cl. 7, when the proceeds of a forfeiture "have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.* (quoting *Knote*, 95 U.S. at 154) (internal quotation mark omitted).

The Supreme Court's decision in *Knote* dealt with the presidential pardon of Confederate soldiers and officers after the Civil War. There, the United States had seized property from the claimant "on account of his treason and rebellion," had sold the seized property, and "the net proceeds of the sale, amounting to the sum of $11,000, were paid into the treasury of the United States." *Knote*, 95 U.S. at 149. After the issuance of the presidential pardon, the claimant sought return of the proceeds. The Supreme Court squarely rejected that claim. Because the proceeds had been "paid into the treasury," they were "vested in the United States." *Id.* at 154. The pardon power simply "cannot touch moneys in the treasury of the United States, except expressly authorized by act of Congress." *Id.*

*Knote* controls here. Just as in *Knote*, this case involves the proceeds of property that was seized from the defendant and sold. This Court then entered the Forfeiture Order, which provided that the Forfeiture Proceeds were "hereby forfeited and vested in the United States of America, and shall be disposed of according to law." (Forfeiture Order at 2). Pursuant to Department of Justice policy, the Forfeiture Proceeds were transferred to the Assets Forfeiture Fund. *See* Justice Manual § 9-117.000 (upon entry of a judgment of forfeiture, "the USMS will immediately transfer the forfeited cash to the Assets Forfeiture Fund"). The Assets Forfeiture Fund is part of the United States Treasury, and thus money deposited in the Assets Forfeiture Fund pursuant to a final order of forfeiture is fully vested in the United States. 28 U.S.C. § 524(c)(1) ("There is established in the United States Treasury a special fund to be known as the Department of Justice Assets Forfeiture Fund . . . ."). When the Forfeiture Proceeds were vested in the United States, the money became the Government's property, and the Government had no obligation to use this money to provide restitution to the victims of Galanis's crimes. *See United States v. Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011) (explaining that the Attorney General has the discretion to retain forfeited funds or to use them to provide restoration to victims).

After the Forfeiture Proceeds were vested in the United States, the Department of Justice's Money Laundering and Asset Recovery Section approved the use of that money for restoration to victims of Galanis's crimes. This is a Congressionally authorized use of those funds. *See* 18 U.S.C. § 981(e)(6) (authorizing Attorney General to use forfeited funds "as restoration to any victim of the offense giving rise to forfeiture"). Thus, when the Forfeiture Proceeds were transferred to the Clerk of Court, that represented a decision by the United States Government regarding its own property, not property of Galanis. Galanis no longer had any interest in that property and so cannot claim any right to recover that property based on the Commutation Order.

Separate from the Forfeiture Proceeds, Galanis made $2,524.84 in Payments while he was incarcerated. (*See* Ex. A at 1). As noted above, those past payments are outside the scope of the Commutation Order and thus cannot be recovered by Galanis. But even if the past Payments were covered by the Commutation Order, any money that has been paid out to victims of Galanis's crimes is now vested in another party and he cannot recover that money. *Fordham v. Georgia Dep't of Admin. Servs.*, No. 23-11214, 2023 WL 5747709, at *2 (11th Cir. Sept. 6, 2023) (recipient of presidential pardon could not recover restitution payments because the "district court transferred all restitution monies to the victims, so the property rights to those funds fully vested in" those victims); *see also* 34 USC § 20101 (explaining that Crime Victims Fund is part of US Treasury).

5

A-77

If restitution payments are still in the court's possession, however, then they are not vested in another party. *Id.* The Clerk of Court maintains records regarding payments to victims, and the Government understands that the most expedient way for the Court to obtain the most updated version of those records would be for the Court to request them directly from the Clerk of Court.

### III.    Conclusion

The Commutation Order applies to "further" restitution, so Galanis's motion for the return of payments should be denied. And even if the Court were to conclude that the Commutation Order applies to past payments, it would not allow Galanis to recover the Forfeiture Proceeds or any payments already vested in third parties, such as restitution payments that have vested in victims or special assessment fees that have vested in the United States.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  *Dana McCann*
    Dana R. McCann
    Assistant United States Attorney
    (212) 637-2308

cc: David Touger, Esq., Counsel for Jason Galanis (by ECF and email)

6

A-78

Case 1:15-cr-00643-PKC    Document 610-1    Filed 05/15/25    Page 1 of 3

# EXHIBIT A

Collection Office **USAO**      Collection District **NYS**      Last Name **Galanis**      First Name **Jason**      CDCS Number **2017A18952**
Court Number    **15 CR 00643-01**      Current Liability    **$0.00**

| Finance Code | Received Date | Payment Form | Received From | Check Number | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|
| PMNT | 09/12/2022 | CB | JASON GALANIS | BOP | 10/19/2022 | $50.00 |
| PMNT | 12/09/2022 | CB | JASON GALANIS | BOP | 01/18/2023 | $50.00 |
| PMNT | 01/11/2023 | CB | JASON GALANIS | BOP | 02/07/2023 | $200.00 |
| PMNT | 02/13/2023 | CB | JASON GALANIS | BOP | 03/09/2023 | $200.00 |
| PMNT | 03/14/2023 | CB | JASON GALANIS | BOP | 04/07/2023 | $200.00 |
| PMNT | 04/11/2023 | CB | JASON GALANIS | BOP | 05/06/2023 | $200.00 |
| PMNT | 05/10/2023 | CB | JASON GALANIS | BOP | 06/10/2023 | $200.00 |
| PMNT | 06/12/2023 | CB | JASON GALANIS | BOP | 07/13/2023 | $100.00 |
| PMNT | 07/11/2023 | CB | JASON GALANIS | BOP | 08/09/2023 | $100.00 |
| PMNT | 08/11/2023 | CB | JASON GALANIS | BOP | 09/08/2023 | $100.00 |
| PMNT | 09/11/2023 | CB | JASON GALANIS | BOP | 10/17/2023 | $25.00 |
| PMNT | 10/11/2023 | CB | JASON GALANIS | BOP | 11/09/2023 | $25.00 |
| PMNT | 11/09/2023 | CB | JASON GALANIS | BOP | 12/06/2023 | $50.00 |
| PMNT | 12/11/2023 | CB | JASON GALANIS | BOP | 01/09/2024 | $50.00 |
| PMNT | 01/09/2024 | CB | JASON GALANIS | BOP | 02/06/2024 | $50.00 |
| PMNT | 02/09/2024 | CB | JASON GALANIS | BOP | 03/07/2024 | $50.00 |
| PMNT | 03/11/2024 | CB | JASON GALANIS | BOP | 04/05/2024 | $50.00 |
| PMNT | 04/09/2024 | CB | JASON GALANIS | BOP | 05/07/2024 | $50.00 |
| PMNT | 05/09/2024 | CB | JASON GALANIS | BOP | 06/06/2024 | $50.00 |
| PMNT | 06/11/2024 | CB | JASON GALANIS | BOP | 07/10/2024 | $50.00 |
| PMNT | 07/10/2024 | CB | JASON GALANIS | BOP | 08/06/2024 | $50.00 |
| PMNT | 08/13/2024 | CB | JASON GALANIS | BOP | 09/11/2024 | $50.00 |
| PMNT | 09/10/2024 | CB | JASON GALANIS | BOP | 10/23/2024 | $45.89 |
| PMNT | 10/09/2024 | CB | JASON GALANIS | BOP | 11/07/2024 | $50.00 |
| PMNT | 11/12/2024 | CB | JASON GALANIS | BOP | 12/06/2024 | $50.00 |
| PMNT | 12/10/2024 | CB | JASON GALANIS | BOP | 01/08/2025 | $50.00 |
| PMNT | 01/21/2025 | CL | JASON GALANIS | IPC | 01/22/2025 | $2,170,196.34 |
| PMNT | 01/10/2025 | CB | JASON GALANIS | BOP | 02/06/2025 | $50.00 |
| PMNT | 02/11/2025 | CB | JASON GALANIS | BOP | 03/08/2025 | $50.00 |
| PMNT | 03/11/2025 | CB | JASON GALANIS | BOP | 04/09/2025 | $50.00 |
| **Grand Total** | | | | | | **$2,172,492.23** |

**Sensitive But Unclassified**
Page 1 of 1

A-80

Collection Office **USAO**  Collection District **NYS**  Last Name **Galanis**  First Name **Jason**  CDCS Number **2017A77503**
Court Number **16 CR 371**  Current Liability **$0.00**

| Finance Code | Received Date | Payment Form | Received From | Check Number | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|
| PMNT | 01/11/2022 | CB | JASON GALANIS | BOP | 02/05/2022 | $52.82 |
| PMNT | 02/09/2022 | CB | JASON GALANIS | BOP | 03/05/2022 | $44.50 |
| PMNT | 03/09/2022 | CB | JASON GALANIS | BOP | 04/08/2022 | $47.13 |
| PMNT | 04/11/2022 | CB | JASON GALANIS | BOP | 05/05/2022 | $84.50 |
| **Grand Total** | | | | | | **$228.95** |

A-81

## *PELUSO & TOUGER, LLP*
### *70 LAFAYETTE STREET*
### *NEW YORK, NEW YORK 10013*
### *PelusoandTouger.com*

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

By ECF and Email
May 16, 2025
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Jason Galanis, 15 Cr. 643 (PKC)

Your Honor:

The Government has responded to Defendant's motion for return of property under Rule 41(g). The Defendant would respectfully request that the Court allow defendant 5 days (until May 21st) to Reply to their arguments as the Government has grossly distorted both the law and the facts in its response.  I have contacted AUSA Dana R. McCann regarding this request and she has responded that the Government takes no position.

Thank you very much for the Court's prompt attention to this respectful request.

Respectfully submitted,

David Touger

1

### PELUSO & TOUGER, LLP
#### 70 LAFAYETTE STREET
#### NEW YORK, NEW YORK 10013
#### PelusoandTouger.com

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

By ECF and Email
May 16, 2025
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Application granted.  Defendant's reply due May 21, 2025.
SO ORDERED.
Dated:  5/17/2025

P. Kevin Castel
United States District Judge

Re: United States v. Jason Galanis, 15 Cr. 643 (PKC)

Your Honor:

The Government has responded to Defendant's motion for return of property under Rule 41(g). The Defendant would respectfully request that the Court allow defendant 5 days (until May 21st) to Reply to their arguments as the Government has grossly distorted both the law and the facts in its response.  I have contacted AUSA Dana R. McCann regarding this request and she has responded that the Government takes no position.

Thank you very much for the Court's prompt attention to this respectful request.

Respectfully submitted,

David Touger

1

A-83

## PELUSO & TOUGER, LLP
### 70 LAFAYETTE STREET
### NEW YORK, NEW YORK 10013
### PelusoandTouger.com

*Ph. No. (212) 608-1234*
*Fax No. (212) 513-1989*

May 21, 2025

BY ECF and EMAIL
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Jason Galanis*, 15 Cr. 643 (PKC)

Dear Judge Castel,

The Court directed the government to clarify whether the phrase "no further restitution," as used in the Presidential Commutation, applies to the funds at issue. The government's answer that "further" means only prospective obligations is correct. However, their argument that the funds already forfeited for the limited and designated reason of restitution, though never so applied—are outside the reach of clemency is not merely incorrect; it is indefensible. As shown below, "no further restitution" as precisely stated in the Presidential Commutation must include restitution that has not been executed—regardless of when forfeiture occurred or what internal process DOJ commenced because there is no more restitution order to follow. The government's attempt to limit the President's clemency power through semantics finds no support in law, and the structure of the Constitution itself forecloses it.

Under the Constitution's unitary executive framework, all federal law enforcement authority is exercised under the President's control and by officers subject to his supervision and removal. As the Supreme Court recently reaffirmed in *Trump v. United States*, "all federal law enforcement power is ultimately exercised under [the President's] authority." See *Trump v. United States*, 602 U.S. ___, slip op. at 13–15 (2024); see also *Schick v. Reed*, 419 U.S. 256, 266 (1974) and *Myers v. United States*, 272 U.S. 52, 135 (1926). The clemency power is not open to reinterpretation by subordinate components of the Executive Branch. It is exclusive and final. The United States Attorney's Office for the Southern District of New York—no less than Main Justice—remains constitutionally bound by that command. "And the courts have "no power to control [the President's] discretion" when he acts pursuant to the powers invested exclusively in him by the Constitution." *Trump at slip op at 7.*

1

A-84

The government's May 15, 2025, submission does not simply misapply the law—it distorts it. At every turn, the government substitutes doctrinal sleight-of-hand for actual authority and ignores both the controlling force of the Presidential Commutation and the factual record in this case. Its opposition reads more like a bureaucratic justification than a legal argument. Forfeiture is not a blank check to use as you wish especially in this instance when the funds were clearly forfeited for the specific use of restitution, and executive clemency is not advisory. No amount of wordplay can erase the fact that the government is holding money it has no more lawful right to retain.

The government argues, incredibly, that once it has seized property—even for a specific purpose that has now been nullified—it may keep it permanently, regardless of the President's constitutional command or any lack of legal justification. That position is not supported by precedent, not grounded in the Constitution, and not consistent with the Department of Justice's own forfeiture policy. It is, in short, unlawful.

### I. THE COMMUTATION ORDER BARS ANY FURTHER RESTITUTION

*A. The Government's Interpretation Is Textually Untenable And Legally Indefensible*

"Further" in this context plainly refers to obligations not yet completed—not solely prospective installments. The funds at issue were not disbursed to victims, not applied to restitution, and not credited in any way. They are held by the Clerk, frozen in place, awaiting direction. In every functional and legal sense, the funds continue to remain subject to future restitution—and therefore fall squarely within the ambit of "no further… restitution." Simply the funds were seized for a restitutional purpose, they were not disbursed and now that restitutional purpose has been eradicated, thus the funds must be returned to Mr. Galanis because there is no recognized reason to give the funds to anyone else.

The government asserts that the Commutation Order does not apply because "…the Commutation Order does not include any language concerning any payments that Galanis already made..." (Gov't Opp. at 3). That would be true if any restitution payments had been made but if there is one thing all the parties agree upon is that no such payments have been made. The fact that the government took some steps towards effectuating restitution payments does not belie the issue that no such payments have been made. And now there is no legal order to make restitution payments present.

What the government describes as "already paid" and "past payments" is nothing more than undelivered funds transferred between government accounts. To accept the government's framing would be to collapse the distinction between process and outcome—to treat the intent to pay as though payment had occurred. But asset seizure is not satisfaction. Custody is not compliance. And possession is not legal execution. The government's position is not just mistaken—it asks this Court to retroactively bless an administrative act that was never legally completed. There are indistbutable facts at bar here as admitted by the Government. First, is that money was acquired from Mr. Galanis for the sole purpose of restitution. Second, that restitution was never made. Third, is the President of the United States acting within his powers granted to him by the Constitution and supported by all judicial decisions exercised his power to commute Mr. Galanis' sentence and included in that Order is the clear language that no further restitution payments are required. Thus, it is Mr. Galanis' position that since the money taken from Mr. Galanis was for

2

the sole purpose of restitution and now that purpose has been extinguished, the money should be returned to him under Rule 41 (g). The government's unsupportable position is that they should be able to just keep it even though there is no legal reason to do so and they should just get a financial windfall. If the funds are not returned to Mr. Galanis where will they go. The only rightful place is back to Mr. Galanis because they cannot be used for restitution as there is no restitution order to follow.

Even more revealing than the government's legal arguments are its own factual admissions. The government concedes that "the Forfeiture Proceeds were transferred to the Clerk of Court for the purpose of applying the funds toward the Galanis restitution obligation." (Gov't Opp. at 3). It also admits, crucially, that "the most updated version" of the Clerk's victim payment records would need to be obtained by a direct request from the Court—because no such disbursement has yet occurred. (Gov't Opp. at 6). **These are not throwaway lines.** They amount to an admission that restitution has not been executed. In the same breath, however, the government insists that the Presidential Commutation—stating that Galanis shall have "no further…restitution"—does not apply to these unallocated and undisbursed funds. That is illogical. A pending restitution— especially one lacking legal predicate steps and issued without proper authorizations—is, by definition, future in character and therefore falls squarely within the plain terms of the Presidential Order.

### B. The Government's Reliance On Knowingly Distinguishable Cases Misleads The Court

The government cites *Knote v. United States*, 95 U.S. 149 (1877), for the proposition that clemency cannot reach forfeited funds already vested in the Treasury. But *Knote* involved post-Civil War confiscations where the funds had long been absorbed into the general fund of the Treasury. In essence the funds had reached their ultimate designated destination. That is entirely different then the facts herein. Here the funds have not reached their final designated destination and there is at this time no final designation to reach. Thus, the government's reliance on this case is misplaced. The money in this case has not been already paid forward for its designated purpose it remains segregated in the Clerk's control—earmarked for restitution (an obligation that no longer exists). No act of Congress has appropriated these funds for another use. The government does not cite a single modern case holding that segregated forfeiture funds, undisbursed and in limbo, are immune from judicial order once their stated purpose has been extinguished.

Moreover, *Knote* predates the development of the modern restitution and forfeiture framework by more than a century. It is no answer to the plain command of *Schick v. Reed*, 419 U.S. 256 (1974), which confirms that the President may commute "any part" of a sentence, including financial penalties. If a forfeiture judgment is part of the sentence—as DOJ itself argues when it wants to enforce one—then it is equally and necessarily subject to the clemency power.

The government's invocation of *Fordham v. Georgia Department of Administrative Services*, No. 23-11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), borders on misdirection. In *Fordham*, the restitution funds had already been paid to victims. The case turned on the simple, uncontested fact that "the district court transferred all restitution monies to the victims," and those funds were no longer in the hands of the government. Here, not a single dollar has been distributed. The funds remain under federal control, undisbursed, and held solely for a restitution order that was

extinguished by Presidential Commutation. To equate *Fordham*—where restitution was a fait accompli—with this case, where restitution never occurred and now not required, is not just inapposite—it's legally incoherent. The government conflates completed relief with undone intention. That distinction makes all the difference.

### C. The Government Misrepresents the Defense Position

The SDNY asserts that "Galanis's suggestion that the Commutation Order means that he is no longer guilty of any crime is meritless." (Gov't Opp. at 4). That characterization is not only inaccurate—it is a deliberate distortion of the argument actually advanced.

At no point does Mr. Galanis contend that his conviction is invalid or that the Presidential Commutation erases guilt. The defense accepts the finality of the conviction and takes no issue with its continued effect. The argument here is far narrower: that the government cannot lawfully retain funds when both the punitive and compensatory purposes for doing so have been extinguished by Presidential clemency.

This is not a novel theory. It is grounded in well-settled constitutional law. See *Schick*, 419 U.S. at 256. ("A pardon is an act of grace… which exempts the individual, whom it is granted, from the punishment the law inflicts for a crime he has committed."). Clemency does not erase the conviction—it terminates the punishment. That is precisely what occurred here.

The SDNY's attempt to reframe this motion as a collateral attack on guilt is telling. It suggests a lack of confidence in the merits of its own position on the narrow issue actually presented: whether the government may indefinitely retain seized property when the legal basis for doing so no longer exists. Rather than confront that question, the government invokes a false narrative—one that has no support in the defense's actual motion or any filing before this Court.

## II. THE GOVERNMENT'S PROCEDURAL NARRATIVE BREAKS DOWN UNDER LAW AND RECORD

### A. The Government's Reliance On "Vesting" Misrepresents Forfeiture Law

The government places undue weight on the idea that title "vested" in the United States under the Final Order of Forfeiture (especially considering that the United States has no rightful claim to the money), as if that legal formality insulates its continued possession from all subsequent developments. This is both doctrinally flawed and practically absurd. The mere fact of vesting does not confer indefinite dominion over funds when the lawful purpose for which they were obtained—here, restitution—has been nullified by executive clemency. The government's reliance on "vesting" is a misstatement of current forfeiture law and fundamentally misrepresents how forfeiture operates within our legal system.

Vesting, in this context, is not a final destination—it is a procedural waypoint on the path toward lawful disposition. Title may have passed to the government, but that title came with strings attached: compliance with applicable law, DOJ policy, and judicial oversight. The forfeiture order itself states that the funds **"shall be disposed of according to law** (emphasis added)." That law

4

now includes the operative effect of the Presidential Commutation, which extinguished any remaining financial obligations. The government may not invoke "vesting" as a one-way ratchet—seizing assets indefinitely while disclaiming all continuing obligations to either dispose of them properly or return them once their justification collapses.

Courts have repeatedly recognized that the government's right to retain forfeited property is not absolute. In *United States v. Trotter*, 912 F.2d 964, 966 (8th Cir. 1990), the Eighth Circuit emphasized that forfeiture is a punitive tool—it must serve a valid penal or remedial purpose, not become a permanent windfall. Similarly, in *United States v. Bajakajian*, 524 U.S. 321, 329 (1998), the Supreme Court held that even completed forfeitures are subject to constitutional scrutiny and may be invalidated if they are grossly disproportionate or lack a legitimate basis. Once the penalty has been commuted and restitution eliminated, no punitive or remedial function remains. Continued possession becomes not merely unauthorized—it becomes an unconstitutional taking and a due process violation.

Indeed, the logic of the government's position—that once "vested," the funds are beyond judicial scrutiny or executive clemency—would immunize all forfeited assets from review, even in cases where the conviction is later vacated, the law changes, or clemency is granted. That is not the law. Vesting does not override the Constitution. Nor does it permit the government to transform restitution-oriented forfeiture into an unaccountable revenue mechanism.

### B. The Treasury-Vesting Argument Misrepresents Boultbee And Knote

The government cites *United States v. Boultbee*, 2024 WL 3220261 (Fed. Cl. July 1, 2024), and *Knote v. United States*, 95 U.S. 149 (1877), for the proposition that once forfeited funds are transferred to the United States Treasury, they become irrevocably vested in the United States and are no longer recoverable absent an act of Congress. This misstates both the holdings and the context of those decisions.

First, the funds in this case were **never** deposited into the general Treasury of the United States. They were initially transferred to the Department of Justice's Asset Forfeiture Fund (AFF)—a special-purpose Treasury account designated by statute for law enforcement and victim restitution—not general congressional appropriation.[1] Following internal DOJ procedures, the U.S. Marshals Service then transferred the funds to the Clerk of Court for the Southern District of New York, where they remain undisbursed. This trajectory places the funds in a fundamentally different legal posture than the assets addressed in *Knote* or *Boultbee*. Those cases involved funds irrevocably absorbed into the Treasury's general fund and removed from judicial control. Here, the funds are segregated, unapplied, and remain within the reach of this Court. See 28 U.S.C. § 524(c)(1). Funds in the AFF remain subject to DOJ control and judicial oversight for the specific purposes enumerated in the statute, not as general revenue. The court in *United States v. Blackwell*,

---

[1] *See* 28 U.S.C. § 524(c), which establishes the DOJ Assets Forfeiture Fund as a special account "in the Treasury of the United States" to receive forfeited assets and permit their use for law enforcement and victim compensation—not general congressional spending. Although administered within the Treasury, the AFF is distinct from the general fund referenced in *Knote*. *See also* DOJ Asset Forfeiture Policy Manual (2016 ed.), Ch. 14, pp. 250–53 (explaining the AFF's restricted uses, the restoration process, **and the continuing jurisdiction of courts over undisbursed funds**).

459 F.3d 739, 772 (6th Cir. 2006) recognized this distinction, noting that forfeited assets destined for specific statutory purposes remain subject to judicial scrutiny in ways that general Treasury funds do not.

The distinction is legally dispositive. As *Boultbee* itself recognizes, "a property interest is considered vested once the property has 'passed out of the jurisdiction of the officer or tribunal.'" 2024 WL 3220261, at *3 (quoting *Knote*, 95 U.S. at 154). Here, the funds have not passed out of jurisdiction. They remain under the custody of the Court and may be directed by this Court pursuant to its equitable authority under Rule 41(g), which applies specifically when criminal proceedings have concluded and the government lacks a continuing lawful basis to retain property. See *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).

Second, the government's invocation of the Appropriations Clause is equally misplaced. Article I, § 9, cl. 7 of the Constitution ensures that public funds cannot be spent absent statutory authority— but it does not bar the return of property that the government has no legal right to retain. When the constitutional foundation for holding those funds has been nullified, due process and equity demand their return. Rule 41(g) provides the precise mechanism for that return, and no appropriation is needed when the government's claim has been extinguished by a superior constitutional authority—here, a valid and binding Presidential Commutation under Article II.

### C. The Government's Own Conduct Confirms the Intended Purpose of the Forfeited Funds

The government now suggests that it may retain funds that were forfeited for the expressed purpose of restitution even after the restitution obligation has been constitutionally cancelled. That position is inconsistent with the mutual understanding at the time of plea and sentencing, and with the government's own conduct over the following years.

Not once, but twice, the government demonstrated that understanding. In 2021, it submitted a formal restoration request to the Department of Justice's Money Laundering and Asset Recovery Section (MLARS), seeking permission to apply the forfeited funds toward restitution. When that effort proved incomplete, the government attempted again in December 2024. These efforts are not procedural curiosities—they are admissions of intent. At no point did the government argue that the funds were simply government property untethered to restitution. Instead, it consistently treated them as conditionally held for restitution payment.

That framing is confirmed in the government's current brief. It states that **"the Forfeiture Proceeds were transferred to the Clerk of Court for the purpose of applying the funds toward [Galanis's] restitution obligation."** (Gov't Opp. at 3). That sentence encapsulates the shared premise: the funds had a designated end-use. That end-use—restitution—has now been nullified by a Presidential Commutation. With that purpose extinguished, the continued retention of funds violates the intent that underpinned their surrender.

The mutual understanding at the time of the plea herein was not that the government would receive a windfall if restitution became impossible. And if asked in 2017 whether, in the event of a future legal development voiding restitution, the government would nonetheless keep the funds, no reasonable party would have answered yes. That scenario was not contemplated. As courts have

consistently held, plea agreements must be construed to avoid inequitable or absurd results. See *United States v. Ready*, 82 F.3d 551, 559 (2d Cir. 1996); *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005).

### D. This Court Has Already Ruled That Restoration Must Be Completed Before Any Victim Entitlement Attaches

In a July 16, 2021, letter to this Court, the government described the restoration process as incomplete and legally non-self-executing. The SDNY wrote: "Restoration is not automatic." We agree. The office went on to emphasize that "[t]he final determination of whether to grant such restoration rests with MLARS," the DOJ's Money Laundering and Asset Recovery Section. (ECF No. 571 at 3). The government further stated that "courts do not have authority to order restoration absent a motion from the Government and approval by MLARS." (Id.).

This Court adopted that exact framework in its August 12, 2021, ruling. The Court acknowledged that while the government had submitted a restoration request to MLARS, no approval had issued and "no restoration has occurred." (ECF No. 575 at 2). It held accordingly that the forfeited funds were not subject to restitution.

That ruling resolved the legal question now before the Court: whether forfeited funds can be deemed "vested" in victims before the DOJ completes restoration and seeks court authorization. The answer in 2021 was no—and the relevant facts have not changed. Although the government now cites a December 2024 MLARS approval, it has taken no further steps. No motion has been filed under Rule 32.2(e), no court order has issued, and no distribution has occurred. The funds remain unallocated and undistributed and their reason for forfeiture nullified.  It is clear from the facts that no restitution Order has been executed let alone that any restitution made thus, the government's "vested" arguments are inapplicable.

The SDNY's current theory—that the victims somehow acquired enforceable rights without court action—is not merely inconsistent with its 2021 position. It is a full reversal. Then, the government insisted that MLARS approval was necessary but insufficient standing alone. Today, it invites the Court to treat an alleged MLARS approval as functionally dispositive—despite the lack of any judicial follow-through.

### E. MLARS Authority Is Foreclosed After Presidential Commutation

Notwithstanding all of the above, MLARS is not authorized to act once the criminal sentence has been commuted. The government's reliance on prior MLARS restoration approval reflects a misunderstanding of both the scope of that authority and the legal consequence of a Presidential Commutation.  MLARS operates exclusively within the DOJ's criminal enforcement infrastructure.  Its authority to approve restoration of forfeited property to victims exists only where a valid restitution order remains in effect. That authority does not survive the termination of the underlying sentence. Once the President exercised his constitutional power to eliminate "all further restitution," MLARS became legally disabled from authorizing any further action. The agency's role was foreclosed.

7

DOJ policy is explicit. The Asset Forfeiture Policy Manual states that "Restoration requires a court order of restitution and a final order of forfeiture," and that "[r]estoration requests must be approved by the Chief of MLARS" only while a valid restitution obligation remains enforceable. See AFPM (2016 ed.), Ch. 14 at 253. That condition is jurisdictional. Without a restitution order, MLARS lacks authority to approve any disbursement. Even internal DOJ regulations confirm that MLARS is empowered to act only "in connection with the return of forfeited property to victims pursuant to court-ordered restitution." 28 C.F.R. § 9.8. There is no provision—statutory or regulatory—that permits MLARS to operate independently of a criminal judgment. Its authority is derivative, not plenary.

Nor may MLARS approval serve to revive a restitution obligation that has been constitutionally extinguished. The restoration process is not self-executing. It requires a live judgment, court authorization, and an operative legal purpose. None of those conditions are met here. The funds at issue remain undisbursed, no motion under Rule 32.2(e) has been filed, and the restitution obligation itself has been eliminated. Whatever MLARS may have approved in December 2024, that approval was nullified as a matter of law the moment clemency entered into effect.

The government's invocation of MLARS in this context is not supported by law—it is an effort to preserve the appearance of enforcement authority after its legal foundation has collapsed. The DOJ cannot act through MLARS once the criminal framework is gone. It cannot use MLARS to effect restitution that has been barred by the President's clemency, nor can it invoke restoration procedures to bypass the judicial oversight required under Rule 41(g).

In its reply the SDNY now urges the Court to act in its stead: "The Government understands that the most expedient way for the Court to obtain the most updated version of those records would be for the Court to request them directly from the Clerk of Court." (Gov't Opp. at 6). The government is conceding that they have no power to act, thus they are asking this Court to step in and retrieve from the Clerk of the Court the list of restitution parties and then Order restitution to those parties even though there is no longer any restitution order to act on. This audacious request is a hail Mary attempt by the government to bypass the procedural safeguards that govern restitution and forfeiture administration because it no longer has the power to submit its own motion seeking disbursement or allocation. But like most hail Mary pass attempts, it must fall incomplete, because the Court has no restitution order to act upon, as it has been extinguished by the Presidential Commutation.

In effect, the government asks the Court to initiate the evidentiary inquiry itself—to stand in for the prosecution's own unmet burden. The SDNY's refusal to file a motion now is because **it lacks the authority or documentation to do so.**[2] This Court should not be conscripted to act where the SDNY will not—and cannot.

---

[2] Even if MLARS continued to be available, it would not be complete as of the Commutation date. Under Department of Justice regulations and policy, MLARS approval is not a one-time authorization. It is a continuing supervisory requirement that extends through each phase of the restoration process. Specifically, the Asset Forfeiture Policy Manual makes clear that MLARS must review and approve *both* the initial restoration request *and* the specific motion or stipulation filed with the court to effectuate disbursement. See DOJ Asset Forfeiture Policy Manual (2016) at 166 ("[A]ll motions or stipulations must be sent to

### III. THE CLERK-HELD FUNDS ARE NOT BEYOND THIS COURT'S REACH

*A. The Government's Position Subverts The Authority Of The President And The Unitary Executive*

Even assuming arguendo that a prior MLARS Chief approved restoration on December 23, 2024, that authorization was discretionary, incomplete, and never executed. It has no force under the current administration. As Justice Rehnquist observed, "[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of… its programs." *State Farm*, 463 U.S. 29 at 59 (1983) (Rehnquist, J., concurring). The SDNY cannot now revive a discretionary process initiated by unelected officials in a prior administration to override a binding act of constitutional clemency. The President—not a U.S. Attorney's Office—sets national policy. And the President has the power to oversee the faithfulness of the officers who execute them. *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477, 496-97 (2010). The SDNY's position is not just wrong—it is structurally incompatible with the democratic and constitutional order.

At bottom, the government's position rests on the dangerous premise that an executive agency—here, the SDNY of the Department of Justice—can neutralize or override a binding act of Presidential clemency. That is not merely doctrinally incorrect—it is structurally offensive to the constitutional design.

The Constitution vests "[t]he executive Power" in a single official: the President. U.S. Const. art. II, § 1, cl. 1. That power includes the absolute authority to "grant Reprieves and Pardons for Offences against the United States." U.S. Const. art. II, § 2, cl. 1. As the Supreme Court held in *Schick*, 419 U.S. at 256, this power includes the authority to alter, eliminate, or modify any part of a sentence. No subordinate within the Executive Branch—not DOJ, not MLARS, not the Marshals Service—may lawfully frustrate or circumvent that order.

The SDNY now seeks to preserve its control over the funds by invoking forfeiture formalities and Treasury theories in defiance of the plain language of the President's command. That is not how a unitary Executive operates. Under *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2197 (2020), and *Myers v. United States*, 272 U.S. 52 (1926), executive branch officials act only through the President's constitutional authority—not in defiance of it. When the President cancels further restitution, no one in the Department of Justice may revive it by sleight of hand. A President—not a prosecutor—controls the fate of a federal sentence.

*B. Rule 41(g) Now Governs As A Civil Proceeding—And That Shift Carries Consequences*

---

MLARS for approval before being filed with the court."). MLARS approval is therefore iterative and contingent—not self-executing. The absence of a subsequent motion, supported by a renewed MLARS conference and approval, is fatal to the government's present position.

The government's opposition continues to frame this matter as though it remains part of an active criminal case. It is not. The criminal sentence has been commuted in full. There is no outstanding judgment to enforce, no pending criminal proceeding, and no further restitution obligation. The only question before this Court is whether the government may continue to hold property where the asserted basis for retention—restitution—has been extinguished. That question falls squarely within the scope of Rule 41(g), which governs civil motions for return of property when criminal proceedings have ended and no other lawful basis remains.

The government cannot selectively invoke the criminal posture to justify its continued retention while refusing to accept the procedural consequences that civil treatment entails. Once Rule 41(g) attaches in its civil form, the government inherits the burdens and responsibilities of a civil litigant. That includes the obligation to justify its retention of property under equitable standards—not mere possession. The burden of proof shifts to the government to demonstrate a lawful basis for continued custody. See *Chambers*, 192 F.3d at 377 ("The burden shifts to the government"). The presumption is no longer in the government's favor. The Court is no longer required to defer to prosecutorial representations. The matter is to be resolved under principles of fairness, finality, and constitutional fidelity.

The government's failure to acknowledge that procedural pivot is telling. It continues to file through the Criminal Division. It continues to rely on forfeiture formalities. And it continues to assert a punitive framework that no longer exists. Clemency extinguished the sentence. There is no longer a criminal structure through which these funds may be retained. The government is attempting to enforce a judgment that has been voided—through a division that no longer has standing to pursue it—and by a process that no longer applies.

That is not how Rule 41(g) operates. And it is not how the Constitution functions. The government must now defend its position as a civil custodian—not a criminal enforcer. And it must do so under standards that demand more than historical seizure or bureaucratic inertia. The burden rests with the government to show—affirmatively and with precision—why it continues to hold the funds in question in the absence of any sentence to satisfy and no restitution order to enforce. It has not done so. And under Rule 41(g), that failure compels return.

The government cannot have it both ways. If the criminal sentence has ended, then Rule 41(g) governs and the government bears the civil burden of justifying retention under equitable standards. If the criminal sentence remains operative, then it falls under the President's clemency power and has been extinguished. Either way, the government has no lawful basis to keep the funds.

**CONCLUSION**

The material facts are not in dispute. The government concedes that the funds in question were never disbursed to victims. It acknowledges that any allocation would require further judicial action, and that no such motion has been filed under Rule 32.2(e) or 18 U.S.C. § 3664. It further admits that the most current records of the Clerk's Office must be obtained directly by the Court, not from any completed administrative process. Indeed, the most reasonable inference for the government missing the court ordered deadline and requested two additional extensions is that the

administrative process can no longer legally be completed in compliance with MLARS requirements.

At the same time, the government asks this Court to conclude that these funds—undistributed, unallocated, and not subject to any operative restitution order—are beyond the reach of a valid Presidential Commutation. That position cannot be squared with the structure of the Commutation, the undisputed procedural history, or the framework of Rule 41(g), which applies precisely where criminal proceedings have concluded and no lawful basis remains for continued retention of property.

The question now is not whether restitution was warranted when first ordered—it is whether restitution was ever lawfully completed. The record confirms it was not. No funds were disbursed. No court order directed payment. No victim allocation has been authorized. And the Commutation eliminated any further restitution obligation.

In these circumstances, continued possession of the funds lacks a statutory or constitutional foundation. The government has asserted no remaining legal mechanism for disbursement, nor offered any evidence that the requirements of MLARS restoration were completed. The funds remain in custodial suspension—without judicial directive, without executive authority, and without lawful purpose.

The Court need not reach beyond these facts. Very simply and logically under Rule 41(g), when the government's legal claim to property lapses, the remedy is return. That rule does not carve out exceptions for cases involving commutations, nor does it permit indefinite retention of property based on incomplete processes. To rule otherwise would create a deeply problematic precedent: that unexecuted restitution—left untouched for nearly a decade—can be revived at the eleventh hour to defeat a Presidential Commutation, without court order or statutory authority. The equities now urged by the government cannot cure its years of procedural inaction, nor transform an incomplete process into a lawful basis for indefinite retention. Put very simply the funds were taken for a particular purpose it is indisputable that that purpose no longer exists and thus under Rule 41(g) the funds must be returned.

We respectfully submit that the motion should be granted and the funds in question be returned to undersigned counsel's IOLA account.

Respectfully submitted,

David Touger, Esq.
Counsel for Jason Galanis

A-94

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                         15-cr-643 (PKC)

          -against-                         OPINION AND ORDER

JASON GALANIS,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        An Executive Grant of Clemency signed on March 28, 2025 by President Donald

J. Trump (the "Commutation Order") granted Jason Galanis "an immediate commutation of his

entire sentence to time served with no further fines, restitution, probation, or other

conditions . . . ." (ECF 604.)  Galanis moves for "an Order in accordance with the

aforementioned commutation ceasing any and all restitution payments by the Clerk of the Court

and returning any funds held by the Clerk of the Court for this purpose on behalf of Mr. Galanis

to Mr. Galanis." (ECF 602.)  He also moves for the return of property pursuant to Rule 41(g),

Fed. R. Crim. P., which states in relevant part that "[a] person aggrieved by . . . the deprivation

of property may move for the property's return." (ECF 605.)  Galanis filed a supplemental

letter-brief, the government filed a letter in opposition, and Galanis has replied. (ECF 605, 610,

613.)

        The Commutation Order commutes "further fines, restitution, probation, or other

conditions . . . ."  The plain text of the Commutation Order is forward-looking and applies to

"further" conditions.  It does not expressly or implicitly reach already-forfeited property or

payments of restitution.  In addition, by the time that the Commutation Order issued, the

government had acquired ownership of $2,170,196.34 in forfeiture proceeds and exercised its

statutory discretion to advance those proceeds to the Clerk of Court for use as victim restoration

or restitution.  Galanis argues that the Commutation Order directs the return of already-forfeited

funds because they have not yet been advanced to his victims.  His argument is based on a

strained reading of the Commutation Order that enlarges its unambiguous text.  His motion will

be denied.

BACKGROUND.

Galanis was originally convicted and sentenced in two separate cases involving

different fraud schemes: United States v. Galanis, 15 Cr. 643 (PKC) and United States v.

Galanis, 16 Cr. 371 (RA).  Galanis appealed his convictions to the Second Circuit.  While the

appeal was pending, the government consented to the vacatur of Galanis's judgments of

conviction in the two proceedings in order to pursue plea negotiations resolving both cases

jointly.  (See ECF 502.)

On January 31, 2020, Galanis pleaded guilty to a seven-count S2 superseding

information that encompassed the schemes in both cases.  (See ECF 522.)  The Court accepted

Galanis's plea of guilty to three counts of conspiracy to commit securities fraud, 15 U.S.C. §§

78j(b), 78ff, 18 U.S.C. § 371, and 17 C.F.R. § 240.10b-5, two counts of securities fraud, 15

U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b-5, one count of investment adviser fraud, 15 U.S.C.

§§ 80b-6, 80b-17, and one count of conspiracy to commit investment adviser fraud, 15 U.S.C. §§

80b-6, 80b-17, 18 U.S.C. § 371.  (Id. at 33-34.)

Galanis admitted the forfeiture allegations contained in paragraphs 16 and 17 of

the S2 Superseding Information.  (Id. at 34; ECF 518 (S2 Superseding Information).)  Paragraph

16 of the S2 Superseding Information provided that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, Galanis "shall forfeit" real property derived from proceeds traceable to the offenses in Counts One through Seven, including all right, title and interest to a property at 1920 Bel Air Road in Los Angeles, California (the "Los Angeles Property") and to a property at 260 West Broadway, Unit 1 in New York, New York (the "Manhattan Property").  (ECF 518.)  With no objection, the Court entered  the "Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment" in the amount of $80,869,117.10, including right and interest to the Los Angeles Property and the Manhattan Property.  (ECF 522 at 34; ECF 520.)

On September 24, 2020, the Court sentenced Galanis principally to 189 months of imprisonment.  (ECF 559 (Transcript), 558 (Judgment).)  With no objection, the Court ordered restitution in the amount of $80,817,513.43 and forfeiture in the amount of $80,869,117.10. (ECF 559 at 37.)  On September 29, 2020, the Court signed an Order of Restitution in the amount of $80,817,513.43, with an attached Schedule of Victims filed under seal.  (ECF 561.) Subsequently, on application from the government, the Court signed an amended Order of Restitution on January 25, 2022, providing for $80,459,773.43 in restitution, with an attached Schedule of Victims filed under seal.  (ECF 578.)

On November 20, 2020, the Court entered a Final Order of Forfeiture imposing money judgment in the amount of $80,869,117.10 and forfeiting Galanis's right, title and interest in currency representing the sales proceeds of the Los Angeles Property, valued at $2,170,000, and the Manhattan Property, valued at $11,000,000.  (ECF 566.)

The government states that because of a lien on the Manhattan Property and other expenses, it ultimately obtained net forfeiture proceeds totaling $2,170,196.34.  (ECF 610 at 2-3 & Ex. A.)  An unnumbered docket entry of January 21, 2025 states as follows: "RESTORATION OF FORFEITED FUNDS RECEIVED.  Restoration payment remitted by

Jason Galanis from U.S. Marshals Service, in the amount of $2,170,196.34, received by the Clerk's Office on 1/21/2025 to be applied to Restitution." Separate from the forfeited proceeds, Galanis also made monthly payments toward his restitution obligations while in Bureau of Prisons custody, in an amount totaling $2,524.84. (ECF 610-1.)

The text of the Commutation Order of March 28, 2025 states in relevant part:

**BE IT KNOWN, THAT THIS DAY, I, DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, PURSUANT TO MY POWERS UNDER ARTICLE II, SECTION 2, CLAUSE 1, OF THE CONSTITUTION, HAVE GRANTED UNTO THE INDIVIDUAL NAMED BELOW**

**AN IMMEDIATE COMMUTATION OF HIS ENTIRE SENTENCE TO TIME SERVED WITH NO FURTHER FINES, RESTITUTION, PROBATION, OR OTHER CONDITIONS**

For those offenses against the United States individual enumerated and set before me for my consideration:

United States v. Galanis et al., 1:15-cr-643

United States v. Galanis, S1 16 CR 371-01 (RA)

JASON GALANIS

(ECF 604; formatting in original.)

DISCUSSION.

    A.  The Commutation Order Provides Only Forward-Looking Relief and Has No Retrospective Application.

Galanis moves pursuant to Rule 41(g), Fed. R. Crim. P., for the return of funds held by the government. (ECF 605.) Rule 41(g) states in relevant part that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." Galanis states that he

A-98

seeks the "return of property unlawfully retained after the sole basis for that retention—restitution—has been extinguished by a valid act of executive clemency."  (ECF 605 at 1.)

Enforcement of a commutation order is governed by its text.  Andrews v. Warden, 958 F.3d 1072, 1078 (11th Cir. 2020) ("The text of President Obama's commutation order governs our review."); see also United States v. Wilson, 2025 WL 1009047, at *3 (D.D.C. Mar. 13, 2025) ("Because the text of the pardon governs a court's review, courts use ordinary tools of statutory interpretation to determine the meaning of a pardon.") (quotation marks and brackets omitted).  "The President, like Congress, is presumed to know the law and to speak in terminology that subordinate officials would understand."  Andrews, 958 F.3d at 1081.

"Generally speaking, a prisoner who receives a presidential commutation continues to be bound by a judicial sentence.  The commutation changes only how the sentence is carried out by switching out a greater punishment for a lesser one."  Dennis v. Terris, 927 F.3d 955, 958 (6th Cir. 2019) (internal citations omitted); see also United States v. Benz, 282 U.S. 304, 311 (1931) (commutation "abridges the enforcement of the judgment, but does not alter it qua judgment.").

A court "can neither enlarge nor cabin the commutation order . . . ."  Andrews, 958 F.3d at 1078.  "[A]bsent a violation of the Constitution, the commutation order is insulated from congressional and judicial interference."  Id. at 1077; accord Dennis, 927 F.3d at 959 ("Courts may not alter a President's commutation, except perhaps if the commutation itself violates the Constitution."); Wilson, 2025 WL 1009047, at *3 ("a court's duty is to determine the pardon's effect without expanding or reducing its scope.").

Galanis's Commutation Order provides for "an immediate commutation of his entire sentence to time served with no further fines, restitution, probation, or other

- 5 -

conditions . . . ." (ECF 604; emphasis added.)  The commutation of his sentence to time served with "no further fines [or] restitution" expressly relieves Galanis of fines or restitution going forward.  The Commutation Order's terms do not expressly or impliedly provide for the return of forfeited property or restitution payments made by Galanis that pre-date the Order's issuance on March 28, 2025.

The Commutation Order would have used different language if it were intended to require the return of funds, as was the case for one of Galanis's co-defendants, Devon Archer.  In the instance of Archer, a Presidential Order of Commutation granting a full and unconditional pardon directed the "remission of any and all fines, penalties, forfeitures, and restitution ordered by the court . . . ." United States v. Archer, 16-cr-371 (RA) (ECF 1112) (emphasis added).  The government agreed that all judgment liens should be lifted and consented to the return of "all collected but undisbursed forfeiture and restitution funds." (Id. at ECF 1115.)  Judge Abrams issued an Order directing that Archer was relieved of any restraints on his assets. (Id. at ECF 1116.)

As noted, the enforcement of a commutation order is governed by its text, and in issuing such an order, the President is presumed to know the law and relevant terminology. Andrews, 958 F.3d at 1078, 1081.  That President Trump ordered the "remission" of forfeiture and restitution in the case of Archer but "no further" fines or restitution in the case of Galanis demonstrates that Galanis is relieved of prospective obligations and is not entitled to the return of any moneys or property.  Galanis's motion seeks to enlarge the Commutation Order by judicial interference with its text. See Andrews, 958 at 1077, 1078.

Based solely on the text of the Commutation Order, Galanis's motion will be denied.

B.   Galanis's Arguments Directed to Forfeited Property Are Meritless.

In his reply, Galanis agrees that the Commutation Order governs only prospective obligations but urges that non-disbursed property acquired through forfeiture must be returned to him because it has not yet been paid out to victims as restitution.  (ECF 613.)

For the reasons explained, the Court concludes that the Commutation Order does not provide for the return of this already-forfeited property.  But the motion is separately denied because Galanis conflates the forfeiture of property with his separate restitution obligations.  By the time that the Commutation Order issued, ownership of forfeited property in the amount of $2,170,196.34 was vested in the government, and the government has sole statutory discretion to either retain that forfeited property for itself or direct the proceeds to be used for victim restoration or restitution.  18 U.S.C. § 981(e)(6).  The government's decision to use its own property for purposes of victim restitution does not entitle Galanis to the property's return under the text of the Commutation Order.

The government acquired $2,170,196.34 by operation of the Final Order of Forfeiture.  "[T]he substantive purpose of forfeiture . . . is to deprive criminals of the fruits of their illegal acts and deter future crimes."  United States v. McIntosh, 58 F.4th 606, 610 (2d Cir. 2023) (quotation marks omitted), aff'd, 601 U.S. 330 (2024).  "Restitution and forfeiture are authorized by different statutes and serve different purposes – one of remediating a loss, the other of disgorging a gain."  United States v. Torres, 703 F.3d 194, 196 (2d Cir. 2012); see also United States v. Bodouva, 853 F.3d 76, 79 (2d Cir. 2017) (forfeiture "'is distinct from restitution or other remedial actions, which are intended to return the victim and the perpetrator to the status quo that existed before the violation took place.'") (quoting United States v. Peters, 732 F.3d 93, 101 (2d Cir. 2013)).

- 7 -

Paragraph 1 of the Final Order of Forfeiture, dated November 20, 2020, states: "All right, title and interest in the Specified Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law."  (ECF 566; emphasis added.)  A recital clause states that "pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2) . . . ."  (Id.; emphasis added.)  No petitions contested the forfeiture.  (See Marmelstein Dec. ¶ 7 (ECF 565).)  Paragraph 3 of the Final Order of Forfeiture states that the United States Marshals Service "shall take possession of the Specified Property and dispose of the same according to law," as provided by 21 U.S.C. § 853(h).  (Id.)  The "Specified Property" was defined as $2,170,000 in United States currency representing the sales proceeds of the Los Angeles Property and $11,000,000 in United States currency representing the sales proceeds of the Manhattan Property.  (Id.)  As previously noted, the government ultimately obtained net forfeiture proceeds of $2,170,196.34 due to a lien on the Manhattan Property and other expenses.  (ECF 610 at 2-3.)

Department of Justice policy states: "The United States Attorney's Office securing a forfeiture is responsible for initiating transfers from the Seized Asset Deposit Fund to the Assets Forfeiture Fund and should provide prompt notification to the United States Marshals Service (USMS) of the events which should lead to a transfer from the Seized Asset Deposit Fund."  Justice Manual § 9-117.100.  Thereafter, "the USMS will immediately transfer the forfeited cash to the Assets Forfeiture Fund . . . ."  Id.  The Assets Forfeiture Fund is created by statute.  28 U.S.C. § 524(c)(1) ("There is established in the United States Treasury a special fund to be known as the Department of Justice Assets Forfeiture Fund . . . .").

The government states in its letter-brief that on or about December 23, 2024, the Department of Justice Money Laundering and Asset Recovery Section ("MLARS") approved the use of the forfeiture proceeds "for restoration to victims of Galanis's crimes." (ECF 610 at 5.) By statute, "the Attorney General . . . is authorized to retain property forfeited pursuant to this section, or to transfer such property on such terms and conditions as he may determine . . . as restoration to any victim of the offense giving rise to the forfeiture . . . ." 18 U.S.C. § 981(e)(6). The Attorney General has delegated restoration decision-making authority to the Chief of MLARS. 28 C.F.R. § 9.1(b)(2). Thus, MLARS, through power delegated by the Attorney General, has statutory discretion to either retain forfeited funds, or, alternatively, to direct that forfeited funds be used for victim restoration, as has been done here. See Torres, 703 F.3d at 204-05 ("although the government is not required to apply any payments that [defendant] makes toward the forfeiture award to reduce her restitution obligation (or vice versa) . . . the Attorney General may apply one payment as credit against the other obligation.") (emphasis in original); United States v. Pescatore, 637 F.3d 128, 138 (2d Cir. 2011) (noting that "discretion may be exercised to transfer forfeited assets to victims 'where . . . other property is not available to satisfy the order of restitution'" but concluding that the government properly elected not to count forfeited assets toward defendant's restitution obligations) (quoting United States Department of Justice, Asset Forfeiture Policy Manual 164 (2010)); United States v. Romeo, 136 F.4th 372, 381 (2d Cir. 2025) ("regarding the government's prioritization of forfeiture over restitution . . . it is within the discretion of the Attorney General to make such a decision.").[1]

---

[1] In Romeo, the defendant urged the Second Circuit to remand the case with instructions to the district court to order the government to prioritize the use of assets toward restitution and not forfeiture. 136 F.4th at 381-82. While declining to reach the issue, the panel noted that "sister circuits" have concluded that district courts do not the authority to order the government to apply forfeited assets toward restitution, let alone an obligation to instruct the government do so. Id. at 382.

The January 21, 2025 transfer of $2,170,196.34 to the Clerk of Court "to be applied to Restitution" was an act of governmental discretion regarding the use of its own property. Galanis's interest in the forfeited property ceased as a consequence of the Final Order of Forfeiture. The Attorney General thereafter had statutory discretion to determine whether the proceeds would be retained by the government or used for victim restoration. 18 U.S.C. § 981(e)(6). Under either course of action, the government exercised dominion over its own property.

Galanis urges that the Commutation Order requires that he be returned any funds that had not already been disbursed as restitution, because that Order commutes "further" restitution. He urges that the government's property interest in the proceeds "is nothing more than undelivered funds transferred between government accounts." (ECF 613 at 2.) Overlooking that the funds were forfeited pursuant to the Final Order of Forfeiture, he states that the "money was acquired from Mr. Galanis for the sole purpose of restitution." (Id. at 2-3.) Without supporting authority, he urges that the Commutation Order terminated MLARS's authority over the forfeited property and that MLARS's "legal foundation has collapsed." (Id. at 7-8.) He also asserts that the United States Attorney for this District has advanced a "dangerous premise" that it can "override" an act of presidential clemency. (Id.)

The fact remains that the Commutation Order is enforced according to its plain language, which, in this case, commuted the sentence of "further" fines or restitution. The government obtained ownership of $2,170,196.34 through a Final Order of Forfeiture that was effectuated well before the Commutation Order was executed. Exercising the discretion afforded by statute, the Attorney General, through MLARS, elected to use those forfeited proceeds for restoration or restitution rather than to retain it. The administration of any future restitution

A-104

payment based on funds acquired by the government years before the Commutation Order issued is unaffected by the plain language of that Order.

Accordingly, Galanis's argument that the Commutation Order requires the return of forfeited property is meritless.

CONCLUSION.

Jason Galanis's motion for an Order ceasing any and all restitution payments in this case and the return of funds held by the Clerk of Court is DENIED. The Clerk is directed to terminate the related letter motions. (ECF 605, 613.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
         June 11, 2025

A-105

**Criminal Notice of Appeal - Form A**



## NOTICE OF APPEAL

### United States District Court

Southern _____ District of New York _____

Caption:

USA _____ v

Jason Galanis _____

Docket No.: 15 CR 643 (PKC) _____

Hon. P/Kevin Castel _____

(District Court Judge)

Notice is hereby given that Jason Galanis _____ appeals to the United States Court of

Appeals for the Second Circuit from the judgment ____, other ! Post Sentence motion for return of funds _____

(specify)

entered in this action on June 11, 2025 _____.

(date)

This appeal concerns: Conviction only |___| Sentence only |___| Conviction & Sentence |___| Other | X

Defendant found guilty by plea | ✓ | trial | | N/A |    .

Offense occurred after November 1, 1987? Yes | X | No [    N/A [

Date of sentence: _____ September 24, 1990 N/A | |

Bail/Jail Disposition: Committed | X | Not committed |    | N/A |

Appellant is represented by counsel? Yes    | No |    | If yes, provide the following information:

| | |
|---|---|
| Defendant's Counsel: | David Touger |
| Counsel's Address: | 70 Lafayette Street |
| | New York, New York 10013 |
| Counsel's Phone: | 917-862-1614 |
| Assistant U.S. Attorney: | Dana R. McCann |
| AUSA's Address: | 26 Federal Plaza |
| | New York, NY 10278 |
| AUSA's Phone: | 212-637-2308 |

_____

Signature

A-106

Generated: Jun 13, 2025 2:00PM

Page 1/1

# U.S. District Court

## New York Southern - Manhattan

Receipt Date: Jun 13, 2025 2:00PM

JASON GALANIS

Rcpt. No: 40677          Trans. Date: Jun 13, 2025 2:00PM          Cashier ID: #SS (6367)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender | | Amt |
|----|--------|--|-----|
| CC | Credit Card | | $605.00 |

Total Due Prior to Payment: $605.00

Total Tendered: $605.00

Total Cash Received: $0.00

Cash Change Amount: $0.00

Comments: 15CR00643 PKC

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.